JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**B-01-128**

## I (a) PLAINTIFFS

*Jose Luis Echavarria*

United States District Court
Southern District of Texas
FILED

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

JUL 2 3 2001

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Michael N. Milby
Clerk of Court
Lisa Brodyaga, Attorney
REFUGIO DEL RIO GRANDE
17891 Landrum Park Road
San Benito, Texas 78586
956 - 421 - 3226

## DEFENDANTS

*E. M. Trominski, INS District Director* &
*John Ashcroft, US Atty Gen*

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

ATTORNEYS (IF KNOWN)  *Lisa Putnam, SAUSA*
*(956) 389 - 7051*
*PO Box 1711*
*Harlingen, Tx 78551*

## II. BASIS OF JURISDICTION (PLACE AN × IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☒ 2 U.S. Government Defendant

☐ 3 Federal Question
(U.S. Government Not a Party)

☐ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN × IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

*28 USC § 2241  Habeas to review final deportation order*

## V. NATURE OF SUIT (PLACE AN × IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☒ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | ☐ 791 Empl Ret Inc Security Act | ☐ 870 Taxes (U S Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | | | | |

## VI. ORIGIN (PLACE AN × IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND $**

Check YES only if demanded in complaint:
**JURY DEMAND:** ☐ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____  DOCKET NUMBER _____

DATE 7/23/01

SIGNATURE OF ATTORNEY OF RECORD  *Brodyaga*

UNITED STATES DISTRICT COURT

U.S. DISTRICT COURT
SOUTHERN DISTRICT TEXAS
FILED

01 JUL 23 PM 12: 55

MICHAEL N. MILBY, CLERK

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JORGE LUIS ECHAVARRIA-CHAPA          )
                                     )
v.                                   )        C.A. No.
                                     )
E.M. TROMINSKI, INS DISTRICT         )      B-01-128
     DIRECTOR, and                   )
     JOHN ASHCROFT, UNITED STATES    )
     ATTORNEY GENERAL.               )
_____)


PETITION FOR WRIT OF HABEAS CORPUS,

Jorge Luis Echavarria, by and through the undersigned, files the
instant Petition for Writ of Habeas Corpus, seeking relief from the
Decision of the Board of Immigration Appeals, (the "BIA"), dated
February 27, 2001, denying his motions to reconsider, and to reopen
proceedings for the purpose of conducting further proceedings on
his application for relief under former §212(c) of the Act [8
U.S.C. §1182(c)], and  ordering that he be deported to Mexico.
(Petitioner's Exhibit A, herein incorporated by reference).


          I.  THE FACTS AND PROCEDURAL HISTORY

1. Jorge Luis Echavarria-Chapa, is a forty-three year-old, married,
native and citizen of Mexico, who has resided continuously in this
country since his admission as a lawful permanent resident on or
about June 29, 1983.  His wife is a lawful permanent resident, and
their three minor children are all U.S. citizens.  They all depend
upon him for support.  Indeed, all of his immediate family members
reside lawfully in this country.


2.  In May of 1993, Mr. Echavarria was convicted in the Federal
District Court for the Southern District of Ohio, of the offense of

Interstate Travel with Intent to Promote a Drug Conspiracy.  Given his minor role in the offense, he was sentenced to serve only ten months in jail, with a two year term of special probation.  Said term was successfully completed on October 25, 1995, and the following day, he was discharged by a probation officer in the Southern District of Texas, the district of his supervision.  It was his first, and only, such offense during the nearly twenty years he has resided lawfully in this country.

3.  On or about June 14, 1993, an Order to Show Cause was issued.  Mr. Echavarria conceded deportability, and applied for relief under §212(c) of the Act.  In a decision dated August 12, 1994, an Immigration Judge in Harlingen, Texas, found him to be statutorily eligible, but denied relief in the exercise of discretion, based largely on an adverse credibility determination.  This finding was not based on demeanor evidence, or internal inconsistencies in his testimony, but derived almost exclusively from the Immigration Judge's opinion that Mr. Echavarria's explanation of the circumstances surrounding the conviction was "incredible."

4.  A timely appeal was taken to the Board of Immigration Appeals, which appeal was dismissed on May 4, 1995.  This denial was sustained on direct appeal by the Fifth Circuit.  On or about June 20, 1995, Mr. Echavarria filed a motion to reconsider, and upon reconsideration of the Board's decision, to reopen deportation proceedings.  Points and Authorities in support thereof were filed on July 18, 1995, and thereafter, supplemental Points and Authorities, and exhibits, were filed as they became available.

5.  Most importantly, in July of 1996, based on a new regulation permitting reopening of applications for §212(c) relief for the presentation of additional evidence in support of the application,

2

8 C.F.R. §3.2(c)(1), published June 26, 1996, 61 FR 32924, Mr. Echavarria filed a document entitled "Supplemental Points and Authorities In Support Of Respondent's Motion to Reconsider And Reopen, In Light Of 8 C.F.R. §3.2(c)(1). Said pleading addressed the changed circumstances since his initial hearing, and tendered further evidence thereof. (Petitioner's Exhibit B, herein incorporated by reference).

6.   Further Points and Authorities, addressing the impact of §440(d) of the Antiterrorism and Effective Death Penalty Act (AEDPA), were filed in 1997.   Thereafter the matter rested, until February 27, 2001, when the Board denied both Mr. Echavarria's motion to reconsider, and his motion to reopen.   The latter was denied, however, on the basis of an erroneous interpretation of the law, to wit, that Mr. Echavarria was no longer eligible for reopening, because he no longer maintained his status as a lawful permanent resident. *See,* Exhibit A.

## II.   THE CAUSE OF ACTION
### A.   JURISDICTION

This Honorable Court has jurisdiction in habeas corpus, pursuant to 28 U.S.C. §2241.   This jurisdiction encompasses errors of law, as well as constitutional violations. *See, INS v. St. Cyr,* __ U.S. __, 2001 WL 703922 (June 25, 2001).   It therefore encompasses Mr. Echavarria's claim that the Board erred in concluding that he was statutorily ineligible for the relief sought, and that therefore his "motion to reopen will necessarily fail for failure to meet the most basic requirements") (Exhibit A, at page 2).   Petitioner is in custody within the meaning of §2241, in that he is under a final order of deportation, and is scheduled to be deported on August 3, 2001.   (Petitioner's Exhibit C, herein incorporated by reference).

3

B.  THE BOARD'S DECISION WAS INCORRECT AS A MATTER OF LAW
1.  UNDER *ST. CYR*, WHERE THE BIA INCORRECTLY CONCLUDES THAT
AN INDIVIDUAL IS STATUTORILY INELIGIBLE FOR THE FORM OF
DISCRETIONARY RELIEF SOUGHT, THAT DECISION MUST BE VACATED,
AND THE CASE REMANDED.

In *INS v. St. Cyr, supra,* the Supreme Court made two rulings which
are directly applicable herein.  First, the Court held that the
provisions of the Illegal Immigration Reform and Immigrant
Responsibility Act (IIRIRA) limiting judicial review of a final
order of removal did not deprive the federal district court of
habeas corpus jurisdiction under 28 U.S.C. §2241 over a challenge
to a decision of the BIA concluding that the petitioner was
ineligible for discretionary relief from deportation.  *Id*. at *10.

The Court also held that the provisions of AEDPA and IIRIRA which
preclude aliens who are removable because of a conviction for an
aggravated felony from applying for discretionary relief did not
apply retroactively to those who pled guilty to the underlying
offenses prior to statutes' enactment.  *Id*. at *12.

In the case at bar, the Board also committed an error of law.  8
C.F.R. §3.2(c)(1) provides in relevant part as follows:

> Subject to the other requirements and restrictions of
> this section, and notwithstanding the provisions in
> §1.1(p) of this chapter, [1]  a motion to reopen
> proceedings for consideration or further consideration of
> an application for relief under section 212(c) of the Act
> (8 U.S.C. 1182(c)) may be granted if the alien
> demonstrates that he or she was statutorily eligible for
> such relief prior to the entry of the administratively

---

[1]  Said provisions defines the term lawfully admitted for
permanent resident, and specifies that such status "terminates upon
entry of a final administrative order of exclusion or deportation."

4

final order of deportation.

There is no question but that Mr. Echavarria was statutorily eligible for §212(c) relief at the time of the administratively final order of deportation. The Immigration Judge so held, and the BIA sustained this finding. *See,* Exhibit A.

Since this was the sole basis upon which the Board denied Petitioner's motion to reopen, the order of deportation based thereon must be vacated, and the case remanded to the BIA.

2. IN THE ALTERNATIVE, THE BOARD'S FAILURE TO FOLLOW ITS OWN REGULATIONS IS A DUE PROCESS VIOLATION FROM WHICH MR. EHCAVARRIA SUFFERED SUBSTANTIAL PREJUDICE

In the alternative, it has long been held that INS' failure to follow its own regulations, even those which are not required by statute or the Constitution, is a Due Process violation, and, when coupled with substantial prejudice, constitutes grounds for reversal. *See, Aranzipour v. INS,* 866 F.2d 743,746 (5th Cir. 1989).

*See also, Lerma de Garcia,* 141 F.3d 215, *reh'g. denied,* 159 F.3d 1358 (5th Cir. 1998) (*inter alia,* issuance of deportation order by single Board member); *Okoro v. INS, supra* at 923 (5th Cir. 1997) (AEDPA §440(a) deprived Court of Appeals of jurisdiction over petitioner's claim "that the second OSC was actually a motion to reopen that did not meet the requirements of 8 C.F.R. § 242.22 and thus deprived [him] of his right to procedural due process"); *Chike v. INS,* 948 F.2d 961 (5th Cir.1991) (alien was deprived of significant liberty interest without due process when he was not given notice of briefing schedule before the BIA to enable him to present brief to that forum, and denial of opportunity to be heard

5

CitiPDF - www.fesite.com

was, in and of itself, substantial prejudice).

The erroneous denial of Mr. Echavarria's motion to reopen caused him substantial prejudice.  The only difference between his case, and those of immigrants such as Jorge Elizondo-Garza, CA B-97-151, and a number of others in the *Cantu-Salinas* series, is that the BIA denied Mr. Elizondo's motion to reopen on the erroneous basis that he was no longer eligible for §212(c) relief because of AEDPA §440(d), whereas in the case at bar, it was denied on the erroneous basis that he was no longer eligible for §212(c) relief because he had lost his status as an LPR. [2]  Mr. Elizondo, and the others in his situation, have been granted new hearings on their §212(c) applications. (Petitioner's Exhibit D, incorporated by reference). Mr. Echavarria should be afforded the same treatment.

Ironically, his equities, and the negative factors in his case, are almost identical to those of Mr. Elizondo.  Both became LPRs in the early 1980s.  Both are married to permanent residents, and have three U.S. citizen children.  Both were convicted of relatively minor drug offenses a number of years ago, and were initially denied §212(c) relief in the exercise of discretion, largely due to adverse credibility determinations by the Immigration Judge.  The appeals of both men were dismissed by the BIA, and their petitions for review of these orders were denied by the Fifth Circuit.

---

[2] If the Board's reasoning herein were correct, it would apply equally to all the Petitioners in the *Cantu-Salinas* series who complained that the BIA's denial of their motions to reopen under AEDPA §440(d) was incorrect as a matter of law, and none of these cases could have been reopened for further proceedings on the §212(c) applications. *See also, Lerma de Garcia v. Trominski*, No. B-97-150, remanded by the Fifth Circuit for a determination of whether her counsel was ineffective because she gave Ms. Lerma de Garcia erroneous advise regarding the date of her hearing.  A hearing has been scheduled on that issue for August 23, 2001.

CUtilPDF - www.tevns.com

Thereafter, both men sought reopening from the BIA, pursuant to 8 C.F.R. §3.2(c)(1), to seek further consideration of their §212(c) applications. Mr. Elizondo's motion was denied in 1997, on the basis of AEDPA §440(d). He was granted relief in habeas corpus by this Court, and ultimately, the Board reopened his case, to give him a new hearing. Exhibit D. Mr. Echavarria now stands before the Court, seeking the same opportunity. Under *Matter of Arreguin,* 21 I&N Dec. 38 (BIA 1995), he would in all likelihood be granted such relief if he were afforded a new hearing. His equities, particularly his ability to show rehabilitation, are far greater than the applicant in that case, and the negative factors no more severe. Ms. Arreguin was granted relief, even though she was still incarcerated for her offense. Mr. Echavarria can demonstrate over eight years of perfectly law-abiding conduct.

### III.   CONCLUSION

It is therefore respectfully urged that the BIA's Order of February 27, 2001, be vacated, and the case remanded with instructions to grant Petitioner's motion to reopen, and remand the case to the Immigration Judge for further proceedings on his application for relief under §212(c) of the Act, pursuant to 8 C.F.R. §3.2(c)(1).

Respectfully Submitted,

Lisa S. Brodyaga, Attorney at Law
17891 Landrum Park Road
San Benito, TX 78586
(956) 421-3226
Federal I.D. No. 1178
Texas Bar No. 03052800

7

## VERIFICATION

I certify that I am familiar with the facts stated above, and that they are true and correct to the best of my knowledge and belief.



## CERTIFICATE OF SERVICE

I certify that a courtesy copy of the foregoing, with Exhibits A, B, C, and D was personally delivered to the office of Lisa Putnam, SAUSA, 1701 Zoy, Harlingen, Texas, on this 23rd day of July, 2001.

8

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION


JORGE LUIS ECHAVARRIA-CHAPA,            )
                                        )
v.                                      )    C.A. No. B-01-128
                                        )
E.M. TROMINSKI, INS DISTRICT            )
    DIRECTOR, ET AL.                    )
_____)


EXHIBIT "A" IN SUPPORT OF PETITION
FOR WRIT OF HABEAS CORPUS



# U.S. Department of Justice

Executive Office for Immigration Review
*Board of Immigration Appeals*
*Office of the Clerk*

---

*P.O. Box 8530*
*5201 Leesburg Pike, Suite 1300*
*Falls Church, Virginia 22041*


Brodyaga, Lisa S.                          Office of the District Counsel/HL
17891 LANDRUM PARK RD.,                     P.O. Box 1711
SAN BENITO, TX 78586-0000                   Harlingen, TX 78551


February 27, 2001


ECHAVARRIA-CHAPA, JORGE LUIS *
A#: 38-103-392


Enclosed is a copy of the Board's decision and order in the above-referenced case.

Very Truly Yours,

Paul W. Schmidt
Chairman

Enclosure


Panel Members:

**BARTON, ROBERT L.**
**COLE, PATRICIA A.**
**GRANT, EDWARD R.**

Case 1:01-cv-00128   Document 1   Filed in TXSD on 07/23/2001   Page 12 of 26

**U.S. Department of Justice**
Executive Office for Immigration Review

Decision of Board of Immigration Appeals

Falls Church, Virginia 22041

File:   A38 103 392 - Harlingen                Date:

In re:   JORGE LUIS ECHAVARRIA-CHAPA          FEB 27 2001

IN DEPORTATION PROCEEDINGS

MOTION

ON BEHALF OF RESPONDENT:   Lisa S. Brodyaga, Esquire

ON BEHALF OF SERVICE:      Tammy L. Fitting
                           Assistant District Counsel

CHARGE:

   Order:   Sec.   241(a)(2)(B)(i), I&N Act [8 U.S.C. § 1251(a)(2)(B)(i)] -
            Convicted of controlled substance violation

APPLICATION:   Reopening; reconsideration; waiver of inadmissibility pursuant to section 212(c)


        This case was last before us on May 4, 1995, when we dismissed an appeal taken by the
respondent from an Immigration Judge's August 12, 1994, decision finding the respondent
deportable as charged and denying his application for a waiver of inadmissibility pursuant to section
212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c). The respondent has now filed
a motion to reopen and to reconsider this Board's decision. The motion will be denied.

        The respondent has filed what is styled as a motion to reopen and reconsider. First, the motion
is more appropriately characterized as a motion to reconsider, rather than a motion to reopen. A
motion to reopen seeks to reopen proceedings so that new evidence can be presented and a new
decision entered on a different factual record, normally after a further evidentiary hearing. *Matter
of Cerna*, 20 I&N Dec. 399 (BIA 1991), *aff'd*, 979 F.2d 212 (11th Cir. 1992). Motions to reopen
shall not be granted unless it appears to the Board that evidence sought to be offered is material and
was not available and could not have been discovered or presented at the former hearing. 8 C.F.R.
§ 3.2(c)(1) (2000). The regulations further provide that a motion to reopen shall state new facts to
be proved at the reopened hearing and shall be supported by affidavits or other evidentiary material.
8 C.F.R. § 3.2; *INS v. Wang*, 450 U.S. 139 (1981); *Matter of Reyes*, 18 I&N Dec. 249 (BIA 1982).
In order to prevail on such motion, the respondent must make a *prima facie* showing, through the
submission of an application for relief from deportation supported by affidavits and other evidentiary
matters, that he qualifies for the relief sought upon reopening. *INS v. Abudu*, 485 U.S. 94 (1988).

·∙`A38 103 392`

In the matter before us, the Board's dismissal of the respondent's appeal rendered it administratively final, and as the respondent is no longer a lawful permanent resident of the United States, he cannot establish *prima facie* eligibility for a waiver of inadmissibility under section 212(c) of the Act. *See Garcia-Hernandez v. INS*, 821 F.2d 222, 224 (5th Cir. 1987) (alien no longer statutorily eligible for section 212(c) relief because with the order of deportability, upheld on appeal, his lawful permanent domicile was relinquished when his resident status was terminated). As such, the respondent's motion to reopen will necessarily fail for failure to meet the most basic of requirements.[1] *INS v. Abudu, supra.*

A motion to reconsider must state the reasons upon which the motion is based and be supported by such precedent decisions as are pertinent. *Osuchukwu v. INS*, 744 F.2d 1136, 1141 (5th Cir. 1984). There is no requirement for allegations of new facts or even new precedent. 8 C.F.R. § 103.5 (1995); *Sanchez v. INS*, 707 F.2d 1523, 1529 (D.C. Cir. 1983); *Chudshevid v. INS*, 641 F.2d 780, 784 (9th Cir. 1981). The motion to reconsider is generally used to question a decision for alleged errors of fact or law. *Sanchez v. INS, supra.* It is a request that the decision be reexamined in light of additional legal arguments, a change of law, or an argument or aspect of the case which was overlooked. *Matter of Cerna, supra* n.2 . However, the motion may not be granted for the sole purpose of permitting a belated appeal to be taken. *See Matter of D-*, 5 I&N Dec. 520 (BIA 1953).

In the matter before us, the respondent has alleged the Board, in arriving at its decision, placed too much emphasis on the issue of the respondent's credibility and not fully considered his equities. in contravention of the holding by the United States Circuit Court of Appeals for the Fifth Circuit, the jurisdiction wherein this case arises, in *Diaz-Resendez v. INS*, 960 F.2d 493 (5th Cir. 1992) (the Board abused its discretion by failing to actually consider and meaningfully address the positive equities and favorable evidence when reaching its decision.). *See* Brief in Support of Respondent's Motion at 3. However, as also urged by the Fifth Circuit in *Ghassan v. INS*, 972 F.2d 631, 634 (5th Cir. 1992), the Board need not "write an exegesis on every contention [raised by the respondent]," but rather, its opinion must reflect that "it has heard and thought and not merely reacted." *Luciano-Vincente v. INS*, 786 F.2d 706, 708-09 (5th Cir. 1986) (*quoting Osuchukwu v. INS, supra*, at 1142-43). Contrary to the allegations raised by the respondent in his motion, when the Board reviews a discretionary determination of an Immigration Judge, we rely on our own independent judgement in deciding the ultimate disposition of the case. *See Matter of Burbano*, 20 I&N Dec. 872, 873 (BIA 1994).

---

[1] As the respondent cannot meet the threshold requirements for eligibility, we need not reach the question as to whether his controlled substance conviction renders him statutorily ineligible to establish eligibility for section 212(c) relief due to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No 104-32, 110 Stat. 1214 ("AEDPA") § 440(d). Notwithstanding, even if we had examined the applicability of the AEDPA amendments to the matter before us, to the extent the respondent argues that application of the provisions of AEDPA is unconstitutional, he is in the wrong forum to so. We cannot rule on the constitutionality of laws enacted by Congress. *See, e.g., Matter of Fuentes-Campos*, 21 I&N Dec. 905, 912 (BIA 1997); *Matter of C-*, 20 I&N Dec. 529 (BIA 1992).

· A38 103 392

Applying the principles set out in *Burbano* to the matter before us, we conclude the Board gave due consideration to the totality of the circumstances present in this case in making a determination as to whether the respondent warranted a favorable exercise of discretion and a grant of relief under section 212(c) of the Act. *See* Board decision at 3-4. While the Immigration Judge and this Board may not go beyond the record of conviction to determine the guilt or innocence of the alien, it is proper to look to probative evidence outside the record of conviction in inquiring as to the circumstances surrounding the commission of the crime in order to determine whether a favorable exercise of discretion is warranted (*i.e.*, when the respondent in this case became aware the three boxes he intended to move contained marijuana). *Matter of Mendez-Moralez*, 21 I&N Dec. 296, 304 (BIA 1996). After an independent review of the record, we agreed with the Immigration Judge that despite the presence of outstanding equities for the respondent, they did not outweigh the seriousness of his controlled substance conviction and his lack of candor at the hearing (Board decision at 3-4). *See, e.g., Villareal-San Miguel v. INS*, 975 F.2d 248 (5th Cir. 1992) (seriousness of the crime and questionable rehabilitation were not equaled or outweighed by the positive equities); *Ghassan v. INS, supra* (participation in a well organized, international scheme to smuggle heroin into the United States and distribute it, was extremely serious, and when balanced against the equities in his favor, which were diminished because his wife married him knowing that he might be deported, the conviction tipped the scales, especially as his wife's son was not his by blood or adoption and the alien was not a child when he came to this country); *Matter of Burbano, supra*; *Matter of Roberts*, 20 I&N Dec. 294 (BIA 1991).

Moreover, contrary to the contentions raised in the respondent's motion, we properly addressed the challenges to the Immigration Judge's credibility findings in our earlier decision, and find the respondent's arguments, again renewed in his motion, to be unpersuasive. We note we had found the Immigration Judge's credibility findings supported by the record. *See* Board decision at 4. Nothing raised in the respondent's motion would cause us to disturb that finding. *Matter of A-S-*, 21 I&N Dec. 1106 (BIA 1998) (an Immigration Judge's adverse credibility finding which is supported by an adverse inference drawn from an alien's demeanor, should be accorded great deference, specially when such inference is supported by specific and cogent reasons for doubting the veracity of the substance of the alien's testimony, as the Immigration Judge is in a unique position to observe the testimony of an alien).

Just as this Board will not entertain a motion for reconsideration for the sole purpose of entertaining a late appeal, we will not grant a motion for reconsideration for the sole purpose of permitting a belated discussion that should have been made at the time of the original appeal to the Board. *See Matter of D-, supra*. Accordingly, as the respondent has not made the requisite showings, the motion to reconsider will be denied.

ORDER:   The respondent's motions to reopen and to reconsider are denied.

FOR THE BOARD

3

ChilPDF - www.fastio.com

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JORGE LUIS ECHAVARRIA-CHAPA,      )
                                  )
v.                                )      C.A. No.   **B-01-128**
                                  )
E.M. TROMINSKI, INS DISTRICT      )
     DIRECTOR, ET AL.             )
_____  )

EXHIBIT "B" IN SUPPORT OF PETITION
FOR WRIT OF HABEAS CORPUS

EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
BEFORE THE BOARD OF IMMIGRATION APPEALS


In re

JORGE LUIS ECHAVARRIA
A38 103 392

SUPPLEMENTAL POINTS AND AUTHORITIES IN SUPPORT OF
RESPONDENT'S MOTION TO RECONSIDER AND REOPEN,
IN LIGHT OF 8 CFR SECTION 3.2(c)(1)

Comes Jorge Luis Echavarria, (hereinafter, "Mr. Echavarria"), by
and through the undersigned, and respectfully files Exhibit E and
F in support of his pending motion to Reconsider and Reopen, in
light of 8 CFR Section 3.2(c)(1), permitting persons who were
previously statutorily eligible for Section 212(c) relief to seek
reopening of such proceedings, for the purpose of showing changed
circumstances which impact on the merits of their cases.

By Exhibit E, Mr. Echavarria, who was born in February, 1958, would
further support his claim that he would have great difficulty
obtaining employment in Mexico.  Not only does the economy continue
to suffer, following the devaluation of the Mexican Peso, but age
discrimination is rampant (and legal) in Mexico, and he is past the
point where he would be considered for an entry level position in
most businesses.

By Exhibit F, (supplementing Exhibits A through D), and as now
permitted by 8 CFR Section 3.2(c)(1), independently of whether the
Board reconsiders its prior decision, Mr. Echavarria would also
show that he is fully rehabilitated, and that his equities in this
country, previously recognized as "outstanding or unusual,"
continue to grow.

It has been four years since he committed the underlying offense,
and he has been discharged from probation.  He and his wife have a
new daughter, Samantha, born December 4, 1995.  He continues to be

gainfully employed, and to report and pay his income taxes as required. He also continues to enjoy a good reputation in the community as a hard worker, who has stayed out of trouble since the events in question, and who has dedicated himself to his family.

His deportation would cause the disintegration of the family unit, and tremendous suffering for his wife and three U.S. citizen daughters. His wife, a lawful permanent resident, would not be able to join him in Mexico, for fear of losing her status as a lawful permanent resident. The two older girls, ages eight and eleven, are in school, are doing well in their studies, and need their father, for both moral and economic support.

Under all of the circumstances, including those previously set forth in Mr. Echavarria's pending motion, it is urged that the denial of Section 212(c) relief be reconsidered, and that the requested waiver be granted. In the alternative, it is urged that, pursuant to 8 CFR Sec. 3.2(c)(1), proceedings be reopened, and the case remanded, so that Mr. Echavarria may present additional evidence, (1) rebutting the apparent use of administrative notice finding that, in the real world, drug transactions do not occur as he testified, [1] (2) demonstrating that he is fully rehabilitated, and (3) showing that his equities far outweigh the negative factors presented herein, and that he merits Section 212(c) relief in the exercise of discretion.

Respectfully Submitted,

Lisa S. Brodyaga
Attorney at Law

---

[1] I.e., that he had told an "incredible story," (IJ:11), and that his "version of events" was "incredible," (IJ:12).

2

402 E. Harrison, 2nd Floor
Harlingen, Texas 78550
(210) 421-3226

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed to INS
General Counsel, Box 1711, Harlingen, TX 78551, on July 22, 1996.



3

CVisPDF - www.fasisc.com

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION


JORGE LUIS ECHAVARRIA-CHAPA,          )
                                      )
v.                                    )          C.A. No. **B-01-128**
                                      )
E.M. TROMINSKI, INS DISTRICT          )
     DIRECTOR, ET AL.                 )
_____)


EXHIBIT "C" IN SUPPORT OF PETITION
FOR WRIT OF HABEAS CORPUS

Case 1:01-cv-00128　Document 1　Filed in TXSD on 07/23/2001　Page 20 of 26

## UNITED STATES DEPARTMENT OF JUSTICE
### Immigration and Naturalization Service
#### 2102 Teege Avenue
#### Harlingen, Texas 78550

File No.: A38 103 392
Date: JULY 06, 2001

**Jorge Luis ECHAVARRIA-Chapa**
**RR 7 BOX 552**
**MISSION, TX 78572**

As you know, following a hearing in your case you were found deportable and the hearing officer has entered an order of deportation. A review of your file indicates there is no administrative relief which may be extended to you, and it is now incumbent upon this Service to enforce your departure from the United States.

Arrangements have been made for your departure to ___Mexico_____

on ___August 03, 2001_____ from ___Brownsville, , TX_____ on the

_____Surface Transportation_____.

You should report to a United States Immigration Officer at Room _(Deportation)_

_2102 TEEGE AVENUE, HARLINGEN., TEXAS 78550._

at ___10:00 A.M. August 03, 2001___ completely ready for deportation. At

the time of your departure from _Los Fresnos, TX_ you will be limited to

_40_ Lbs of baggage. Should you have personal effects in excess of

this amount you must immediately contact _____Mr. Refugio Huerta_____

at _____(956) 427-8692___ or come in person at the address noted above,

and an appropriate disposition of your excess baggage will be discussed with you.

Very truly yours,

**CERTIFIED MAIL #**
**7106 4575 1294 1480 3676**
FORM I-166
(REV. 04/01/69)

_E. M. Trominski_
District Director

CMzPDF - www.fenho.com

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION


JORGE LUIS ECHAVARRIA-CHAPA,          )
                                       )
v.                                     )      C.A. No.  **B-01-128**
                                       )
E.M. TROMINSKI, INS DISTRICT           )
     DIRECTOR, ET AL.                  )
_____)


EXHIBIT "D" IN SUPPORT OF PETITION
FOR WRIT OF HABEAS CORPUS

Case 1:01-cv-00128   Document 1   Filed in TXSD on 07/23/2001   Page 22 of 26

**U.S. Department of Justice**                    Decision of the Board of Immigration Appeals

Executive Office for Immigration Review

Falls Church, Virginia 22041

---

File:   A36 596 086 - Harlingen                    Date:

In re:   JORGE GUADALUPE ELIZONDO-GARZA                    MAY - 7 2001

IN DEPORTATION PROCEEDINGS

MOTION

ON BEHALF OF RESPONDENT:     Lisa Brodyaga, Esquire

CHARGE:

    Order:   Sec.  241(a)(11), I&N Act [8 U.S.C. § 1251(a)(11)] -
             Convicted of controlled substance violation

APPLICATION: Section 212(c) waiver

ORDER:

    PER CURIAM.  This case was previously before us on several occasions. On August 24, 1994, we dismissed the respondent's appeal from an Immigration Judge's decision denying his application for a waiver of deportation under former section 212(c) of the Immigration and Nationality Act, 8 U.S.C. §1182(c), in the exercise of discretion. On July 20, 1995, we denied the respondent's motion to reopen. Most recently, on April 11, 1997, we again denied a motion to reopen. Our ruling on this motion was based on the Attorney General's decision in *Matter of Soriano*, 21 I&N Dec. 516 (BIA 1996; A.G. 1997). Under that decision, the respondent was statutorily ineligible for a section 212(c) waiver due to section 440(d) of the Antiterrorism and Effective Penalty Act of 1996, Pub. L.No. 104-132, 110 Stat. 1214, 1277 ("AEDPA").

    On August 26, 1998, the United States District Court for the Southern District of Texas vacated our decisions in this matter and remanded the case to us, to afford the respondent an opportunity to pursue an application for section 212(c) relief. On March 27, 2001, the United States Court of Appeals for the Fifth Circuit granted the government's unopposed motion to withdraw and dismiss the appeal it had taken from the district court's decision. Further, the Attorney General has now established by regulation, codified at 8 C.F.R. § 212.3(g), that section 440(d) of AEDPA shall not apply to any applicant for section 212(c) relief whose deportation proceedings were commenced before the Immigration Court prior to April 24, 1996. The proceedings in this case were commenced before that date.

CMJPDF - www.fesda.com

A36 596 086

As indicated above, the Immigration Judge did hold a hearing on the merits of the respondent's application for section 212(c) relief, and he denied relief in the exercise of discretion. The Immigration Judge noted the respondent's equities, but found that any favorable factors were outweighed by the adverse factors of record. It has now been nearly 11 years since the last hearing in this case, and over 12 years since the convictions which formed the basis for the respondent's deportability. In light of the passage of time, and the importance of rehabilitation in this case, a remand to update the record regarding the respondent's more recent activities is appropriate. Accordingly, the record is remanded to the Immigration Judge for a further hearing on the respondent's application for a section 212(c) waiver.

_____
FOR THE BOARD

2

AO 440 (Rev 1/90) Summons in a Civil Action

# United States District Court

SOUTHERN _____ DISTRICT OF _____ TEXAS _____

*Jorge Luis Echavarria*

### SUMMONS IN A CIVIL ACTION

v.

CASE NUMBER: **B-01-128**

E.M. Trominski, INS District Director

*John Ashcroft, US Attorney General*

**TO:** (Name and Address of Defendant)

E.M. Trominski
2102 Teege
Harlingen, Texas 78550

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

Lisa S. Brodyaga, Attorney

Refugio Del Rio Grande
17891 Landrum Park Road
San Benito, TX 78586

an answer to the complaint which is herewith served upon you, within _____ 60 _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Michael N Milby, Clerk

7-23-01

CLERK

DATE

BY DEPUTY CLERK

AO 440 (Rev 1/90) Summons in a Civil Action

# United States District Court

Southern _____ **DISTRICT OF** _____ Texas _____

Jorge Luis Echavarria

v.

E.M. Trominski, INS District Director, and
John Ashcroft, U.S. Attorney General

**SUMMONS IN A CIVIL ACTION**

**CASE NUMBER:** B-01-128

**TO:** (Name and Address of Defendant)

John Ashcroft
950 Pennsylvania Ave NW #5111
Washington, DC  20530-0001

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

Lisa Brodyage, Attorney
REFUGIO DEL RIO GRANDE
17891 Landrum Park Road
San Benito, Texas 78586

an answer to the complaint which is herewith served upon you, within ____60____ days after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken
against you for the relief demanded in the complaint.

**Michael N Milby, Clerk**

**CLERK**

7-23-01

**DATE**

BY DEPUTY CLERK

AO 440 (Rev 1/90) Summons in a Civil Action

# United States District Court

__Southern__ DISTRICT OF __Texas__

Jorge Luis Echavarria

v.

E.M. Trominski
INS District Director +
John Ashcroft
          US Attorney General

SUMMONS IN A CIVIL ACTION

CASE NUMBER: **B-01-128**

TO: (Name and Address of Defendant)

US Attorney
PO Box   61129
Houston TX   77208

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

Lisa Brodyaga, Attorney
REFUGIO DEL RIO GRANDE
17891 Landrum Park Road
San Benito, Texas 78586

an answer to the complaint which is herewith served upon you, within _____60_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**Michael N. Milby, Clerk**

DATE   7-23-01

CLERK

BY DEPUTY CLERK