2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 27 2001

Michael N. Milby
Clerk of Court

JORGE LUIS ECHAVARRIA-CHAPA    )
                                )
        Petitioner,             )
                                )
v.                              )        CIVIL ACTION NO.
                                )        B-01-128
E.M. TROMINSKI, DISTRICT        )
DIRECTOR, IMMIGRATION &         )
NATURALIZATION SERVICE, and     )
JOHN ASHCROFT, ATTORNEY         )
GENERAL, UNITED STATES,         )
                                )
        Respondents             )
_____ )

RESPONDENTS' RETURN
AND MOTION TO DISMISS THE
TO PETITION FOR WRIT OF HABEAS CORPUS

        COME NOW, the Respondents, by and through Gregory A. Serres,

United States Attorney for the Southern District of Texas, and file

this Return and Motion to Dismiss the Petition for Writ of Habeas

Corpus in this case for lack of subject matter jurisdiction

pursuant to Federal Rule of Civil Procedure 12(b)(1).

CM/PDF - www.fastio.com

## STATEMENT OF THE ISSUE

WHETHER THE PETITION FOR HABEAS CORPUS SHOULD
BE DISMISSED FOR LACK OF JURISDICTION PURSUANT
TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1)?

## STATEMENT OF THE CASE

Petitioner is a citizen and national of Mexico who has a final order of deportation pending against him. Petitioner entered the United States on June 29, 1983, as an immigrant. On May 28, 1993, Petitioner was convicted in the United States District Court for the Southern District of Ohio, Western Division, of Interstate Travel with Intent to Promote a Drug Conspiracy and was sentenced to ten months incarceration followed by two years of supervised release. Government Exh. A.

Deportation proceedings were initiated against Petitioner with the issuance of an Order to Show Cause and Notice of Hearing dated July 20, 1993. The Order to Show Cause charged Petitioner deportable pursuant to 8 U.S.C. §1251(a)(2)(B)(i), §241(a)(2)(B)(i) of the Immigration and Nationality Act ("Act") for having been convicted of a violation of any law relating to a controlled substance. Government Exh. B. Petitioner applied for relief pursuant to 8 U.S.C. §1182(c), §212(c) of the Act.

2

Petitioner was afforded a hearing on the merits of his application for relief from deportation. On August 12, 1994, the immigration judge denied Petitioner's application for relief pursuant to 8 U.S.C. §1182(c), §212(c) of the Act, and ordered his deportation to Mexico. Government Exh. C. Petitioner reserved his right to appeal and filed an appeal with the Board of Immigration Appeals ("Board"). In a decision dated May 4, 1995, the Board affirmed the decision of the immigration judge and dismissed Petitioner's appeal. Government Exh. D.

Petitioner appealed that decision to the Fifth Circuit Court of Appeals ("Fifth Circuit"). In a decision dated February 6, 1996, the Fifth Circuit affirmed the Board's decision finding no reversible error. Government Exh. E.

Petitioner also filed a Motion to Reconsider and Reopen his deportation proceedings with the Board on or about July 18, 1995. In a decision dated February 27, 2001, the Board denied the Petitioner's motion. First, the Board found that the motion was more appropriately considered a motion to reconsider instead of a motion to reopen. However, in addressing the motion to reopen, the Board found that the motion failed because it could not meet the basic requirement of establishing prima facie eligibility for relief since the Petitioner was no longer a lawful permanent resident, having lost that status when the Board dismissed his

CutePDF - www.fasiss.com

original appeal on May 4, 1995. Then, the Board found that it had given "due consideration to the totality of the circumstances" in its prior review of the immigration judge's decision and that the motion to reconsider should also be denied. Government Exh. F. A petition for review of the Board's denial of the Petitioner's motion to reconsider and reopen was not filed. Instead, the Petitioner then filed the instant Petition for Writ of Habeas Corpus seeking a remand to the Board to allow the Petitioner to submit further evidence of his eligibility for relief pursuant to 8 U.S.C. §1182(c), §212(c) of the Act.

ARGUMENT

I.  The Petition for Writ of Habeas Corpus<br>
Should be Dismissed Because the Petitioner<br>
Is No Longer a Lawful Permanent Resident Alien

A lawful permanent resident alien is defined as an alien who has been "lawfully accorded the privilege of residing permanently in the United States as an immigrant in accordance with the immigration laws ... ." 8 C.F.R. §1.1(p). "Such status terminates **upon entry of a final administrative order of** exclusion or **deportation**." Id. (emphasis added). In order to be eligible for relief pursuant to 8 U.S.C. §1182(c), §212(c) of the Act, an alien must, among other things, be a lawful permanent resident of the United States. The Petitioner cannot meet this requirement.

4

In a precedent decision, the Board ruled that an alien's lawful permanent resident status terminated when the Board affirmed on order of deportation on appeal. <u>Matter of Lok</u>, 18 I&N Dec. 101 (1981). The Fifth Circuit approved this position. <u>Rivera v. INS</u>, 810 F.2d 540 (5th Cir. 1987).

Upon the entry of the Board's May 4, 1995, order sustaining the immigration judge's denial of the Petitioner's application for relief pursuant to 8 U.S.C. §1182(c), §212(c) of the Act, the Petitioner's lawful permanent resident status was terminated. He is no longer eligible for the relief he seeks.

However, the Petitioner claims that the Board erred in denying his motion to reconsider and reopen on February 27, 2001. The Board, in reviewing this case upon his motion to reconsider and reopen, was not required to reopen his case. "The Board has the discretion to deny a motion to reopen even if the party moving has made out a *prima facie* case for relief." 8 C.F.R. §3.2(a). Even under the provision cited by the Petitioner, the Board is not obligated to reopen the Petitioner's case. "[A] motion to reopen proceedings for consideration or further consideration of an application for relief under section 212(c) of the Act (8 U.S.C. §1182(c)) **may** be granted ... ." 8 C.F.R. §3.2(c)(1) (emphasis added). Such a grant is not mandatory.

5

In evaluating the Petitioner's motion to reconsider, the Board reviewed the previous decision and the arguments made by the Petitioner and found that there was no error sufficient to warrant reopening the matter for reconsideration.  "The decision to grant or deny a motion to reopen or reconsider is within the discretion of the Board ... ."  8 C.F.R. §3.2(a).  The Board did not abuse its discretion in this case.

Since the Petitioner is no longer a lawful permanent resident of the United States, he is ineligible for the relief he now seeks, specifically a waiver of deportation pursuant to 8 U.S.C. §1182(c), §212(c) of the Act.  Therefore, the Petition for Writ of Habeas Corpus should be denied.

## II.   The Petition for Writ of Habeas Corpus Should be Dismissed Because the Validity of The Deportation Order Has Already Been Reviewed.

The doctrine of res judicata bars this Court from reviewing the validity of the Petitioner's deportation order.  "Few legal doctrines are more intrinsic or necessary in our system than res judicata.  That doctrine, which provides that a valid and final judgment precludes a second suit between the same parties on the same claim or any part thereof, ensures that litigation will come to an end."  Medina v. INS, 1 F.3d 312, 313-14 (5th Cir. 1993).  In his Petition for Writ of Habeas Corpus, the Petitioner is

6

CMdPDF - www.texisa.com

attempting to re-litigate the validity of his deportation order. The deportation order was already reviewed by the Fifth Circuit, which upheld the Board's finding that the immigration judge had not erred in denying the Petitioner's relief pursuant to 8 U.S.C. §1182(c), §212(c) of the Act.

Additionally, the Act requires that "[n]o petition ... for habeas corpus shall be entertained if the validity of the [deportation] order has been previously determined in any civil or criminal proceeding, unless the petition presents grounds which the court finds could not have been presented in such prior proceeding ... ." 8 U.S.C §1105a(c) of the Act. Petitioner, through this Petition for Writ of Habeas Corpus, asserts that the Board erred in denying his request to have his case reopened to allow him to present additional evidence in support of his prior application for a waiver pursuant to 8 U.S.C. §1182(c), §212(c) of the Act, or to reconsider its previous decision.

The Petitioner filed a petition for review of the Board's decision of May 4, 1995, with the Fifth Circuit. Petitioner's claim that the Board erred in sustaining the immigration judge's findings that the Petitioner was incredible, that he failed to demonstrate that his outstanding equities outweighed his serious criminal offense, and that he failed to demonstrate rehabilitation were thoroughly reviewed by the Fifth Circuit. See Government Exh. E. The Fifth Circuit found that no reversible error had been made

7

by the Board in its review of the immigration judge's decision in this case, thus validating the final order of deportation.

The Fifth Circuit confirmed the Board's finding that the Petitioner should be ordered deported to Mexico. Since the validity of the outstanding deportation order has been previously upheld in prior civil proceedings, the doctrine of res judicata dictates that the Petition for Writ of Habeas Corpus should be dismissed.

## CONCLUSION

For all the reasons stated above, this Court should dismiss this petition for writ of habeas corpus for lack of jurisdiction.

Respectfully submitted,

FRANK W. HUNGER
Assistant Attorney General
Civil Division

GREGORY A. SERRES
United States Attorney
Southern District of Texas

LISA M. PUTNAM
Special Assistant U.S. Attorney
P.O. Box 1711
Harlingen, Texas 78551
Tel:  (956) 389-7051
Georgia Bar No. 590315
Federal Bar No. 23937

September 27, 2001

8

# CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Respondents' Return and Motion to Dismiss Petition for Writ of Habeas Corpus was mailed via first class mail, postage prepaid to:

>   Lisa Brodyaga, Esquire
>   Refugio Del Rio Grande
>   17891 Landrum Park Rd.
>   San Benito, TX  78586

on this 27th day of September, 2001.

LISA M. PUTNAM
Special Assistant United States Attorney

9

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION


JORGE LUIS ECHAVARRIA-CHAPA    )
                               )
        Petitioner,            )
                               )
v.                             )        CIVIL ACTION NO.
                               )          B-01-128
E.M. TROMINSKI, DISTRICT       )
DIRECTOR, IMMIGRATION &        )
NATURALIZATION SERVICE, and    )
JOHN ASHCROFT, ATTORNEY        )
GENERAL, UNITED STATES,        )
                               )
        Respondents            )
_____)


RESPONDENTS' RETURN
AND MOTION TO DISMISS THE
TO PETITION FOR WRIT OF HABEAS CORPUS



GOVERNMENT
EXHIBIT
A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

FILED

MAY 2 8 1993
*10:45 A.M.*
KENNETH J. MURPHY, Clerk
CINCINNATI, OHIO

UNITED STATES OF AMERICA,

Plaintiff

v.

CR-1-93-004-005

JORGE LUIS ECHAVARRIA-CHAPA,

Defendant

JUDGMENT INCLUDING SENTENCE
UNDER THE SENTENCING REFORM ACT

The defendant appeared with counsel, Robert A. Perez, Esq.,
before this Court for sentencing on May 28, 1993.

The defendant has entered a plea of GUILTY to Count 3 of the
Indictment.  Accordingly, the defendant is adjudged GUILTY of:

INTERSTATE TRAVEL WITH INTENT TO PROMOTE A DRUG CONSPIRACY in
violation of Title 18, Section 1952 of the United States Code, a
Class D Felony.

The defendant is sentenced as provided in pages 1 through 5 of this
Judgment pursuant to the Sentencing Reform Act of 1984 as follows:

The defendant is hereby committed to the custody of the United
States Bureau of Prisons for a period of **TEN (10) MONTHS** and,
following incarceration, shall serve a term of **TWO (2) YEARS** of
Supervised Release under the following conditions:

(1) the defendant is prohibited from
possessing a firearm or other dangerous
weapon;

(2) the defendant shall not possess a
controlled substance;

(3) within 72 hours of release from custody of
the Bureau of Prisons, the defendant shall
report to the Probation Office in the district
to which he is released.



true and correct copy of the
original filed in my office
on *May 28, 1993*
KENNETH J. MURPHY, CLERK
BY: *Rolando Perez*
Deputy Clerk
DATE: JUL 1 4 1993

*III*

CitiPDF - www.fxsla.com

**THE DEFENDANT IS FURTHER ORDERED TO ABIDE BY THE FOLLOWING STANDARD CONDITIONS OF SUPERVISED RELEASE FOR THE SOUTHERN DISTRICT OF OHIO:**

(1) the defendant shall not commit another Federal, state or local crime;

(2) the defendant shall not leave the judicial district without permission of the court or probation officer;

(3) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

(4) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(5) the defendant shall support his or her dependents and meet other family responsibilities;

(6) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

(7) the defendant shall notify the probation officer within seventy-two hours of any change in residence or employment;

(8) the defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;

(9) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;

(10) the defendant shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(11) the defendant shall permit a probation officer to visit him/her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

(12) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

(13) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

- 3 -

(14) the defendant shall notify third parties of risks
that may be occasioned by the defendant's criminal record
or personal history or characteristics, and shall permit
the probation officer to make such notifications and to
confirm the defendant's compliance with such notification
requirement.

It is ordered that the defendant shall pay to the United States a
special assessment of $50.00 which shall be due immediately.

REASONS FOR SENTENCE

Pursuant to Title 18 U.S.C. § 3553, the Court makes the
following findings of relevant facts significant to the imposition
of sentence.

Defendant is guilty of violating Title 18 U.S.C. § 1952 which
subjects defendant to a sentence of imprisonment of five years, a
fine of $250,000.00, a $50.00 special assessment, and supervised
release, however, United States Sentencing Guidelines §§ 2E1.2 and
2D1.1 control the determination of the sentence in this case.

The defendant objects to the failure to recommend a downward
adjustment to reflect the extent of the defendant's participation
in the conspiracy. The defendant did not, however, plead guilty to
a conspiracy count. He pled guilty to his own act of traveling in
interstate commerce to promote a drug conspiracy; actually, as to
the count of conviction, he traveled to Cincinnati to collect the
money for marijuana he provided. In other words, he was collecting
for his own marijuana (paragraph 31). The adjustment is,
therefore, not available to him. The Court accepts the
recommendation contained in the presentence report.

The proper application of the guidelines, therefore,
establishes 15 as the total offense level, I as the criminal
history category, and 18 to 24 months as the sentencing range.

The Government has indicated that the defendant has provided
substantial assistance and is requesting a downward departure
pursuant to § 5K1.1 to a level 12. Based on the Government's
request and its representation that the defendant has provided
substantial assistance to the Government in the prosecution of
other defendants, the Court finds that a downward departure is
justified in this case and departs from an offense level 15 to an
offense level of 12. A sentence in this range will reward the
defendant for his assistance, but will also satisfy the statutory
purposes of sentencing including the need to reflect the
seriousness of the offense, promote respect for the law, and
provide a just punishment for the defendant's involvement in the
instant offense. Accordingly, the court establishes 12 as the
total offense level, I as the criminal history category and 10 to

- 4 -

16 months as the sentencing range.

The plea agreement does not provide for any sentence.

Pursuant to § 5B1.1, a sentence of probation is not authorized because the minimum term of imprisonment is 10 months.

Pursuant to § 5D1.2(b), a term of supervised release of up to three years is applicable.

Pursuant to § 5E1.2, the greater minimum fine in this case is $3,000.00 and the greatest maximum fine is $30,000.00. Pursuant to § 5E1.2(i), an additional fine amount of $1,492./month to pay the costs to the Government of any imprisonment, $991./month for offenders in halfway houses, and $115.30/month to pay the costs to the Government of supervised release would be appropriate. Pursuant to § 5E1.2(f), the Court finds that the defendant is not able to pay all or part of the fine required. Accordingly, the fine is waived.

Pursuant to § 5E1.3, a special assessment of $50.00 shall be ordered.

In accordance with 18 U.S.C. § 3553(c)(1), the Court is not required to state a reason for imposing a sentence at a particular point within the range because the range in this case does not exceed 24 months.

Based upon the record in this case, including the information contained in the Presentence Report, the Court accepts the Rule 11(e)(1)(A) charge agreement, specifically finding that the agreement adequately reflects the seriousness of the actual offense behavior and that accepting the plea agreement will not undermine the statutory purposes of sentencing.

Both parties are notified by this Court that each of you have a right to appeal this sentence, and if you are unable to pay the cost of an appeal, you have the right to apply to this Court for leave to proceed in forma pauperis. If you are indigent and cannot retain a lawyer, you may apply and one will be appointed to represent you on your appeal.

You are further advised that, in accordance with the provisions of Rule 4(b) of the Rules of Appellate Procedure, you must file your notice of appeal with the Clerk of the United States District Court within 10 days of the filing of judgment which will be filed on **May 28, 1993**. Therefore, you must file your notice of appeal on or before **June 7, 1993**.

- 5 -

The Court does hereby advise you that if you so request, the
Clerk of this Court will prepare and file forthwith a notice of
appeal on your behalf.  It is further ordered that the defendant
shall notify the United States Attorney for the Southern District
of Ohio within 30 days of any change in residence or mailing
address until all fines, restitution, costs and special assessments
imposed by this judgment are fully paid.

_____
Herman J. Weber,
United States District Judge

_____5/28/93_____
Date

Certified as a true copy on

this date _____

By: _____
    Deputy Clerk

### R E T U R N

I have executed this Judgment as follows:

_____

_____

_____

_____Defendant

delivered on _____ to _____

_____ at _____, with a

certified copy of this Judgment.

_____
United States Marshal

By_____
Deputy Marshal



FILED

V 2 : 1993
**10:45 A.M.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

## CRIMINAL MINUTES - SENTENCING HEARING/SENTENCING

UNITED STATES OF AMERICA        CASE NO. CR-1-93-4-5

—vs—

JORGE LUIS ECHAVARRIA-CHAPA

AUSA: Robert C. Brichler
Defense:  Robert A. Perez

Court Personnel Present:

HONORABLE HERMAN J. WEBER
Law Clerk Amy Peters Thomas
Court Reporter Tina Wesley (Tri-County Court Reporting)
Courtroom Deputy Karen F. Jones
Probation Officer Terri Alford
Pretrial Services _____

> I certify that this is a
> true and correct copy of the
> original filed in my Office
> on *May 28, 1993*.
> KENNETH J. MURPHY, CLERK
> BY: *Roland L. Perry*
> Deputy Clerk
> DATE: **JUL 14 1993**

DOCKET ENTRY:  Case called before J. Weber for SENTENCING - Deft
present with counsel - INTERPRETER LUIS ALVARADO SWORN - STATEMENTS
OF DEFENSE COUNSEL

REASONS FOR SENTENCE PLACED ON THE RECORD BY THE COURT

SENTENCE:  (on Count 3)

TEN (10) MONTHS
and following incarceration shall serve a term of TWO (2) YEARS of
Supervised Release under these special conditions:

        -may not possess a firearm or other dangerous weapon
        -may not possess any controlled substance
        -shall report to Probation in the district to which he is
            released from incarceration w/i 72 hours


RIGHT TO APPEAL EXPLAINED BY THE COURT TO THE DEFENDANT

SPECIAL ASSESSMENT:  $ 50.00

DATE: Friday, May 28, 1993      TIME: 9:30 a.m. - 10:00 a.m.

*109*

**FILED**

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

MAY 2 8 1993
*10:45 A.M.*
KENNETH J. MURPHY, Clerk
CINCINNATI, OHIO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO.  CR-1-93-004-5 |
| | : | |
| vs. | : | (Weber, J.) |
| | : | **ORDER FOR DISMISSAL** |
| JORGE LUIS ECHAVARRIA-CHAPA | : | |

*48 5*
✓
DEFT/OMT
Ct Agree

— — — — — — — — — — — — —

Pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure and by leave of Court endorsed hereon, the United States Attorney for the Southern District of Ohio hereby dismisses   Count 1 of the Indictment pending against the defendant, Jorge Luis Echavarria-Chapa                .

Respectfully submitted,

**EDMUND A. SARGUS, JR.
United States Attorney**

*Robert C. Brichler*

ROBERT C. BRICHLER   #0017745
**Assistant U.S. Attorney
220 U.S. Courthouse Building
100 East Fifth Street
Cincinnati, Ohio   45202
(513) 684-3711**

I certify that this is a
true and correct copy of the
original filed in my Office
on *may 28, 1993*       .
KENNETH J. MURPHY, CLERK
BY: *Roland R. Perry*
Deputy Clerk
DATE: JUL 1 4 1993

Leave of Court is granted for the filing of the foregoing Order of Dismissal.

*5/28/93*
**DATE**

HERMAN J. WEBER, Judge
**United States District Court**

*110*

CVAPDF - www.fasoo.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

FILED
KENNET~ ~URPHY ~~
~~

93 JAN -6 AM II: 52

U.S. DISTRICT COURT
SOUTHERN DIST OHIO
WEST DIV CINCINNATI

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. |
| v. | CR 1 93·004 |
| JUAN RAMIREZ (Count 1) | **I N D I C T M E N T** |
| JOSE RAMIREZ (Count 1) | WEBER, J. |
| HERIBERTO GARCIA-GARZA (Counts 1,3) | 18 U.S.C. § 1952 |
| MARIA GARCIA (Counts 1,3) | 21 U.S.C. § 841(a)(1) |
| JORGE LUIS ECHAVARRIA-CHAPA (Counts 1,3) | 21 U.S.C. § 846 |
| PAUL HARPOLE (Count 1) | |
| SANTOS ADAME-LOPEZ (Counts 1,2) | |
| PATRICIA FRANCISCA LOPEZ (Counts 1,2) | |

I certify that this is a
true and correct copy of the
original filed in my Office
on *January 06, 1993* .
KENNETH J. MURPHY, CLERK
BY: *Roland L. Perry*
Deputy Clerk
DATE: JUL 1 4 1993

- - - - - - - - - - - - - - - - -

**THE GRAND JURY CHARGES THAT:**

### COUNT 1

Beginning from in or about August 1992, the exact date being
unknown to the grand jury, and continuing up to and including
December 30, 1992, in the Southern District of Ohio, the defendants
herein, JUAN RAMIREZ, JOSE RAMIREZ, HERIBERTO GARCIA-GARZA, MARIA
GARCIA, JORGE LUIS ECHAVARRIA-CHAPA, PAUL HARPOLE, SANTOS ADAME-



LOPEZ, and PATRICIA FRANCISCA LOPEZ, named as defendants herein, and others both known and unknown to the grand jury did knowingly, willfully, intentionally, and unlawfully combine, conspire, confederate, and agree, and have a tacit understanding with each other, to commit offenses against the United States, to wit: to knowingly, willfully, intentionally and unlawfully distribute and possess with intent to distribute a controlled substance, namely marihuana, a Schedule I Controlled Substance, in violation of 21 U.S.C. § 841 (a)(1) and (B)(vii).

It was a part of the conspiracy that the defendants, JUAN RAMIREZ and JOSE RAMIREZ, would supply marihuana in Texas to PATRICIA FRANCISCA LOPEZ and SANTOS ADAME-LOPEZ for distribution.

It was further a part of the conspiracy that the defendants, HERIBERTO GARCIA-GARZA, MARIA GARCIA, and JORGE LUIS ECHAVARRIA-CHAPA would arrange for the transportation of the marihuana to a person known to the grand jury in the Southern District of Ohio and would return the money from the sale of the marihuana to Texas.

It was further a part of the conspiracy that Paul Harpole would act as the driver of the marihuana from Texas to the Southern District of Ohio.

It was further a part of the conspiracy that the members of the conspiracy would use the telephone to discuss matters concerning the price, delivery and payment for marihuana to be delivered to Cincinnati, Ohio.

All in violation of 21 U.S.C. § 846.

### COUNT 2

On or about December 20, 1992, in the Southern District of Ohio, the defendants, SANTOS ADAME-LOPEZ and PATRICIA FRANCISCA LOPEZ did knowingly, willfully, intentionally, and unlawfully travel in interstate commerce from the State of Texas to Cincinnati, Ohio in the Southern District of Ohio with the intent to further, promote, manage, and carry on an unlawful activity, that being a business enterprise involving an unlawful conspiracy to possess with intent to distribute and to distribute marihuana, a Schedule I Controlled Substance, in violation of the laws of the United States (21 U.S.C. § 841 and § 846) and thereafter SANTOS ADAME-LOPEZ and PATRICIA FRANCISCA LOPEZ did perform acts to further, promote, manage and carry on said unlawful activity.

In violation of 18 U.S.C. § 1952.

### COUNT 3

On or about December 27, 1992, in the Southern District of Ohio, the defendants, HERIBERTO GARCIA-GARZA, MARIA GARCIA, and JORGE LUIS ECHAVARRIA-CHAPA did knowingly, willfully, intentionally, and unlawfully travel in interstate commerce from the State of Texas to Cincinnati, Ohio in the Southern District of Ohio with the intent to further, promote, manage, and carry on an unlawful activity, that being a business enterprise involving an unlawful conspiracy to possess with intent to distribute and to distribute marihuana, a Schedule I Controlled Substance, in violation of the laws of the United States (21 U.S.C. § 841 and § 846) and thereafter HERIBERTO GARCIA-GARZA, MARIA GARCIA, and

JORGE LUIS ECHAVARRIA-CHAPA did perform acts to further, promote, manage and carry on said unlawful activity.

In violation of 18 U.S.C. § 1952.

A TRUE BILL.

FOREPERSON

**D. MICHAEL CRITES**
**United States Attorney**

ANTHONY W. NYKTAS
Sr. Assistant U.S. Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION


JORGE LUIS ECHAVARRIA-CHAPA    )
    )
     Petitioner,            )
    )
v.                            )     CIVIL ACTION NO.
    )        B-01-128
E.M. TROMINSKI, DISTRICT    )
DIRECTOR, IMMIGRATION &    )
NATURALIZATION SERVICE, and    )
JOHN ASHCROFT, ATTORNEY    )
GENERAL, UNITED STATES,    )
    )
     Respondents        .   )
_____)


RESPONDENTS' RETURN
AND MOTION TO DISMISS THE
TO PETITION FOR WRIT OF HABEAS CORPUS



GOVERNMENT
EXHIBIT
B

Case 1:01-cv-00129   Document 2   Filed in TXSD on 09/27/2001   Page 23 of 41

**U.S. Department of Justice**
Immigration and Naturalization Service

Order to Show Cause and Notice of Hearing

# ORDER TO SHOW CAUSE AND NOTICE OF HEARING
## *(ORDEN DE PRESENTAR MOTIVOS JUSTIFICANTES Y AVISO DE AUDIENCIA)*

In Deportation Proceedings under section 242 of the Immigration and Nationality Act.
*(En los trámites de deportación a tenor de la sección 242 de la Ley de Inmigración y Nacionalidad.)*

**United States of America:**
**(Estados Unidos de América:)**

**File No.** A 38 103 352
*(No. de registro)*

**Dated** July 20, 1993
**(Fechada)**

In the matter of
*(En el asunto de)*
Address
*(Dirección)*

ECHAVARRIA-Chapa, Jorge Luis
BOP# 02243-061
United States Department of Justice
Bastrop Federal Correctional Institution
P. O. Box 730
Bastrop, Texas 78602
none

(Respondent)
*(Demandado)*

Telephone No. (Area Code)
*(No. de teléfono y código de área)*

Upon inquiry conducted by the Immigration and Naturalization Service, it is alleged that:
*(Según las indagaciones realizadas por el Servicio de Inmigración y Naturalización, se alega que:)*

1) You are not a citizen or national of the United States;
   *(Ud. no es ciudadano o nacional de los Estados Unidos)*

2) You are a native of _____ and a citizen of _____ ;
   *(Ud. es nativo de)* *(y ciudadano de)*

3) You entered the United States at or near Roma, Texas on or about 06/23/83
   *(Ud. entró a los Estados Unidos en o cerca de)* *(el día o hacia esa fecha)*

4. Of that time you were admitted as an immigrant;
   'En ese momento, Ud. entro como inmigrante;'

5. You were, on May 18, 1993, convicted in United States District Court for
   the Southern District of Ohio of the offense of Interstate Travel with Intent
   to Promote a Drug Conspiracy, in violation of Title 18, United States Code
   Section 1952.
      Ud. resulto convicto el dia 28 de mayo del 1993, en el Tribunal de Los
      Estados Unidos por el Distrito Sur de Ohio por el delito de
      recorrimiento entre-estados con intento a promover la conspiracion de
      drogas, en violacion de Titulo 18 USC, Seccion 1952.

Form I-221 (Rev 6/12/92) N

Page 1

# U.S. Department of Justice
Immigration and Naturalization Service

**Order to Show Cause and Notice of Hearing**

|  |  |
|---|---|
| | **Dated** July 20, 1993 |
| | **(Fechada)** |
| **Respondent** ECHAVARRIA-Chapa, Jorge Luis | **File No.** A38 103 392 |
| **(Demandado)** | **(No. de registro)** |

**AND** on the basis of the foregoing allegations, it is charged that you are subject to deportation pursuant to the following provision(s) of law:

*(Y según los alegatos anteriores, se le acusa de estar sujeto a deportación de acuerdo con la(s) siguiente(s) disposicion(es) de la ley:)*

Section 241 (a)(2)(B)(i) of the Immigration and Nationality Act (Act), as amended, in that, at any time after entry, you have been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 102 of the Controlled Substances Act, 21 U.S.C. 802), other than a single offense involving possession for one's own use of 30 grams or less of marijuana.

(Seccion 241 (a)(2)(B)(i) de la Ley de Inmigracion y Nacionalidad (LNA), segun enmendada, en que, en algun momento despues de su entrada, Ud. ha resultado convicto de una violacion de (o una conspiracion o intento de violacion) de alguna ley o reglamentacion de un Estado, de los Estados Unidos, o de un pais extranjero referente a una sustancia controlada [segun se define en la seccion 102 de la Ley de Sustancias Controladas, 21 U.S.C. 802]), con excepcion de un delito sencillo en relacion a la posesion de 30 grams o menos marijuana para uso personal).

**WHEREFORE, YOU ARE ORDERED** to appear for a hearing before an Immigration Judge of the Executive Office for Immigration Review of the United States Department of Justice at:

*(POR LO CUAL, SE LE ORDENA comparecer ante un juez de inmigración de la Oficina Ejecutiva de Revisión de Inmigración del Departamento de Justicia de los Estados Unidos en:)*

**Address** TO BE CALENDARED AND NOTICE PROVIDED BY OFFICE OF THE IMMIGRATION JUDGE.
NOTICE WILL BE MAILED TO THE ADDRESS PROVIDED BY THE RESPONDENT.

**(Dirección)** LA OFICINA DE JUEZ DE INMIGRACION ENVIARA UN AVISO A LA DIRECCION

On _____ FACILITADA POR EL DEMANDADO CON LA FECHA DE LA AUDIENCIA. _____ .m.
**(Fecha)** **(Hora)**

and show cause why you should not be deported from the United States on the charge(s) set forth above.

*(y mostrar motivos justificantes por cual no debería ser deportado de los Estados Unidos por los cargos expresados anteriormente.)*

| | |
|---|---|
| Dated ____July 20, 1993____ | Signature of Issuing Officer _Gary M. Renick_ |
| **(Fechada)** | **(Firma del funcionario que la expide)** GARY M. RENICK |
| City and State of Issuance ___San Antonio, Texas___ | Title of Issuing Officer ASSISTANT DISTRICT DIRECTOR FOR INVESTIGATIONS |
| **(Ciudad y Estado donde se expide)** | **(Título del funcionario que la expide)** (ASISTENTE DIRECTOR DE DISTRITO PARA INVESTIGACIONES) |

Form I-221 (Rev 6/12/92) N

Page 3

This Order to Show Cause shall be filed with the Immigration Judge of the Executive Office for Immigration Review at the address provided below. You must report any changes of your address or telephone number in writing to this office.

Esta Orden de Presentar Motivos Justificantes será registrada con la Oficina Ejecutiva de Revisión de Inmigración en la siguiente dirección. Debe notificar cualquier cambio de su domicilio o número de teléfono por escrito a:

### The Office of the Immigration Judge

#### 615 E. Houston Street, Room 598

#### San Antonio, Texas 78205

---

### Certificate of Translation and Oral Notice

This Order to Show Cause ☐ **was**  ☒ **was not**  read to the named alien in the _Spanish_ language, which is his/her native language or a language which he/she understands.

| Date | Signature | Printed Name and Title of Translator |
|---|---|---|
| | | |

Address of Translator (If other than INS employee) or office location and division (if INS employee)
OSC SERVED BY CERTIFIED MAIL
(If oral notice was not provided please explain)

| **Manner of Service** | Alien's Right Thumb Print |
|---|---|
| ☐ Personal Service to Alien | |
| ☐ Certified Mail - Return Receipt Requested | |
|    ☒ Alien | |
|    ☐ Counsel of Record | |

### Certificate of Service

This Order to Show Cause was served by me at _San Antonio, TX_ on _July 20_ 19 _93_ at _____ m.

| | |
|---|---|
| _Step M Alani_ | Hope M. Alaniz, Investigative Assistant, SNA/INV-ACAP |
| Officer's Signature | Printed Name          Title          Office |

SERVED BY CERTIFIED MAIL - RECEIPT # C413375

Alien's Signature (acknowledgment/receipt of this form)
(Firma de extranjero/acuse de recibo)

---

### Request for Prompt Hearing and Waiver of 14-Day Minimum Period
*(Solicitud de audiencia inmediata y renuncia al plazo minimo de 14 dias)*

To expedite determination of my case, I request an immediate hearing, and waive my right to the 14 day notice.
*(Para agilizar la decisión sobre mi caso, solicito una audiencia inmediata y renuncio a mi derecho a un plazo minimo de 14 dias.)*

| _Jorge L Elmonds_ | _10-26-93_ |
|---|---|
| Signature of Respondent | Date |
| (Firma de demandado) | (Fecha) |

Form I-221 (Rev 6/1/92) N

Page 5

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION


JORGE LUIS ECHAVARRIA-CHAPA    )
    )
    Petitioner,    )
    )
v.    )    CIVIL ACTION NO.
    )    B-01-128
E.M. TROMINSKI, DISTRICT    )
DIRECTOR, IMMIGRATION &    )
NATURALIZATION SERVICE, and    )
JOHN ASHCROFT, ATTORNEY    )
GENERAL, UNITED STATES,    )
    )
    Respondents    ,    )
_____)


RESPONDENTS' RETURN
AND MOTION TO DISMISS THE
TO PETITION FOR WRIT OF HABEAS CORPUS



GOVERNMENT
EXHIBIT
C

Case 1:01-cv-00128   Document 2   Filed in TXSD on 09/27/2001   Page 27 of 41

U.S. DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
OFFICE OF THE IMMIGRATION JUDGE
201 E. JACKSON STREET
HARLINGEN, TX 78550

In the Matter of:                    Case No.: A38-103-392
ECHAVARRIA-CHAPA, JORGE LUIS *
                                     Docket: HARLINGEN, TEXAS

RESPONDENT                           IN DEPORTATION PROCEEDINGS

                    ORDER OF THE IMMIGRATION JUDGE

This is a summary of the oral decision entered on Aug 12, 1994.
This memorandum is solely for the convenience of the parties. If the
proceedings should be appealed, the Oral Decision will become the official
decision in this matter.
(✓)  The respondent was ordered deported to MEXICO.
( )  Respondent's application for voluntary departure was denied and
     respondent was ordered deported to MEXICO or in the alternative to

( )  Respondent's application for voluntary departure was granted until
     _____, with an alternate order of deportation to MEXICO
     or
( )  Respondent's application for asylum was (  )granted (  )denied
     (  )withdrawn (  )other.
( )  Respondent's application for withholding of deportation was
     (  )granted (  )denied (  )withdrawn (  )other.
( )  Respondent's application for suspension of deportation was
     (  )granted (  )denied (  )withdrawn (  )other.
(✓)  Respondent's application for waiver under Section _212 (C)_ of
     the Immigration and Nationality Act was (  )granted (✓)denied
     (  )withdrawn (  )other.
( )  Respondent's application for _____ was
     (  )granted (  )denied (  )withdrawn (  )other.
( )  Proceedings were terminated.
( )  The application for adjustment of status under Section (216) (216A)
     (245) (249) was (  )granted (  )denied (  )withdrawn (  )other.
     If granted, it was ordered that the respondent be issued all
     appropriate documents necessary to give effect to this order.
( )  Respondent's status was rescinded under Section 246.

( )  Other _____

( )  Respondent was advised of the limitation on discretionary relief for
     failure to appear as ordered in the Immigration Judge's oral decision.

                              JEFFREY ZLATOW
                              Immigration Judge
                              Date: Aug 12, 1994                    6Q

Appeal:  RESERVED (A/I/B) to August 22, 1994
NCJ
     cc - R. Pena -

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION


JORGE LUIS ECHAVARRIA-CHAPA )
          )
  Petitioner,     )
          )
v.           )   CIVIL ACTION NO.
          )    B-01-128
E.M. TROMINSKI, DISTRICT  )
DIRECTOR, IMMIGRATION &  )
NATURALIZATION SERVICE, and )
JOHN ASHCROFT, ATTORNEY  )
GENERAL, UNITED STATES,  )
          )
  Respondents   , )
_____)


RESPONDENTS' RETURN
AND MOTION TO DISMISS THE
TO PETITION FOR WRIT OF HABEAS CORPUS


GOVERNMENT
EXHIBIT
D

Case 1:01-cv-00128   Document 2   Filed in TXSD on 09/27/2001   Page 29 of 41

**U.S. Department of Justice**
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

==================================================================

File:   A38 103 392 – Harlingen          Date:

MAY - 4 1995

In re:  JORGE LUIS ECHAVARRIA-CHAPA

IN DEPORTATION PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:   Benigno Pena, Accredited
                           Representative
                           107 North 3rd Street
                           Harlingen, Texas   78550

ON BEHALF OF SERVICE:   John D. Carte
                        General Attorney

CHARGE:

   Order:  Sec. 241(a)(2)(B)(i), I&N Act [8 U.S.C.
           § 1251(a)(2)(B)(i)] – Convicted of controlled
           substance violation

APPLICATION:   Section 212(c) waiver of inadmissibility


   This is an appeal from the decision of an Immigration Judge
dated August 12, 1994, finding the respondent deportable as
charged, denying his request for a waiver of inadmissibility under
section 212(c) of the Immigration and Nationality Act, 8 U.S.C.
§ 1182(c), and ordering him deported from the United States to
Mexico.

   The respondent is a 37-year-old male, native and citizen of
Mexico, who was admitted to the United States as a lawful
permanent resident on June 29, 1983.  The record reflects that on
May 28, 1993, the respondent was convicted in United States
District Court, Southern District of Ohio, of the offense of
Interstate Travel with Intent to Promote a Drug Conspiracy.  For
this offense, the respondent was sentenced to a term of
imprisonment of 10 months and a term of 2 years of supervised
release following incarceration.

   The Immigration and Naturalization Service initiated deportation
proceedings against the respondent by issuing an Order to Show
Cause on June 14, 1993.  The Order to Show Cause charged the
respondent with deportability from the United States under section
241(a)(2)(B)(i) of the Immigration and Nationality Act, 8 U.S.C.
§ 1251(a)(2)(B)(i), as an alien convicted of a controlled
substance violation.  The respondent, through his representative,

A38 103 392

admitted as true the factual allegations in the Order to Show Cause and conceded deportability. He requested a discretionary waiver of deportability under section 212(c) of the Act.

Section 212(c) of the Act provides that aliens lawfully admitted for permanent residence, who temporarily proceed abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of 7 consecutive years, may be admitted in the discretion of the Attorney General without regard to certain specified grounds for exclusion enumerated in section 212(a) of the Act. The section 212(c) waiver is applicable not only in exclusion proceedings but also in deportation proceedings where the alien has not departed from the United States subsequent to the acts that rendered him excludable. See Francis v. INS, 532 F.2d 268 (2d Cir. 1976); Matter of Silva, 16 I&N Dec. 26 (BIA 1976).

As the respondent has acquired more than 7 years of continuous lawful domicile in the United States, he is statutorily eligible for a section 212(c) waiver. Mere eligibility for a waiver, however, does not automatically entitle the alien to a grant of such relief. Instead, a determination must be made whether an applicant merits the relief sought as a matter of discretion.

The exercise of discretion in determining whether to grant section 212(c) relief requires consideration of all the facts and circumstances involved. We must balance the adverse factors evidencing the alien's undesirability as a permanent resident against the social and humane considerations presented in his favor. The respondent bears the burden of demonstrating that he warrants favorable consideration. Matter of Marin, 16 I&N Dec. 581 (BIA 1978). See also Matter of Roberts, Interim Decision 3148 (BIA 1991); Matter of Edwards, Interim Decision 3134 (BIA 1990).

This Board has articulated several discretionary factors to be considered in determining whether an applicant warrants section 212(c) relief. Among the factors deemed favorable to an applicant are the presence of family ties within the United States, residence of long duration in this country, evidence of hardship to the alien and his family if deportation occurs, a history of employment, the existence of property or business ties, evidence of value and service to the community, proof of genuine rehabilitation if a criminal record exists, and other evidence attesting to an alien's good moral character. Matter of Marin, supra, at 584-85. Adverse factors include the nature and underlying circumstances of the exclusion ground at issue, the presence of additional significant violations of this country's immigration laws, the existence of a criminal record, and, if so, its nature, recency, and seriousness, and the presence of other

-2-

A38 103 392

evidence indicative of an applicant's bad character or undesirability as a permanent resident of this country. <u>Matter of Marin</u>, <u>supra</u>, at 584.

As the negative factors grow more serious, it becomes incumbent upon the applicant to present additional offsetting positive factors to show he warrants a favorable exercise of discretion. Even a demonstration of outstanding equities, however, does not compel a favorable exercise of discretion. There may be cases where the nature of the adverse factors, in themselves, is such as to be ultimately determinative of whether section 212(c) relief is warranted. <u>Matter of Buscemi</u>, 19 I&N Dec. 628 (BIA 1988).

At the conclusion of the hearing, the Immigration Judge found that the respondent's extensive family ties in this country constituted an unusual or outstanding equity. Nevertheless, owing to respondent's serious criminal conviction and his inability to demonstrate any significant rehabilitation, the Immigration Judge concluded that this equity standing alone was not sufficient.

From our own review of the record, we find that the respondent has presented an outstanding equity in his substantial family ties. However, we do not find that this equity overcomes the adverse factor of respondent's serious drug trafficking conviction to warrant a favorable exercise of discretion.

The respondent also alleges on appeal that the Immigration Judge misconstrued respondent's version of the events surrounding his involvement in the crime which he was convicted of. More particularly, the respondent maintains that the Immigration Judge erred in dismissing his testimony for its failure to conform exactly to the findings of the criminal court. The respondent insists that he did not act alone in this crime, as the decision of the Immigration Judge suggests, and that he was aided in loading the boxes containing marijuana by his brother-in-law and an individual named Santos.

However, a fair reading of the decision of the Immigration Judge clearly implies the involvement of others and does not suggest that the respondent acted alone in this crime:

> One week prior to going to Ohio, on December 20th, 1992, Heriberto asked the respondent to help him load some boxes. The respondent went with Heriberto in a pick-up truck to a location outside of a motel, waited for a van to arrive, which was driven by Santos, and at the same location there was a trailer with another man. The boxes were loaded, three in number, approximately two and a half by three feet in dimension, from the mini van driven by Santos to the trailer. The respondent and Heriberto then drove

-3-

A38 103 392

away. Santos drove away. And the man with the
trailer remained. However, when the respondent was
loading one of the boxes, it felt as if it was the
weight of a television set, but for some reason he
thought to ask Heriberto, while driving away, whether
it was that stuff in the boxes and in fact asked what
was in the boxes and learned that it was marijuana.
Respondent says he received no pay for doing this.
He says he never helped Heriberto in any drug
transactions previously nor ever used marijuana, nor
was he involved in marijuana in any form. The
respondent did, however, say that he had met Santos
Avami Lopez (the driver of the mini van) on prior
occasions. (I.J. dec. at 10, 11).

. . . .

In the opinion of the Court, it is an incredible
story. I do not believe that the respondent had no
prior knowledge of this drug transaction. The
respondent having one week prior to being arrested
(arrest being December 27th, 1992) on December 20th,
1992, helped load three boxes which the respondent
knew immediately thereafter if not at the time of his
loading, contained marijuana. The person bringing
the boxes in the mini van was none other than Santos,
the person that the respondent claims he first
learned on the plane to Ohio was the individual that
they were to retrieve back to Texas because he was so
very ill. It is an incredible story. (I.J. dec. at
11, 12).

Respondent submits that, contrary to the findings of the
Immigration Judge, his testimony was consistent, direct, and not
lacking in credibility. Respondent denies that his testimony
concerning his own awareness of the criminal nature of the
enterprise was misleading. The record does not bear this out.
From our own examination of the transcript of respondent's
hearing, we note his testimony admitting his awareness that the
three boxes which he had helped to move did contain marijuana (Tr.
at 47). Yet, elsewhere the respondent represents that he only
became aware of the criminal nature of this enterprise at a later
time, when a more explicit discussion occurred at a restaurant
(Tr. at 49, 50). This, in our estimation, is inconsistent and
lacking in credibility.

Having considered the respondent's arguments made on appeal, as
well as the record of his testimony, we are reluctant to disturb
the Immigration Judge's overall finding concerning the
respondent's lack of candor and credibility in testifying
concerning his involvement in the criminal activity underlying his

-4-

A38 103 392

conviction. Because he is in the best position to determine the
accuracy, reliability, and truthfulness of the testimony he hears,
the Immigration Judge's factual findings ordinarily will not be
disturbed. Matter of Boromand, 17 I&N Dec. 450 (BIA 1980); Matter
of Teng, 15 I&n Dec. 516 (BIA 1975); Matter of T-, 7 I&N Dec. 417
(BIA 1957).

We have held that an alien who demonstrates unusual or
outstanding equities, as may be required in a section 212(c)
matter, merely satisfies the threshold test for having a favorable
exercise of discretion considered in his case; such a showing does
not compel that discretion be exercised in his favor. Matter of
Buscemi, supra. Although, respondent makes claims concerning his
rehabilitation, we find these claims unpersuasive, especially in
light of the Immigration Judge's finding that the respondent
offered incredible and inconsistent testimony concerning his
involvement in the activity which led to his conviction for drug
trafficking. Rehabilitation is one of the favorable considerations
in the discretionary evaluation for section 212(c) relief. Matter
of Marin, supra. Notwithstanding the presence of outstanding
equities, in this case we deny respondent's request for section
212(c) relief because of the serious nature of his criminal
history and his failure to establish rehabilitation. Accordingly,
the following order will be entered.

    ORDER:  The appeal is dismissed.


                    Mary Maguire Dunne
                  FOR THE BOARD

-5-

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JORGE LUIS ECHAVARRIA-CHAPA    )
                               )
     Petitioner,               )
                               )
v.                             )        CIVIL ACTION NO.
                               )          B-01-128
E.M. TROMINSKI, DISTRICT       )
DIRECTOR, IMMIGRATION &        )
NATURALIZATION SERVICE, and    )
JOHN ASHCROFT, ATTORNEY        )
GENERAL, UNITED STATES,        )
                               )
     Respondents               )
_____)


RESPONDENTS' RETURN
AND MOTION TO DISMISS THE
TO PETITION FOR WRIT OF HABEAS CORPUS



GOVERNMENT
EXHIBIT
E

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 95-60330
Summary Calendar

U.S. COURT OF APPEALS
FILED

FEB 0 6 1996

CHARLES R. FULBRUGE III
CLERK

JORGE LUIS ECHAVARRIA-CHAPA,

Plaintiff-Appellant,

versus

IMMIGRATION AND NATURALIZATION SERVICE,

Defendant-Appellee.

- - - - - - - - -
Petition for Review of an Order of the
Board of Immigration Appeals
A38 103 392
- - - - - - - - - -

Before   HIGGINBOTHAM, DUHÉ', EMILIO M. GARZA, Circuit Judges.
PER CURIAM:*

    Jorge Luis Echavarria-Chapa asserts that the Board of
Immigration Appeals (BIA) abused its discretion in denying his
application for waiver of deportability; 8 U.S.C. § 1182(c).
Echavarria contends that the BIA erred in deferential review to
the Immigration Judge's credibility determination, the BIA's
determination that he was not eligible for a waiver of
deportation was not supported by substantial evidence, the BIA
failed to balance the equities adequately, and the case should be

---

    * Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

No. 95-60330
-2-

remanded for reconsideration in light of two cases subsequently decided.  We have reviewed the record and the BIA's order and perceive no reversible error.

The petition for review is DENIED.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION


JORGE LUIS ECHAVARRIA-CHAPA )
                                              )
          Petitioner,                         )
                                              )
v.                                            )          CIVIL ACTION NO.
                                              )            B-01-128
E.M. TROMINSKI, DISTRICT                      )
DIRECTOR, IMMIGRATION &                       )
NATURALIZATION SERVICE, and                   )
JOHN ASHCROFT, ATTORNEY                       )
GENERAL, UNITED STATES,                       )
                                              )
          Respondents                         )
_____ )


RESPONDENTS' RETURN
AND MOTION TO DISMISS THE
TO PETITION FOR WRIT OF HABEAS CORPUS



GOVERNMENT
EXHIBIT
F

**U.S. Department of Just.**                                    Decision o     Board of Immigration Appeals
Executive Office for Immigration Review

Falls Church, Virginia  22041

===============================================================================

File:   A38 103 392 - Harlingen                              Date:

In re:  JORGE LUIS ECHAVARRIA-CHAPA                          FEB 27 2001

IN DEPORTATION PROCEEDINGS

MOTION

ON BEHALF OF RESPONDENT:   Lisa S. Brodyaga, Esquire

ON BEHALF OF SERVICE:      Tammy L. Fitting
                           Assistant District Counsel

CHARGE:

   Order:   Sec.  241(a)(2)(B)(i), I&N Act [8 U.S.C. § 1251(a)(2)(B)(i)] -
            Convicted of controlled substance violation

APPLICATION:   Reopening; reconsideration; waiver of inadmissibility pursuant to section 212(c)


   This case was last before us on May 4, 1995, when we dismissed an appeal taken by the respondent from an Immigration Judge's August 12, 1994, decision finding the respondent deportable as charged and denying his application for a waiver of inadmissibility pursuant to section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c). The respondent has now filed a motion to reopen and to reconsider this Board's decision. The motion will be denied.

   The respondent has filed what is styled as a motion to reopen and reconsider. First, the motion is more appropriately characterized as a motion to reconsider, rather than a motion to reopen. A motion to reopen seeks to reopen proceedings so that new evidence can be presented and a new decision entered on a different factual record, normally after a further evidentiary hearing. *Matter of Cerna*, 20 I&N Dec. 399 (BIA 1991), *aff'd*, 979 F.2d 212 (11th Cir. 1992). Motions to reopen shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing. 8 C.F.R. § 3.2(c)(1) (2000). The regulations further provide that a motion to reopen shall state new facts to be proved at the reopened hearing and shall be supported by affidavits or other evidentiary material. 8 C.F.R. § 3.2; *INS v. Wang*, 450 U.S. 139 (1981); *Matter of Reyes*, 18 I&N Dec. 249 (BIA 1982). In order to prevail on such motion, the respondent must make a *prima facie* showing, through the submission of an application for relief from deportation supported by affidavits and other evidentiary matters, that he qualifies for the relief sought upon reopening. *INS v. Abudu*, 485 U.S. 94 (1988).

In the matter before us, the Board's dismissal of the respondent's appeal rendered it administratively final, and as the respondent is no longer a lawful permanent resident of the United States, he cannot establish *prima facie* eligibility for a waiver of inadmissibility under section 212(c) of the Act. *See Garcia-Hernandez v. INS*, 821 F.2d 222, 224 (5th Cir. 1987) (alien no longer statutorily eligible for section 212(c) relief because with the order of deportability, upheld on appeal, his lawful permanent domicile was relinquished when his resident status was terminated). As such, the respondent's motion to reopen will necessarily fail for failure to meet the most basic of requirements.[1] *INS v. Abudu, supra.*

A motion to reconsider must state the reasons upon which the motion is based and be supported by such precedent decisions as are pertinent. *Osuchukwu v. INS*, 744 F.2d 1136, 1141 (5th Cir. 1984). There is no requirement for allegations of new facts or even new precedent. 8 C.F.R. § 103.5 (1995); *Sanchez v. INS*, 707 F.2d 1523, 1529 (D.C. Cir. 1983); *Chudshevid v. INS*, 641 F.2d 780, 784 (9th Cir. 1981). The motion to reconsider is generally used to question a decision for alleged errors of fact or law. *Sanchez v. INS, supra.* It is a request that the decision be reexamined in light of additional legal arguments, a change of law, or an argument or aspect of the case which was overlooked. *Matter of Cerna, supra* n.2 . However, the motion may not be granted for the sole purpose of permitting a belated appeal to be taken. *See Matter of D-*, 5 I&N Dec. 520 (BIA 1953).

In the matter before us, the respondent has alleged the Board, in arriving at its decision, placed too much emphasis on the issue of the respondent's credibility and not fully considered his equities, in contravention of the holding by the United States Circuit Court of Appeals for the Fifth Circuit, the jurisdiction wherein this case arises, in *Diaz-Resendez v. INS*, 960 F.2d 493 (5th Cir. 1992) (the Board abused its discretion by failing to actually consider and meaningfully address the positive equities and favorable evidence when reaching its decision.). *See* Brief in Support of Respondent's Motion at 3. However, as also urged by the Fifth Circuit in *Ghassan v. INS*, 972 F.2d 631, 634 (5th Cir. 1992), the Board need not "write an exegesis on every contention [raised by the respondent]," but rather, its opinion must reflect that "it has heard and thought and not merely reacted." *Luciano-Vincente v. INS*, 786 F.2d 706, 708-09 (5th Cir. 1986) (*quoting Osuchukwu v. INS, supra,* at 1142-43). Contrary to the allegations raised by the respondent in his motion, when the Board reviews a discretionary determination of an Immigration Judge, we rely on our own independent judgement in deciding the ultimate disposition of the case. *See Matter of Burbano*, 20 I&N Dec. 872, 873 (BIA 1994).

---

[1] As the respondent cannot meet the threshold requirements for eligibility, we need not reach the question as to whether his controlled substance conviction renders him statutorily ineligible to establish eligibility for section 212(c) relief due to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No 104-32, 110 Stat. 1214 ("AEDPA") § 440(d). Notwithstanding, even if we had examined the applicability of the AEDPA amendments to the matter before us, to the extent the respondent argues that application of the provisions of AEDPA is unconstitutional, he is in the wrong forum to so. We cannot rule on the constitutionality of laws enacted by Congress. *See, e.g., Matter of Fuentes-Campos*, 21 I&N Dec. 905, 912 (BIA 1997); *Matter of C-*, 20 I&N Dec. 529 (BIA 1992).

A38 103 392

Applying the principles set out in *Burbano* to the matter before us, we conclude the Board gave due consideration to the totality of the circumstances present in this case in making a determination as to whether the respondent warranted a favorable exercise of discretion and a grant of relief under section 212(c) of the Act. *See* Board decision at 3-4. While the Immigration Judge and this Board may not go beyond the record of conviction to determine the guilt or innocence of the alien, it is proper to look to probative evidence outside the record of conviction in inquiring as to the circumstances surrounding the commission of the crime in order to determine whether a favorable exercise of discretion is warranted (*i.e.*, when the respondent in this case became aware the three boxes he intended to move contained marijuana). *Matter of Mendez-Moralez*, 21 I&N Dec. 296, 304 (BIA 1996). After an independent review of the record, we agreed with the Immigration Judge that despite the presence of outstanding equities for the respondent, they did not outweigh the seriousness of his controlled substance conviction and his lack of candor at the hearing (Board decision at 3-4). *See, e.g., Villareal-San Miguel v. INS*, 975 F.2d 248 (5th Cir. 1992) (seriousness of the crime and questionable rehabilitation were not equaled or outweighed by the positive equities); *Ghassan v. INS, supra* (participation in a well organized, international scheme to smuggle heroin into the United States and distribute it, was extremely serious, and when balanced against the equities in his favor, which were diminished because his wife married him knowing that he might be deported, the conviction tipped the scales, especially as his wife's son was not his by blood or adoption and the alien was not a child when he came to this country); *Matter of Burbano, supra; Matter of Roberts*, 20 I&N Dec. 294 (BIA 1991).

Moreover, contrary to the contentions raised in the respondent's motion, we properly addressed the challenges to the Immigration Judge's credibility findings in our earlier decision, and find the respondent's arguments, again renewed in his motion, to be unpersuasive. We note we had found the Immigration Judge's credibility findings supported by the record. *See* Board decision at 4. Nothing raised in the respondent's motion would cause us to disturb that finding. *Matter of A-S-*, 21 I&N Dec. 1106 (BIA 1998) (an Immigration Judge's adverse credibility finding which is supported by an adverse inference drawn from an alien's demeanor, should be accorded great deference, specially when such inference is supported by specific and cogent reasons for doubting the veracity of the substance of the alien's testimony, as the Immigration Judge is in a unique position to observe the testimony of an alien).

Just as this Board will not entertain a motion for reconsideration for the sole purpose of entertaining a late appeal, we will not grant a motion for reconsideration for the sole purpose of permitting a belated discussion that should have been made at the time of the original appeal to the Board. *See Matter of D-, supra*. Accordingly, as the respondent has not made the requisite showings, the motion to reconsider will be denied.

ORDER: The respondent's motions to reopen and to reconsider are denied.

FOR THE BOARD

3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| JORGE LUIS ECHAVARRIA-CHAPA )<br>)<br>    Petitioner, )<br>)<br>v. )<br>)<br>E.M. TROMINSKI, DISTRICT )<br>DIRECTOR, IMMIGRATION & )<br>NATURALIZATION SERVICE, and )<br>JOHN ASHCROFT, ATTORNEY )<br>GENERAL, UNITED STATES, )<br>)<br>    Respondents )<br>) | CIVIL ACTION NO.<br>B-01-128 |

## **ORDER**

Upon consideration of the arguments of Petitioner and Respondents, the Court finds that Respondents' motion to dismiss should be granted.

It is therefore

ORDERED, ADJUDGED AND DECREED that the petition for habeas corpus is dismissed.

This is a final Order.

Done this _____ day of _____, 2001, in Brownsville, Texas.

_____
UNITED STATES DISTRICT JUDGE