United States District Court
Southern District of Texas
FILED

OCT 0 9 2001

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JORGE LUIS ECHAVARRIA-CHAPA     )
                                )
v.                              )     C.A. No. B-01-128
                                )
E.M. TROMINSKI, INS DISTRICT    )
      DIRECTOR, and             )
      JOHN ASHCROFT, UNITED STATES )
      ATTORNEY GENERAL.         )
_____)

PETITIONER'S OPPOSITION TO MOTION TO DISMISS

Jorge Luis Echavarria, by and through the undersigned, files the instant opposition to Respondent's Motion To Dismiss his pending Petition for Writ of Habeas Corpus, seeking relief from the Decision of the Board of Immigration Appeals, (the "BIA"), dated February 27, 2001, denying his motions to reconsider, and to reopen proceedings for the purpose of conducting further proceedings on his application for relief under former §212(c) of the Act [8 U.S.C. §1182(c)], and ordering that he be deported to Mexico.

I. THE FACTS AND PROCEDURAL HISTORY [1]

Jorge Luis Echavarria-Chapa, is a forty-three year-old, married, native and citizen of Mexico, who has resided continuously in this country since his admission as a lawful permanent resident on or about June 29, 1983. His wife is a lawful permanent resident, and their three minor children are all U.S. citizens. They all depend upon him for support. Indeed, all of his immediate family members reside lawfully in this country.

---

[1] The facts as stated herein were set forth in Mr. Echavarria's verified petition, and have not been contested by INS. They are therefore taken as established.

In May of 1993, Mr. Echavarria was convicted in the Federal District Court for the Southern District of Ohio, of the offense of Interstate Travel with Intent to Promote a Drug Conspiracy. Given his minor role in the offense, he was sentenced to serve only ten months in jail, with a two year term of special probation. Said term was successfully completed on October 25, 1995, and the following day, he was discharged by a probation officer in the Southern District of Texas, the district of his supervision. It was his first, and only, such offense during the nearly twenty years he has resided lawfully in this country.

On or about June 14, 1993, an Order to Show Cause was issued. Mr. Echavarria conceded deportability, and applied for relief under §212(c) of the Act. In a decision dated August 12, 1994, an Immigration Judge in Harlingen, Texas, found him to be statutorily eligible, but denied relief in the exercise of discretion, based largely on an adverse credibility determination. This finding was not based on demeanor evidence, or internal inconsistencies in his testimony, but derived almost exclusively from the Immigration Judge's opinion that Mr. Echavarria's explanation of the circumstances surrounding the conviction was "incredible."

A timely appeal was taken to the Board of Immigration Appeals, which appeal was dismissed on May 4, 1995. This denial was sustained on direct appeal by the Fifth Circuit. On or about June 20, 1995, Mr. Echavarria filed a motion to reconsider, and upon reconsideration of the Board's decision, to reopen deportation proceedings. Points and Authorities in support thereof were filed on July 18, 1995, and thereafter, supplemental Points and Authorities, and exhibits, were filed as they became available.

Most importantly, in July of 1996, based on a new regulation

2

permitting reopening of applications for §212(c) relief for the presentation of additional evidence in support of the application, 8 C.F.R. §3.2(c)(1), published June 26, 1996, 61 FR 32924, Mr. Echavarria filed a document entitled "Supplemental Points and Authorities In Support Of Respondent's Motion to Reconsider And Reopen, In Light Of 8 C.F.R. §3.2(c)(1). Said pleading addressed the changed circumstances since his initial hearing, and tendered further evidence in support of his application.

Additional Points and Authorities, addressing the impact of §440(d) of the Antiterrorism and Effective Death Penalty Act (AEDPA), were filed in 1997. There the matter rested, until February 27, 2001, when the Board denied both Mr. Echavarria's motion to reconsider, and his motion to reopen. The latter was denied, however, on the basis of an erroneous interpretation of the law, to wit, that Mr. Echavarria was no longer eligible for reopening, because he no longer maintained his status as a lawful permanent resident.

## II.  THE CAUSE OF ACTION
### A.  JURISDICTION

This Honorable Court has jurisdiction in habeas corpus, pursuant to 28 U.S.C. §2241. This jurisdiction encompasses errors of law, as well as constitutional violations. *See, INS v. St. Cyr*, 121 S.Ct. 2271 (2001). It therefore encompasses Mr. Echavarria's claim that the Board erred in concluding that he was statutorily ineligible for the relief sought, and that therefore his "motion to reopen will necessarily fail for failure to meet the most basic requirements") (Exhibit A, at page 2). Petitioner is in custody within the meaning of §2241, in that he is under a final order of deportation, and was, when the instant action was filed, under an order that he report for deportation on August 3, 2001.

3

## B. THE BOARD'S DECISION WAS INCORRECT AS A MATTER OF LAW

### 1. UNDER *ST. CYR*, WHERE THE BIA INCORRECTLY CONCLUDES THAT AN INDIVIDUAL IS STATUTORILY INELIGIBLE FOR THE FORM OF DISCRETIONARY RELIEF SOUGHT, THAT DECISION MUST BE VACATED, AND THE CASE REMANDED.

In *INS v. St. Cyr, supra,* the Supreme Court made two rulings which are directly applicable herein. First, the Court held that the provisions of the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA) limiting judicial review of a final order of removal did not deprive the federal district court of habeas jurisdiction under 28 U.S.C. §2241 over a challenge to the BIA's (erroneous) conclusion that the petitioner was statutorily ineligible for discretionary relief from removal. *Id.* at *10.

The Court also held that the provisions of AEDPA and IIRIRA which preclude aliens who are removable because of a conviction for an aggravated felony from applying for discretionary relief did not apply retroactively to those who pled guilty to the underlying offenses prior to statutes' enactment. *Id.* at *12.

The instant deportation order is also based on an erroneous legal conclusion. 8 C.F.R. §3.2(c)(1) provides that (emphasis added):

> Subject to the other requirements and restrictions of this section, **and notwithstanding the provisions in §1.1(p) of this chapter**, [2] a motion to reopen proceedings for consideration or further consideration of an application for relief under section 212(c) of the Act (8 U.S.C. 1182(c)) may be granted if the alien demonstrates that he or she was statutorily eligible for

---

[2] Said provision defines the term lawfully admitted for permanent resident, and specifies that such status "terminates upon entry of a final administrative order of exclusion or deportation."

4

such relief prior to the entry of the administratively final order of deportation.

There is no question but that Mr. Echavarria was statutorily eligible for §212(c) relief at the time of the administratively final order of deportation. The Immigration Judge so held, and the BIA sustained this finding. Since this was the sole basis upon which the Board denied Petitioner's motion to reopen, the order of deportation must be vacated, and the case remanded to the BIA.[3]

> 2. IN THE ALTERNATIVE, THE BOARD'S FAILURE TO FOLLOW ITS OWN REGULATIONS IS A DUE PROCESS VIOLATION FROM WHICH MR. EHCAVARRIA SUFFERED SUBSTANTIAL PREJUDICE

In the alternative, it has long been held that INS' failure to follow its own regulations, even those which are not required by statute or the Constitution, is a Due Process violation, and, when coupled with substantial prejudice, constitutes grounds for reversal. *See, Chike v. INS*, 948 F.2d 961 (5th Cir.1991) (alien was deprived of significant liberty interest without due process when he was not given notice of briefing schedule by the BIA, to enable him to present brief to that forum, and the denial of opportunity to be heard was, in and of itself, substantial prejudice).

The erroneous denial of Mr. Echavarria's motion to reopen caused him substantial prejudice. The only difference between his case,

---

[3] If the Board's reasoning herein were correct, it would apply equally to all the Petitioners in the *Cantu-Salinas* series who complained that the BIA's denial of their motions to reopen under AEDPA §440(d) was incorrect as a matter of law, and none of these cases could have been reopened for further proceedings on the §212(c) applications. *See also, Lerma de Garcia v. Trominski*, No. B-97-150, remanded by the Fifth Circuit for a determination of whether her counsel was ineffective because she gave Ms. Lerma de Garcia erroneous advise regarding the date of her hearing.

5

and those of immigrants such as Jorge Elizondo-Garza, CA B-97-151, and a number of others in the *Cantu-Salinas* series, is that the BIA denied their motions to reopen on the erroneous basis that they were no longer eligible for §212(c) relief because of AEDPA §440(d), whereas in the case at bar, it was denied on the erroneous basis that he was no longer eligible for §212(c) relief, because he had lost his status as an LPR. Mr. Elizondo, and the others in his situation, have been granted new hearings on their §212(c) applications. Mr. Echavarria should be afforded the same treatment.

Petitioner can also demonstrate substantial prejudice in that, under *Matter of Arreguin,* 21 I&N Dec. 38 (BIA 1995), he would in all likelihood be granted relief. His equities, particularly his ability to show rehabilitation, are far greater than the applicant in that case, and the negative factors, as indicated by the sentence imposed by the respective federal courts, far less severe. Ms. Arreguin was granted §212(c) relief, even though she was still incarcerated for her offense. Mr. Echavarria can demonstrate over eight years of perfectly law-abiding conduct following his release, and even greater hardship to his family in the United States.

### III. INS' MOTION TO DISMISS FOR LACK OF JURISDICTION

INS asserts that this Court lacks jurisdiction over the instant case because Mr. Echavarria is no longer a lawful permanent resident. (INS:4-5). This is patently incorrect. The Petitioner's status as a lawful permanent resident is not a jurisdictional requirement under 28 U.S.C. §2241. Moreover, by definition, anyone seeking review of a final order of deportation is no longer a permanent resident, since, as INS correctly notes, (INS:4), that status terminates with the administratively final deportation order. *Rivera v. INS*, 810 F.2d 540 (5th Cir. 1987).

INS also acknowledges that, under 8 C.F.R. §3.2(a), Mr. Echevarria was eligible to have his case reopened for further consideration of his application for §212(c) relief, (INS:5), and appears to argue that, because the Board had the discretion to grant or deny the motion, the denial was necessarily an exercise of discretion.[4]

IV. ARGUMENT

This is simply factually incorrect. As the Board clearly stated, Exhibit A, at page 2 (footnote omitted) (emphasis added):

> In the matter before us, the Board's dismissal of the respondent's appeal rendered it administratively final, and as the respondent is no longer a lawful permanent resident of the United States, he cannot establish *prima facie* eligibility for a waiver of inadmissibility under section 212(c) of the Act. See *Garcia-Hernandez v. INS*, 821 F.2d 222,224 (5th Cir. 1987) (alien no longer statutorily eligible for section 212(c) relief because with the order of deportability, upheld on appeal, his lawful permanent domicile was relinquished when his resident status was terminated). **As such, the respondent's motion to reopen will necessarily fail for failure to meet the most basic of requirements.** ...

Under the regulations as in effect before 8 C.F.R. §3.2(c)(1) was promulgated, this would have been true. However, since motions to reopen, and the requirements for same, are creatures of regulation,

---

[4] The original order of deportation, entered August 22, 1994, and sustained both by the BIA, and the Fifth Circuit, is not at issue herein. That does not, however, deprive the Court of jurisdiction over the denial of the motion to reopen, which is itself considered to be a final order of deportation. See, e.g., *Lerma de Garcia v. INS*, 141 F.3d 215 (5th Cir. 1998) "Petitioner, Juana Maria Lerma de Garcia, challenges the Board of Immigration Appeals ("BIA") final order of deportation issued on April 29, 1997," i.e., the denial of her (fourth) motion to reopen.

7

rather than statute, the change in the regulations effected a change in the law. INS does not dispute this. It is not a defense to a denial of a motion to reopen based on an erroneous interpretation of the law that the Board would have had the authority to deny that motion in the exercise of discretion. *Lerma de Garcia, supra*. Here, the Board committed an error of law, and the Order based thereon must be vacated. In addition, the failure of the Board to follow its own regulations is a Due Process violation, and where, as here, that violation is coupled with substantial prejudice, the resulting order must be vacated.

## IV. CONCLUSION

It is therefore respectfully urged that INS' motion to dismiss be denied, the BIA's Order of February 27, 2001, be vacated, on the grounds that the Order was based on an erroneous interpretation of the law, and that the Board failed to follow its own regulations, to Mr. Echavarria's substantial prejudice. As a result, it is urged that the case remanded to the Board with instructions to grant Petitioner's motion to reopen, and remand the case to the Immigration Judge for further proceedings on his application for relief under §212(c) of the Act, pursuant to 8 C.F.R. §3.2(c)(1).

Respectfully Submitted,

*/s/ Lisa S. Brodyaga*

Lisa S. Brodyaga, Attorney at Law
17891 Landrum Park Road
San Benito, TX 78586
(956) 421-3226
(956) 421-3423 (fax)
Federal I.D. No. 1178
Texas Bar No. 03052800

8

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was mailed, first-class postage prepaid, to Lisa Putnam, SAUSA, P.O. Box 1711, Harlingen, Texas 78551 on this 9th day of October, 2001.

_____