

7

United States District Court
Southern District of Texas
FILED

OCT 2 2 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JORGE LUIS ECHAVARRIA-CHAPA )
)
    Petitioner, )
)
v. ) CIVIL ACTION NO.
) B-01-128
E.M. TROMINSKI, DISTRICT )
DIRECTOR, IMMIGRATION & )
NATURALIZATION SERVICE, and )
JOHN ASHCROFT, ATTORNEY )
GENERAL, UNITED STATES, )
)
    Respondents )
_____ )

RESPONDENTS' REPLY TO PETITIONER'S
OPPOSITION TO MOTION TO DISMISS

COME NOW, the Respondents, by and through Gregory A. Serres,

United States Attorney for the Southern District of Texas, and file

this Reply to Petitioner's Opposition to Motion to Dismiss the

Petition for Writ of Habeas Corpus.

First, it must be made clear that the Respondents do not

contend that this Court lacks jurisdiction over this case because

the Petitioner is no longer a lawful permanent resident. It is

unclear how the Petitioner drew this conclusion, but that is not

the position of the Respondents. The Respondents argue that this

Court lacks subject matter jurisdiction over this matter because

the validity of the decision denying the Petitioner's application for relief pursuant to 8 U.S.C. §1182(c), §212(c) of the Immigration and Nationality Act ("Act") has been considered, reconsidered, reviewed and sustained by all the appropriate courts, thus divesting the Petitioner of his lawful permanent resident status.

The Petitioner contends that he was deprived of some right when, on February 27, 2001, the Board of Immigration Appeals ("Board") denied his request to reconsider and reopen his case. Petitioner continues to argue that the Board was obligated to grant his motion to reopen and reconsider. He cites to the regulations that deal with motions to reopen. Based on the revisions to 8 C.F.R. §3.2(c)(1) (allowing aliens who had lost their lawful permanent resident status as a result of an administratively final deportation order to file a motion to reopen), the Petitioner (having lost his lawful permanent resident status) presented a motion to the Board again challenging the credibility finding and the balancing of equities.

The Board's decision is well reasoned. The Board, in its February 27, 2001, decision, determined that the Petitioner's motion was more appropriately characterized as a motion to reconsider instead as a motion to reopen. *See* Government Exh. F attached to the Respondents' Return and Motion to Dismiss the

2

the Board and then to the Fifth Circuit Court of Appeals.    Both
Courts affirmed the lower court ruling.

Since the Petitioner was in deportation proceedings, was
afforded a hearing on his application for relief from deportation,
which was denied, and took advantage of all his avenues of review,
this case is distinguishable from *St. Cyr*.  The holding in *St. Cyr*
regarding the eligibility for relief is inapplicable to this case
and should not be considered.

As to the cases in the *Cantu-Salinas* series, those also are
distinguishable from this case.  Like this case, the *Cantu-Salinas*
cases were deportation cases.  However, they were cases that did
not have administratively final orders at the time of the enactment
of Antiterrorism and Effective Death Penalty Act of 1996, Pub. L.
No. 104-132, 110 Stat. 1214 (April 24, 1996) ("AEDPA").  The
enactment of AEDPA eliminated relief pursuant to 8 U.S.C. §1182(c),
§212(c) of the Act, for certain aliens convicted of certain crimes.
Since the cases in *Cantu-Salinas* were not final, the immigration
judge or the Board was able to deny the application for relief
based on statutory ineligibility because of AEDPA.    Later,
regulations were promulgated to allow aliens so situated to reopen
their cases to apply for relief pursuant to 8 U.S.C. §1182(c),
§212(c) of the Act.

6

ClibPDF - www.fastio.com

Obviously, this is not the case here. The Petitioner was afforded an opportunity to present his case on the merits before an immigration judge. Once the application was denied, he took advantage of all his avenues of appeal. All courts sustained the lower court ruling and the Petitioner lost his lawful permanent resident status. The changes to the immigration law that came with the enactment of AEDPA were never applied to this case. The Petitioner's case is not like those cases in the *Cantu-Salinas* series and should not be considered in such a light.

The Board's denial of Petitioner's motion was a permissible exercise of discretion. The denial was not based on the Petitioner having lost his lawful permanent resident status as of May 4, 1995, the date the Board entered its previous decision in this case. The validity of Board's May 4, 1995, decision was affirmed by the Fifth Circuit Court of Appeals. The Board found no reason to disturb its previous decision after considering the Petitioner's arguments presented in his motion to reconsider and reopen.

## CONCLUSION

For all the reasons stated above and in the Respondents' Return and Motion to Dismiss, this Court should dismiss this petition for writ of habeas corpus for lack of jurisdiction.

Respectfully submitted,

FRANK W. HUNGER
Assistant Attorney General
Civil Division

GREGORY A. SERRES
United States Attorney
Southern District of Texas

LISA M. PUTNAM
Special Assistant U.S. Attorney
P.O. Box 1711
Harlingen, Texas 78551
Tel: (956) 389-7051
Georgia Bar No. 590315
Federal Bar No. 23937

October _22_, 2001

8

ClibPDF - www.fastio.com

# CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Respondents' Reply to Petitioner's Opposition to Motion to Dismiss Petition for Writ of Habeas Corpus was mailed via first class mail, postage prepaid to:

Lisa Brodyaga, Esquire
Refugio Del Rio Grande
17891 Landrum Park Rd.
San Benito, TX  78586

on this 22nd day of October, 2001.


LISA M. PUTNAM
Special Assistant United States Attorney

9