UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

OCT 3 0 2001

| | | |
|---|---|---|
| JORGE LUIS ECHAVARRIA-CHAPA | ) | |
| | ) | |
| v. | ) | C.A. No. B-01-128 |
| | ) | |
| E.M. TROMINSKI, INS DISTRICT | ) | |
| DIRECTOR, and | ) | |
| JOHN ASHCROFT, UNITED STATES | ) | |
| ATTORNEY GENERAL. | ) | |

PETITIONER'S REQUEST FOR STATUS CONFERENCE, OR ORAL ARGUMENT,
WITH RESPECT TO RESPONDENT'S MOTION TO DISMISS

Jorge Luis Echavarria, by and through the undersigned, and pursuant
to LR7.5, files the instant request for a Status Conference or for
oral argument with respect to Respondent's Motion To Dismiss his
Petition for Writ of Habeas Corpus, and his opposition thereto.

The case at bar challenges the BIA's denial of Mr. Echavarria's
motion to reopen. No other Court has ever reviewed this denial.
Petitioner sought both reconsideration, and reopening. The latter
request was based, in pertinent part, on a regulation promulgated
in 1996, 8 C.F.R. §3.2(c)(1). Said regulation permits reopening of
otherwise final deportation proceedings for the presentation of
additional evidence in support of a previously denied application
for §212(c) relief, regardless of whether the applicant is still a
permanent resident, so long as he was eligible for such relief at
the time of the original deportation order. Mr. Echavarria
qualified for, and specifically requested reopening under its
provisions. In accordance with the plain language thereof, he
attempted to bring to the attention of the BIA the changed
circumstances since his initial hearing, and to tender further
evidence in support of his application.

However, on February 27, 2001, the Board denied both Mr.
Echavarria's motion to reconsider, and his motion to reopen.
Notwithstanding the explicit language of 8 C.F.R. §3.2(c)(1), the
Board overlooked its provisions, and denied the motion solely on
the basis of an erroneous interpretation of the law, to wit, that
Mr. Echavarria was ineligible for reopening, because he no longer
maintained his status as a lawful permanent resident, and that, as
a result, his "motion to reopen will necessarily fail for failure
to meet the most basic requirements." (Exhibit A, at page 2).

It is this error of law that Mr. Echavarria challenges in habeas
corpus, pursuant to 28 U.S.C. §2241. This jurisdiction encompasses
errors of law, as well as constitutional violations. *See, INS v.
St. Cyr,* 121 S.Ct. 2271 (2001).

INS previously acknowledged that 8 C.F.R. §3.2(c)(1) permitted Mr.
Echevarria to have his case reopened for further consideration of
his application for §212(c) relief, and appeared to argue that the
Board's denial was therefore necessarily an exercise of discretion,
(Motion to Dismiss, at page 5) (emphasis in original):

> [T]he Petitioner claims that the Board erred in denying
> his motion to reconsider and reopen on February 27, 2001.
> The Board, in reviewing [said motion], was not required
> to reopen his case. ... Even under the provision cited by
> the petitioner, the Board is not obligated to reopen the
> Petitioner's case. "A motion to reopen proceedings for
> consideration or further consideration of an application
> for relief under section 212(c) of the act **may** be granted
> ... ." 8 C.F.R. §3.2(c)(1) (emphasis added). Such a
> grant is not mandatory.

In its current pleading, Respondent's Reply to Petitioner's
Opposition To Motion To Dismiss, hereinafter cited as (INS:__), at
page 7, INS repeats this claim:

2

> The Board's denial of Petitioner's motion was a
> permissible exercise of discretion. The denial was not
> based on the petitioner having lost his lawful permanent
> resident status as of May 4, 1995, the date the Board
> entered its previous decision in this case. The validity
> of [the] Board's May 4, 1995, decision was affirmed by
> the Fifth Circuit Court of Appeals. The Board found no
> reason to disturb its previous decision after considering
> the Petitioner's arguments presented in his motion to
> reconsider and reopen.

But the Board did not deny Mr. Echavarria's motion on discretionary grounds. Rather, it incorrectly held that he was not eligible for reopening, because he was no longer an LPR. Petitioner does not claim that reopening itself is "mandatory." Rather, he claims that the Board erred, as a matter of law, in failing to recognize that it had the power, i.e., the discretion, to grant such a motion. [1]

In the above passage, INS also appears to attach significance to the fact that the denial of Petitioner's §212(c) application had been upheld on direct appeal. This would certainly undercut any claim that the BIA erred in not *reconsidering* its initial denial. However, the motion to *reopen* attempted to take advantage of the

---

[1] INS claims, (INS:3,n.1), that this regulation "does not create the right to have his case reopened, just the right to make the motion." Petitioner does not claim a "right to have his case reopened." Rather, he claims the right to have his motion, which INS concedes he has a "right" to bring, adjudicated on its merits, under the correct legal standards. *INS v. St. Cyr, supra. See also, United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260,268 (1954); *United States ex rel. Hintopoulos v. Shaughnessy*, 353 U.S. 72 (1957). In *Accardi*, the Court reversed the denial of discretionary relief because the agency had exercised its discretion in a manner inconsistent with "existing valid regulations." *Id.* at 268. In *Accardi*, the majority ruled in favor of the alien over the specific objection of the dissent that habeas review did not extend to the denial of discretionary relief, and was available only to challenge the finding of deportability.

provisions of §3.2(c)(1), which allows him to establish *new facts* which had arisen after the initial denial, and which therefore, by definition, were not involved in the direct appeal. [2]

INS now attempts to make the following distinction, (INS:1-2):

> [I]t must be made clear that the Respondents do not contend that this Court lacks jurisdiction over this case because the Petitioner is no longer a lawful permanent resident. ... The Respondents argue that this Court lacks subject matter jurisdiction over this matter because the validity of the decision denying the Petitioner's application for relief pursuant to 8 U.S.C. §1182(c), §212(c) of the Immigration and Nationality Act ("Act") has been considered, reconsidered, reviewed and sustained by all the appropriate courts, thus divesting the Petitioner of his lawful permanent resident status.

This is misleading, if not simply incorrect. The decision challenged herein has not been reviewed by any other court. The fact that it involved a motion to reopen, rather than a direct appeal, is irrelevant. [3] INS asserts that it does not contend that

---

[2] At least one of the Petitioners in the *Cantu* series whose case involved a motion to reopen also lost his direct appeal to the Fifth Circuit, prior to the enactment of AEDPA. *See, Barrera-Garcia v. INS,* 87 F.3d 1312 (Table) (5th Cir. May 17, 1996). This did not render him ineligible for reopening under §3.2(c)(1), or excuse the denial of his motion to reopen on the erroneous grounds that AEDPA §440(d) retroactively rendered him ineligible for §212(c) relief.

[3] The original order of deportation, entered August 22, 1994, and sustained both by the BIA, and the Fifth Circuit, is not at issue herein. That does not, however, deprive the Court of jurisdiction over the denial of the motion to reopen, which is itself considered to be a final order of deportation. *See, e.g., Lerma de Garcia v. INS,* 141 F.3d 215 (5th Cir. 1998) "Petitioner, Juana Maria Lerma de Garcia, challenges the Board of Immigration Appeals ("BIA") final order of deportation issued on April 29, 1997," i.e., the denial of her (fourth) motion to reopen. *Lerma* held that any challenge to this denial had to be heard in habeas

4

this Court lacks jurisdiction *because* Petitioner is no longer a
permanent resident. Yet INS would have this Court affirm the BIA's
denial of his motion to reopen precisely on that basis. (INS:3):

> In analyzing the Petitioner's motion as a motion to
> reopen, the Board determined that the Petitioner failed
> to make a prima facie showing that he was eligible for
> reopening. Having lost his permanent resident status
> upon the entry of the May 4, 1995, decision, the
> Petitioner was no longer eligible for relief pursuant to
> 8 U.S.C. §1182(c), §212(c) of the Act. *Id.* at p. 1-2.
> Therefore, the Board found that his motion, as a motion
> to reopen, failed. [4]

While accurate as a summary of the holding of the BIA, INS fails to
recognize that this holding was incorrect as a matter of law.

Further, INS' attempt to distinguish the *Cantu-Salinas* series is
factually incorrect. *See*, (INS:5) ("[the *Cantu-Salinas* Petitioners]
did not have administratively final orders at the time of the
enactment of [AEDPA]"). In fact, in a great many of the *Cantu-
Salinas* cases the BIA had denied §212(c) relief before the
enactment of AEDPA, and the Petitioners challenged the denial of
motions to reopen, most of which were brought under 8 C.F.R.
§3.2(c)(1). [5] All of these Petitioners had "administratively final

---

corpus. *See also*, *Lerma de Garcia v. Trominski*, No. B-97-150
(S.D.Tx), where that challenge is currently pending.

[4] This appears to contradict INS' assertion, (INS:7), quoted
above, that the "denial was not based on the petitioner having lost
his lawful permanent resident status as of May 4, 1995, the date
the Board entered its previous decision in this case."

[5] Without attempting to identify all such cases, those which
involved motions to reopen under 8 C.F.R. §3.2(c)(1) include the
following: *Chavez-Ortiz v. Trominski,* B-97-140; *Barrera-Garcia v.*

orders at the time of the enactment of [AEDPA]," and in at least one, *Barrera-Garcia*, *supra*, the denial of §212(c) relief had been unsuccessfully appealed to the Fifth Circuit, prior to AEDPA.

Similarly, two of the post-*Cantu* cases, where emergency hearings had to be held on INS' claim that the Court lacked jurisdiction because a new administrative remedy was available, (the so-called *Soriano* regulations), also involved motions to reopen under §3.2 (c)(1), where §212(c) relief had been denied long before AEDPA. [6]

In those cases as well, the BIA denied motions to reopen on the basis of an incorrect interpretation of the law. [7] Those cases were, in that sense, procedurally indistinguishable from the one at bar. The only difference is the **content** of the legal error. In the above-cited *Cantu* and post-*Cantu* cases, it was the (erroneous) conclusion that they were ineligible for reopening of their §212(c) applications, under 8 C.F.R. §3.2(c)(1), because AEDPA §440(d) applied retroactively. In the case at bar, it was the (erroneous) conclusion that Petitioner could not reopen his application for §212(c) relief, under §3.2(c)(1), because he had lost his status as a permanent resident with the original deportation order.

---

*Trominski*, C.A. B-97-153; *Ramirez-Conde v. Trominski,* C.A. B-97-152; *Elizondo-Garza v. Trominski,* C.A. B-97-151; *Jimenez-Orosco v. Trominski*, C.A. B-97-223; *Montiel v. Trominski*, C.A. B-97-146; and *Rojas de Noriega v. Trominski*, C.A. B-97-148.

[6] *See, Vargas-Lazarit v. Trominski,* No. C.A. B-00-100, and *Dominguez-Infante v. Trominski*, No. C.A. B-99-051.

[7] If the Board's ruling herein were correct, none of the above-cited petitioners would have been eligible for relief, quite independently of the retroactivity of AEDPA §440(d). By definition, they had all had lost their status as LPRs, or they would not have had to file motions to reopen their deportation proceedings!

In light of the various erroneous and misleading statements of law and fact in INS' recent pleadings, it is therefore respectfully urged that this Honorable Court conduct a status conference, or grant oral argument, with respect to INS' motion to dismiss.

In the alternative, it is urged that said motion be denied, the BIA's Order of February 27, 2001, be vacated, on the grounds that the Order was based on an erroneous interpretation of the law, and that the Board failed to follow its own regulations, to Mr. Echavarria's substantial prejudice. As a result, it is urged that the case remanded to the Board with instructions to grant Petitioner's motion to reopen, and remand the case to the Immigration Judge for further proceedings on his application for relief under §212(c) of the Act, pursuant to 8 C.F.R. §3.2(c)(1).

Respectfully Submitted,

Lisa S. Brodyaga, Attorney at Law
17891 Landrum Park Road
San Benito, TX 78586
(956) 421-3226
(956) 421-3423 (fax)
Federal I.D. No. 1178
Texas Bar No. 03052800

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was mailed, first-class postage prepaid, to Lisa Putnam, SAUSA, P.O. Box 1711, Harlingen, Texas 78551 on this 29th day of October, 2001.

7

## CERTIFICATE OF ATTEMPTED CONSULTATION

I, Lisa S. Brodyaga, hereby certify that on Friday, October 26, 2001, I attempted to call Lisa Putnam, SAUSA, with respect to the above case, and was advised that she would be out of the office until Monday, October 29, 2001.

8