

NOV 23 2001

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| JORGE LUIS ECHAVARRIA-CHAPA ) | |
| ) | |
| v.                          ) | C.A. No. B-01-128 |
| ) | |
| E.M. TROMINSKI, INS DISTRICT ) | |
|    DIRECTOR, and             ) | |
|    JOHN ASHCROFT, UNITED STATES ) | |
|    ATTORNEY GENERAL.         ) | |
| _____) | |

SUPPLEMENTAL POINTS AND AUTHORITIES IN SUPPORT OF
PETITIONER'S OPPOSITION TO RESPONDENT'S MOTION TO DISMISS

Jorge Luis Echavarria, by and through the undersigned, and files the instant Supplemental Points and Authorities in Support of his pending Opposition to Respondent's Motion To Dismiss his Petition for Writ of Habeas Corpus.

The case at bar challenges the BIA's denial of Mr. Echavarria's motion to reopen, which was based, in pertinent part, on a regulation promulgated in 1996, 8 C.F.R. §3.2(c)(1). Said regulation permits reopening of otherwise final deportation proceedings for the presentation of additional evidence in support of a previously denied application for §212(c) relief, regardless of whether the applicant is still a permanent resident, so long as he was eligible for such relief at the time of the original deportation order. Mr. Echavarria qualified for, and specifically requested reopening under its provisions. In accordance with the plain language thereof, he attempted to bring to the attention of the BIA the changed circumstances since his initial hearing, and to tender further evidence in support of his application.

However, on February 27, 2001, the Board denied both Mr. Echavarria's motion to reconsider, and his motion to reopen.

Notwithstanding the explicit language of 8 C.F.R. §3.2(c)(1), the BIA overlooked its provisions, and denied the motion solely on the basis of an erroneous interpretation of the law, to wit, that Mr. Echavarria was ineligible for reopening, because he no longer maintained his status as a lawful permanent resident, and that, as a result, his "motion to reopen will necessarily fail for failure to meet the most basic requirements." (Exhibit A, at page 2).

That this is erroneous as a matter of law can be seen from the attached decision of the Board of Immigration Appeals in the case of Amalio Galvan-Venegas, A35 865 487, which case is procedurally identical to that of Mr. Echavarria, in all aspects except the result. (Petitioner's Exhibit E, herein incorporated by reference).

Mr. Galvan is also a lawful permanent resident, who was placed under deportation proceedings as a result of a conviction for an offense involving a controlled substance, and whose application for §212(c) relief was denied by the BIA. In Mr. Galvan's case, it was denied on September 27, 1991. On January 8, 1995, he filed a motion to reconsider that denial, and, in a "subsequent filing entitled 'points and authorities,' [he] also reassert[ed] his claim for relief under section 212(c) of the Act." *Id.*.

Although said "Points and Authorities" primarily addressed AEDPA §440(d), as in the case at bar, Mr. Galvan also invoked 8 C.F.R. §3.2(c)(1), (Petitioner's Exhibit F, herein incorporated by reference), asserting that under said provision:

> [H]e was entitled to seek reopening for the purpose of presenting additional evidence in support of his application for Section 212(c) relief.

Also like the case at bar, for unknown reasons, the Board did not

2

deny his motion, pursuant to the Attorney General's decision in *Matter of Soriano,* 21 I&N Dec. 516 (BIA 1996; AG 1997), as occurred with all of the petitioners in the *Cantu* series. Instead, on June 13, 2001, the BIA granted his motion, and remanded the case to the Immigration Judge, for the presentation of additional evidence.[1]

In its opinion in *Galvan,* the Board discussed the various changes of law that had occurred during the pendency of his motion, and concluded by noting that, because his case "clearly commenced prior to 1996, he remains eligible for relief." (Exhibit E). For the same reasons, it is respectfully urged that Mr. Echavarria also remains eligible for §212(c) relief.

Respectfully Submitted,


Lisa S. Brodyaga, Attorney at Law
17891 Landrum Park Road
San Benito, TX 78586
(956) 421-3226
(956) 421-3423 (fax)
Federal I.D. No. 1178
Texas Bar No. 03052800

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing, with Exhibits E and F, were mailed, first-class postage prepaid, to Lisa Putnam, SAUSA, P.O. Box 1711, Harlingen, Texas 78551 on this 19th day of November, 2001.

---

[1] Indeed, there was even a "Dissenting Opinion," in which it was argued that in light of the evidence which had been presented, and given INS' failure to contest that evidence, §212(c) relief should simply be granted, rather than sending the case back for additional proceedings before the Immigration Judge. (Exhibit E).

3

```
                    UNITED STATES DISTRICT COURT
                 FOR THE SOUTHERN DISTRICT OF TEXAS
                        BROWNSVILLE DIVISION
```

JORGE LUIS ECHAVARRIA-CHAPA,    )
                                )
v.                              )          C.A. No. B-01-128
                                )
E.M. TROMINSKI, INS DISTRICT    )
     DIRECTOR, ET AL.           )
_____ )


EXHIBIT "E" IN SUPPORT OF PETITION
FOR WRIT OF HABEAS CORPUS



# U.S. Department of Justice

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5201 Leesburg Pike, Suite 1300*
*Falls Church, Virginia 22041*

| | |
|---|---|
| **Brodyaga, Lisa, Esquire**<br>**17891 Landrum Park Road,**<br>**San Benito, TX 78586-0000** | **Office of the District Counsel/HL**<br>**P.O. Box 1711**<br>**Harlingen, TX 78551** |

**Name: GALVAN-VENEGAS, AMALIO**          A35-865-487

<u>D</u>ate of this notice: 06/13/2001

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Very Truly Yours,

*Lori Scialabba*

Lori Scialabba
Acting Chairman

Enclosure

Panel Members:
    MATHON, LAUREN R.
    ROSENBERG, LORY D.
    VILLAGELIU, GUS

**U.S. Department of Justice**
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

---

File: A35 865 487 - Harlingen

Date: JUN 13 ...

In re: AMALIO GALVAN-VENEGAS

IN DEPORTATION PROCEEDINGS

MOTION

ON BEHALF OF RESPONDENT: Lisa S. Brodyaga, Esquire

CHARGE:

 Order: Sec. 241(a)(11), I&N Act [8 U.S.C. § 1251(a)(11)] -
 Convicted of controlled substance violation

APPLICATION: Reopening and reconsideration

---

 This case was last before us on September 27, 1991, when we dismissed the respondent's appeal of an Immigration Judge's October 12, 1990, decision denying his application for a waiver of inadmissibility under section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c). On January 8, 1995, the respondent filed a motion to reconsider our decision, arguing that his previous attorney was ineffective. In a subsequent filing entitled "points and authorities," the respondent also reasserts his claim for relief under section 212(c) of the Act. Finally, in a "supplement to the motion," the respondent asserts that due to the passage of time, additional equities in his case warrant reopening or a remand in order to allow him to apply for suspension of deportation.

 Since the time of the respondent's hearing and appeal many changes have taken place which limited aliens' ability to apply for relief from deportation and particularly, relief under section 212(c) of the Act.[1] Most recently, however, the Attorney General has issued a rule stating that these rules which would have made the respondent ineligible for such relief will not apply to an alien whose deportation proceedings commenced prior to AEDPA's enactment. *See* 66 Fed. Reg. 6436 (2001) (to be codified at 8 C.F.R. §§ 3.44, 212.3(g)). Therefore, as the respondent's case clearly commenced prior to 1996, he remains eligible for relief. In light of these as well as other immigration law changes, and the fact that over ten years have passed since the Immigration Judge's decision, we find adequate grounds to grant the respondent's motion to reconsider. However, in order to allow the Immigration and Naturalization Service an opportunity to rebut any new evidence which the respondent may seek to present, we will remand proceedings to the Immigration Judge

---

[1] *See, e.g.,* section 440(d) of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, 1277 (enacted April 24, 1996) (AEDPA), as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 3009-546 (IIRIRA); *Matter of Soriano,* 21 I&N Dec. 516 (BIA 1996; AG 1997).

A35 865 487

for a determination as to the respondent's eligibility for relief from deportation. *See Matter of Patel,* 16 I&N Dec. 600, 601 (BIA 1978) (noting that with certain exceptions, the remand of a case by this Board is effective for not only the stated purpose of the remand, but also for consideration of any and all matters which the Immigration Judge deems appropriate).

ORDER: The respondent's motion to reconsider, reopen and remand is granted and the record of proceedings is remanded to the Immigration Judge for further proceedings consistent with this order.

_____
FOR THE BOARD

2

**U.S. Department of Justice**
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

---

File: A35 865 487 - Harlingen

Date: JUN 13 2001

In re: AMALIO GALVAN-VENEGAS

*DISSENTING OPINION*: Lory Diana Rosenberg, Board Member

I respectfully dissent. The respondent's last filing was submitted on September 8, 1999, and the Immigration and Naturalization Service has not filed any opposition or rebuttal to that evidence in the nearly 2 years since that last filing. This clearly is not a "stale" record and there will be no prejudice to the Service if the issues presented are finally adjudicated at the appellate level.

I find no reason to remand in order to allow the Service additional opportunities to present evidence when they have not opposed the motion or availed themselves of the opportunity to respond in these proceedings. Rather, I would grant the respondent's motion to reconsider and vacate our previous order affirming the Immigration Judge's denial of relief.

The respondent, a native and citizen of Mexico, was essentially convicted of possession with the intent to distribute heroin in 1985. At the time we affirmed the Immigration Judge's decision denying the respondent relief in 1991, we agreed with the Immigration Judge that the respondent had failed to establish unusual and outstanding equities to offset the seriousness of his conviction. Although the respondent's conviction remains a serious negative factor, I find that with the passage of a significant amount of time, sufficient positive factors exist to warrant granting the requested relief. *See Matter of Marin*, 16 I&N Dec. 581, 585 (BIA 1978) (in adjudicating a 212(c) application, we balance the adverse factors evidencing the applicant's undesirability as a permanent resident with the social and humane considerations presented in his behalf.

The respondent has been a lawful permanent resident since 1976 and has lived in the United States for over a quarter century. In addition, the respondent has substantial familial ties in the United States, including his mother, father, numerous siblings, his wife, and three United States citizen children. Nearly all of the respondent's other relatives are United States citizens or legal permanent residents. Moreover, the respondent's children, who ranged from six months to 13 years old at the time of the hearing are obviously quite a bit older now and would not likely adjust well to living in Mexico, assuming they would accompany the respondent upon deportation.

Without recounting all of the testimony presented during the hearing, which is well-documented by the Immigration Judge in his decision, I note that the crime committed by the respondent occurred 16 years ago. Several members of the respondent's family testified on his behalf, stating that he is not known to use drugs or alcohol. The record does not contain any evidence that the respondent has committed any crime or violated the law in any way since his release from prison over twelve years ago.

Furthermore, there was much evidence presented to show that the respondent made the most of his time in prison. He worked hard, was apparently well-liked and free of confrontation, and was

A35 865 487

to take courses to obtain his high school diploma and learn English as a second language. It is clear that the respondent did and continues to show evidence of rehabilitation which is a significant positive factor, particularly in light of the number of years since his conviction and prison time. *See Matter of Roberts*, 20 I&N Dec. 294 (BIA 1991) (stating that in light of the recency of the alien's conviction, a strong showing of rehabilitation would be required).

The witnesses also testified that the respondent helps his family, including his parents, financially, and is a responsible and loving father. The witnesses stated that the respondent's deportation would cause much emotional and financial hardship to the entire family. The evidence presented in support of the respondent's motion supports this assertion. Furthermore, it is difficult to conceive of an adverse discretionary factor that conceivably could overcome the cumulative weight of the positive factors of the respondent's length of residence, family ties, efforts at rehabilitation, absence of recidivism, financial responsibility for his family, emotional support for his family, and supportive parenting of his children.

In sum, I find that the respondent has established unusual and outstanding equities that outweigh the negative factor of his conviction. *See Matter of Roberts, supra*. The Service has had an opportunity to be heard on the respondent's motion since 1995 and has taken no action. This case has been awaiting adjudication before us for 6 years and is ripe for a decision on the merits. Accordingly, I would vacate both the Board's previous decision affirming the Immigration Judge as well as the Immigration Judge's decision denying relief. I would grant the respondent's request for a waiver of inadmissibility.

_____
Lory Diana Rosenberg
Board Member

```
            UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF TEXAS
                  BROWNSVILLE DIVISION



JORGE LUIS ECHAVARRIA-CHAPA,        )
                                    )
v.                                  )    C.A. No. B-01-128
                                    )
E.M. TROMINSKI, INS DISTRICT        )
     DIRECTOR, ET AL.               )
_____)



              EXHIBIT "F" IN SUPPORT OF PETITION
                  FOR WRIT OF HABEAS CORPUS
```

EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
BEFORE THE BOARD OF IMMIGRATION APPEALS

In the Matter of

AMALIO GALVAN-VENEGAS
A35 865 487

---

**SUPPLEMENTAL POINTS AND AUTHORITIES, AND DOCUMENTATION
IN SUPPORT OF RESPONDENT'S MOTION TO RECONSIDER AND REOPEN**

---

Lisa S. Brodyaga, Esq.
402 E. Harrison, 2nd Floor
Harlingen, Texas 78550
(210) 421-3226

March 1, 1997

> Subject to any specific limitation prescribed by this Chapter, ... the Board shall exercise such discretion and authority conferred upon the Attorney General by law as is appropriate and necessary for the disposition of the case.

There are no specific limitations on this power to grant relief. In the case at bar, such a grant would clearly be appropriate, and would dispose of the case.

C. IN THE ALTERNATIVE, SECTION 440(d) VIOLATES THE EQUAL PROTECTION CLAUSE, AND CANNOT BE CONSTITUTIONALLY APPLIED TO MR. GALVAN.

In the alternative, Mr. Galvan asserts that Section 440(d) of the AEDPA violates the Equal Protection Clause of the U.S. Constitution, as applied through the Due Process Clause, and cannot be constitutionally applied to him.

To base the availability of relief from deportation on an arbitrary factor, such as the rapidity with which a case is moved, violates Equal Protection of Law, as applied through the Due Process Clause of the U.S. Constitution, c.f., *Yeung v. INS*, 61 F.3d 833 (11th Cir. 1995); *Bedoya-Valencia v. INS*, 6 F.3d 891, 897-98 (2nd Cir. 1993); *Francis v. INS*, 532 F.2d 268 (2nd Cir. 1976).

D. PROCEEDINGS SHOULD BE REOPENED, TO ALLOW MR. GALVAN TO PROVIDE FURTHER EVIDENCE IN SUPPORT OF HIS APPLICATION FOR 212(c) RELIEF.

On or before September 30, 1996, Mr. Galvan filed the instant motion to reopen. At that time, he argued that, by operation of 8 CFR Section 3.2(c)(1), he was entitled to seek reopening for the purpose of presenting additional evidence in support of his application for Section 212(c) relief. He further urged that, for the same reasons urged in his request for reconsideration, under the criteria established by *Matter of L-O-G-*, I.D. 3281 (BIA 1996), he had demonstrated that he merited reopening, to provide additional evidence in support of his application for 212(c)