/↩

United States District Court
Southern District of Texas
FILED

DEC 0 3 2001

Michael N. Milby
Clerk of Court,

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JORGE LUIS ECHAVARRIA-CHAPA     )
                                    )

v.                                  )     C.A. No. B-01-128
                                    )

E.M. TROMINSKI, INS DISTRICT     )
     DIRECTOR, and                )
     JOHN ASHCROFT, UNITED STATES )
     ATTORNEY GENERAL.          )
_____)

MOTION FOR SUMMARY JUDGMENT
WITH INCORPORATED POINTS AND AUTHORITIES

Jorge Luis Echavarria, through the undersigned, files the instant
Motion for Summary Judgement with respect to his pending petition
for a Writ of Habeas Corpus.

I.   BACKGROUND

The case at bar is one of two pending before this Court, which
challenge the BIA's denial of a motion to reopen on the grounds
that the Board erred, as a matter of law, in concluding that the
person was ineligible for the relief sought, (under §212(c) of the
Act), because the person was no longer a lawful permanent resident,
without considering the applicability of 8 C.F.R. §3.2(c)(1), which
provides, in relevant part (emphasis added):

> Subject to the other requirements and restrictions of
> this section, and notwithstanding the provisions in
> §1.1(p) of this chapter, [1]   a motion to reopen
> proceedings **for consideration or further consideration of
> an application for relief under section 212(c) of the Act**
> (8 U.S.C. 1182(c)) may be granted if the alien
> demonstrates that he or she was statutorily eligible for

_____

[1]  Said provision specifies that LPR status "terminates upon
entry of a final administrative order of exclusion or deportation."

          such relief prior to the entry of the administratively
final order of deportation.

There is no question but that Mr. Echavarria was statutorily
eligible for §212(c) relief at the time of the administratively
final order of deportation.  The Immigration Judge so held, and the
BIA sustained this finding, although the Board also sustained the
Judge's denial of that application in the exercise of discretion.
*See*, Exhibit A.  Thereafter, Mr. Echavarria sought reopening for
"for ... **further** consideration of [his] application for relief
under section 212(c)," and submitted additional evidence in support
of his application.  (Petitioner's Exhibit G, herein incorporated
by reference).  But on February 27, 2001, the BIA denied this
motion, on the erroneous grounds that since he was no longer an
LPR, his "motion to reopen [would] necessarily fail for failure to
meet the most basic requirements." (Exhibit A, at page 2).[2]

## II.  ARGUMENT

The other pending case which presents the same issue of law is
*Laura Cruz de Sandoval v. Trominski*, No. B-98-194 (Hon. Filemon
Vela presiding).  She sought reopening so that she could apply for
§212(c) relief. Although she was eligible before the BIA's initial
decision, this possibility was not considered in that decision.  So
she sought reopening "for consideration... of an application for
relief under section 212(c).  In denying that motion, the BIA had
also held, (Petitioner's Exhibit H, herein incorporated by
reference, at page 2) (emphasis added), that she could not:

---

[2] Mr. Echavarria has already shown that this is erroneous as
a matter of law, as seen from the decision of the BIA in the case
of Amalio Galvan-Venegas, A35 865 487, which case is procedurally
identical in all aspects except for the result reached. (Exhibit E)

> ...successfully move to reopen deportation proceedings to
> apply for relief under section 212(c) of the Act because
> [she] is no longer a lawful permanent resident of this
> country.

Now, INS has requested, (without opposition), that Ms. Cruz de
Sandoval's case be remanded to the BIA for the reason that the BIA
failed to consider her eligibility for reopening under 8 C.F.R.
§3.2(c)(1). (Petitioner's Exhibit I, herein incorporated by
reference). The only difference between the two cases is that Ms.
Cruz sought "[initial] consideration," while Mr. Echavarria sought
"further consideration." The regulation provides equally for both.

Mr. Echavarria was substantially prejudiced by the BIA's failure to
consider the impact of §3.2(c)(1) on his motion to reopen. It is
highly likely that, viewed under a correct interpretation of the
law, his motion would have been granted. He had shown both that he
was eligible for reopening, and a significant likelihood that the
underlying relief requested would have been granted in the exercise
of discretion. Regardless of whether his application was properly
denied in 1994, it is likely that the scales would now tip in his
favor. This is seen by comparing Mr. Echavarria's case, including
the positive equities, and the negative factors, to those in *Matter
of Arreguin,* 21 I&N Dec. 38 (BIA 1995), wherein the BIA granted
§212(c) relief. Ms. Arreguin had been an LPR for about the same
length of time as Mr. Echavarria. She had somewhat lesser
equities, had also been convicted of a serious drug offense, and
was still incarcerated for that offense when the Board granted her
application for relief. By contrast, Mr. Echavarria was released
from jail approximately eight years ago, and his two year term of
special probation was completed over six years ago. (Exhibit G).
Thus he could make a firm showing of rehabilitation, the most
important requirement for a favorable exercise of discretion in

§212(c) cases. *Matter of Edwqrds*, 20 I&N Dec. 191 (BIA 1990).

The likelihood that, under a correct interpretation of the law, his motion would be granted is also seen by the fact that the BIA granted a similar motion in the case of Mr. Galvan, also on the basis of changed circumstances since the Board's initial decision, denying relief in the exercise of discretion.

### III.   CONCLUSION

It is therefore submitted that Mr. Echavarria's case should be remanded, for the same reasons that Respondent Trominski has requested a remand in the case of Laura Cruz de Sandoval.   The Baord erred as a matter of law, and Mr. Echavarria is entitled to the relief requested.   Nor are there any disputed issues of material fact, such as would preclude summary judgment, under Rule 56, Federal Rules of Civil Procedure.

Respectfully Submitted,

Lisa S. Brodyaga, Attorney at Law
17891 Landrum Park Road
San Benito, TX 78586
(956) 421-3226
(956) 421-3423 (fax)

Federal I.D. No. 1178
Texas Bar No. 03052800

### CERTIFICATE OF SERVICE

I certify that a copy of the foregoing, with Exhibits G, H, and I, and a proposed order, were mailed, first-class postage prepaid, to Lisa Putnam, SAUSA, P.O. Box 1711, Harlingen, Texas 78551, on this 1st day of December, 2001.

4

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JORGE LUIS ECHAVARRIA-CHAPA,    )
                                    )
v.                              )    C.A. No.  B-01-128
                                    )
E.M. TROMINSKI, INS DISTRICT     )
    DIRECTOR, ET AL.            )
_____)

EXHIBIT "G" IN SUPPORT OF PETITION
FOR WRIT OF HABEAS CORPUS

EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
BEFORE THE BOARD OF IMMIGRATION APPEALS


In re

JORGE LUIS ECHAVARRIA
A38 103 392

SUPPLEMENTAL POINTS AND AUTHORITIES IN SUPPORT OF
RESPONDENT'S MOTION TO RECONSIDER AND REOPEN,
IN LIGHT OF 8 CFR SECTION 3.2(c)(1)

Comes Jorge Luis Echavarria, (hereinafter, "Mr. Echavarria"), by
and through the undersigned, and respectfully files Exhibit E and
F in support of his pending motion to Reconsider and Reopen, in
light of 8 CFR Section 3.2(c)(1), permitting persons who were
previously statutorily eligible for Section 212(c) relief to seek
reopening of such proceedings, for the purpose of showing changed
circumstances which impact on the merits of their cases.


By Exhibit E, Mr. Echavarria, who was born in February, 1958, would
further support his claim that he would have great difficulty
obtaining employment in Mexico.  Not only does the economy continue
to suffer, following the devaluation of the Mexican Peso, but age
discrimination is rampant (and legal) in Mexico, and he is past the
point where he would be considered for an entry level position in
most businesses.


By Exhibit F, (supplementing Exhibits A through D), and as now
permitted by 8 CFR Section 3.2(c)(1), independently of whether the
Board reconsiders its prior decision, Mr. Echavarria would also
show that he is fully rehabilitated, and that his equities in this
country, previously recognized as "outstanding or unusual,"
continue to grow.


It has been four years since he committed the underlying offense,
and he has been discharged from probation.  He and his wife have a
new daughter, Samantha, born December 4, 1995.  He continues to be

gainfully employed, and to report and pay his income taxes as required. He also continues to enjoy a good reputation in the community as a hard worker, who has stayed out of trouble since the events in question, and who has dedicated himself to his family.

His deportation would cause the disintegration of the family unit, and tremendous suffering for his wife and three U.S. citizen daughters. His wife, a lawful permanent resident, would not be able to join him in Mexico, for fear of losing her status as a lawful permanent resident. The two older girls, ages eight and eleven, are in school, are doing well in their studies, and need their father, for both moral and economic support.

Under all of the circumstances, including those previously set forth in Mr. Echavarria's pending motion, it is urged that the denial of Section 212(c) relief be reconsidered, and that the requested waiver be granted. In the alternative, it is urged that, pursuant to 8 CFR Sec. 3.2(c)(1), proceedings be reopened, and the case remanded, so that Mr. Echavarria may present additional evidence, (1) rebutting the apparent use of administrative notice finding that, in the real world, drug transactions do not occur as he testified, [1] (2) demonstrating that he is fully rehabilitated, and (3) showing that his equities far outweigh the negative factors presented herein, and that he merits Section 212(c) relief in the exercise of discretion.

Respectfully Submitted,

Lisa S. Brodyaga
Attorney at Law

---

[1] I.e., that he had told an "incredible story," (IJ:11), and that his "version of events" was "incredible," (IJ:12).

2

Case 1:01-cv-00128   Document 12   Filed in TXSD on 12/03/2001   Page 8 of 51

402 E. Harrison, 2nd Floor
Harlingen, Texas 78550
(210) 421-3226


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed to INS
General Counsel, Box 1711, Harlingen, TX 78551, on July 22, 1996.

**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
BEFORE THE BOARD OF IMMIGRATION APPEALS**


In re

JORGE LUIS ECHAVARRIA
A38 103 392


**EXHIBIT "E" IN SUPPORT OF
RESPONDENT'S MOTION TO RECONSIDER AND REOPEN,
IN LIGHT OF 8 CFR SECTION 3.2(c)(1)**

Case 1:01-cv-00128   Document 12   Filed in TXSD on 12/03/2001   Page 10 of 51

14 F EL NORTE   Thursday December 7, 1995

**PROFESSIONALS**

IMPORTANT ENTERPRISE NEEDS

**ADMINISTRATIVE ASSISTANT**

REQUIREMENTS:
- Public Accountant with degree.
- Age 25 to 30 years old.
- Experience in storage of finished products and shipments.
- Trade.
- Inventory Control
- Administrative Functions and Controls.
- High sense of responsibility and leadership.

IF INTERESTED COME WITH CURRICULUM AND PHOTOGRAPHY TO: **AVENIDA PRINCIPAL # 94** (Before, San Rafael) COLONIA 18 DE MARZO GUADALUPE, N.L. BODEGA 10   ONLY INTERVIEWS, DECEMBER 8TH

---

IMPORTANT ENTERPRISE NEEDS
**INDUSTRIAL ENGINEER ASSISTANT**

REQUIREMENTS:
- Age: 23 to 30 years old
- Male
- Education: IQI, IME, or IQ Assistant

**PRODUCTION SUPERVISOR**

REQUIREMENTS;
- Technician or with degree on IQI, IME, or IQ
- Age: 25 to 35 years old
- Male
- Married
- Experience: Handling of personnel
- Time availability

Case 1:01-cv-00128   Document 12   Filed in TXSD on 12/03/2001   Page 11 of 51

14 F EL NORTE  Thursday December 7, 1995

**PROFESSIONALS**

IMPORTANT ENTERPRISE NEEDS

**ADMINISTRATIVE ASSISTANT**

REQUIREMENTS:
- Public Accountant with degree.
- Age 25 to 30 years old.
- Experience in storage of finished products and shipments.
- Trade.
- Inventory Control
- Administrative Functions and Controls.
- High sense of responsibility and leadership.

IF INTERESTED COME WITH CURRICULUM AND PHOTOGRAPHY TO: **AVENIDA PRINCIPAL # 94** (Before, San Rafael) COLONIA 18 DE MARZO GUADALUPE, N.L. BODEGA 10  ONLY INTERVIEWS, DECEMBER 8TH

————————————————

IMPORTANT ENTERPRISE NEEDS
**INDUSTRIAL ENGINEER ASSISTANT**

REQUIREMENTS:
- Age: 23 to 30 years old
- Male
- Education: IQI, IME, or IQ Assistant

**PRODUCTION SUPERVISOR**

REQUIREMENTS;
- Technician or with degree on IQI, IME, or IQ
- Age: 25 to 35 years old
- Male
- Married
- Experience: Handling of personnel
- Time availability

**CHIEF OF HUMAN RESOURCES**

REQUIREMENTS;
- Male
- Age 28 to 30 years old
- Married
- Education: Psychology degree or LAE
- Experience: Two years minimum in similar position, handling training, practice, rolls, labor relations with unions, Social Security, Infonavit, Federal Employment Law, collective contracts, and personnel administration.

**IF INTERESTED PLEASE SEND CURRICULUM AND RECENT PHOTO TO: APARTADO POSTAL # 192, SAN NOCOLAS.**

_____

3M MEXICO, S.A DE C.V.

NEEDS

**PERSONNEL IN THE FIELD OF SALES**

REQUIREMENTS:

* Nurse in General (Preferable if recently graduated)
* Age: 22 to 28 years old
* Full time
* Active and Responsible
* Excellent Presentation

WE OFFER:

* Good Salary
* Fringe Benefits according to the law
IF INTERESTED PLEASE COME WITH CURRICULUM AND  PHOTO TO SALVADOR DIAZ MIRON # 281, COLONIA ANAHUAC, FROM 9 TO 6, TEL.: 376-5888. ATN: LIC. GUADALUPE CHAVEZ

_____

CERTIFICATE OF TRANSLATOR

I, Lisa S. Brodyaga, certify that I am competent in the **English and Spanish** languages, and that the foregoing is a true **and accurate** translation of the Spanish original, to the best of **my knowledge** and belief.



December 18, 1995

Case 1:01-cv-00128   Document 12   Filed in TXSD on 12/03/2001   Page 14 of 51

## PROFESIONISTAS

EMPRESA IMPORTANTE
SOLICITA

### Auxiliar Administrativo

**REQUISITOS:**

· CONTADOR PUBLICO TITULADO

· ~~EXPERIENCIA EN ALMACEN DE PRO~~-
DUCTO TERMINADO Y EMBARQUES

· TRAFICO

· CONTROL DE INVENTARIOS.

· FUNCIONES Y CONTROLES ADMINIS-
TRATIVOS

· ALTO SENTIDO DE RESPONSABILI-
DAD Y LIDERAZGO

INTERESADOS ACUDIR CON CURRICU-
LUM Y FOTOGRAFIA EN

### Av. Principal No. 94

(ANTES AV. SAN RAFAEL)

COL. 18 DE MARZO

GUADALUPE N.L. BODEGA 10

ENTREVISTAS SOLAMENTE

8 DE DICIEMBRE

---

## EMPRESA IMPORTANTE SOLICITA

## AUXILIAR DE INGENIERIA INDUSTRIAL

**REQUISITOS:**
Edad: De 23 a 30 años
Sexo: Masculino
Escolaridad: Pasante de la carrera IQI, IBI o IA

## SUPERVISOR DE PRODUCCION

**REQUISITOS:**
Carrera técnica o licenciatura, IQI, IME o IQ
~~...~~
~~...~~masculino
Experiencia: En manejo de personal
Disponibilidad de tiempo

## JEFE DE RECURSOS HUMANOS

**REQUISITOS:**
Sexo masculino
~~...~~ Civil: Casado
Escolaridad: Licenciado en Psicología o LAE
Experiencia: Mínima de 2 años en puesto similar,
manejando capacitación, adiestramiento,
nóminas, relaciones laborales con sindicatos,
Seguro Social, Infonavit, Ley Federal del Trabajo,
contratos colectivos y administración de
personal.

Interesados favor de mandar su curriculum vitae con
fotografía reciente a: Apartado Postal #192, San Nicolás.

---



### SM MEXICO, S.A DE C.V.

S~~...~~

### PERSONAL

### Para el área de ventas

**REQUISITOS:**

* ENFERMERA GENERAL
(DE PREFERENCIA
RECIEN EGRESADA)

* TIEMPO COMPLETO
* ACTIVA Y RESPONSABLE
* EXCELENTE PRESENTACIÓN

**OFRECEMOS**

* BUEN SUELDO
* PRESTACIONES DE LEY

INTERESADOS FAVOR DE PRESENTAR CURRICULUM
CON FOTOGRAFIA EN SALVADOR DIAZ MIRON # 281,
COL. ANAHUAC EN HORARIO DE 9 A 6 TEL. 376-5888.
ATN: LIC. GUADALUPE CHAVEZ

---

## EMPRESA LIDER DEL MERCADO SOLICITA POR EXPANSION

### JEFE DE CENTRO DE SERVICIO

**REQUISITOS:**
* Ingeniero Mecánico o Industrial
* Edad de 28 a 30 años
* Altamente dinámico
* Experiencia en manejo de personal
* Conocimientos en administración
* Experiencia en organización de talleres

### AUXILIAR ADMINISTRATIVO DE VENTAS

**REQUISITOS:**
* Técnico en Computación o carrera trunca
afín en sistemas

### CAJERO DE SUCURSAL

**REQUISITOS:**
* Estudios comerciales o carrera trunca
* Conocimientos en caja y trámites
bancarios

**TODOS LOS PUESTOS DEBERAN CUMPLIR
ADEMAS CON LO SIGUIENTE:**

* Estado civil casado
* Sexo masculino
* Licencia de manejo vigente
* Manejo de pequetas transacciones

* Sin compromiso de horario
* Experiencia comprobable 2 años
* Disponibilidad inmediata

**OFRECEMOS**

Sueldo competitivo
Crecimiento constante

Atractivo plan de prestaciones
Buen ambiente de trabajo

Case 1:01-cv-00128   Document 12   Filed in TXSD on 12/03/2001   Page 15 of 51

EL NORTE - Tuesday December 5, 1995

**IMPORTANT ENTERPRISE** LEADER AT LOCAL AND NATIONAL LEVEL
NEEDS RESPONSIBLE OF **SUPERMARKET** COMMERCIALIZATION AND SALES

REQUIREMENTS:
**INDISPENSABLE:** * **Age:** 30 to 35 years old
                * **Male**
                * **Experience:** 5 years in similar position
                * **To start at once.**
**DESIRABLE:** * College degree
            * Married
            * Handling of computer and store equipments
            * Handling of total quality concepts
            * English

WE OFFER:
* **Attractive salary**   * **Special fringe benefits**   * **Wide range of professional growth**

**Bring in person your curriculum vitae to: SIC PSICOLOGIA Loma Panoramica # 301, Department 2, Los Magueyes, Loma Larga C.P. 64710 Tel. 342-64-12, From Monday to Friday, 8:30 to 130:00 and from 15:00 to 18:00 hours.**

IMPORTANT ENTERPRISE
NEEDS

**INTERNAL AUDITOR**

REQUIREMENTS:
- Public Accountant.
- Wide experience in the Department of Internal Auditory.
- Age: 25 to 35 years old.
- Excellent presentation

**IF INTERESTED SEND CURRICULUM WITH PHOTOGRAPHY TO P. O. BOX 35, BRANCH C C.P. 66271 COLONIA DEL VALLE, SAN PEDRO."**

IMPORTANT ENTERPRISE LEADER IN THE FIELD OF REFRIGERATION
NEEDS

**INDUSTRIAL AND TOOLS ENGINEER**

- Industrial Engineer, Industrial and Administrator Engineer, I.M.A.
- English 70%
- Male, age 28 to 35 years old
- 3 years of minimum experience and tool making (die maintenance and formative data), time and movement studies, production lines balances, process optimization
- Handling of Coaches (Auto Cad and basic packages)
- Preferential knowledge of MAPIC'S System

**If interested come with curriculum vitae and photo to Mexico-Laredo Highway Km. 1009 in front of Aeropuerto del Norte, or call 318-6431, Fax 318-6496, or 318-6493**

ENTERPRISE LEADER IN THE FIELD
NEEDS

ADMINISTRATIVE **ASSISTANT**

REQUIREMENTS:
- **Age: 25 to 30 years old.**
- L. A. E., **Private Accountant** or similar degree
- 2 years of minimum experience in: Computers, Excell, Windows, Work's.  Warehouse Control (inventories).  Handling of accounting and administrative processes.  Collection Control (Invoicing). Transactions  before S.H.C.P., I.M.S.S., S.T.P.S., banks, etc. Both sexes, excellent presentation.  **WE OFFER:** Salaries according to talent, fringe benefits according to law.

**If interested send curriculum vitae or apply with recent photo to: Libertad 506 OTE. Colonia Independencia.**

**ACCOUNTANT** or Woman assistant, age, 20 to 30.  3 years experience minimum.  Come to Matamoros 831, Ote, with application and photo."

---

**EXCELLENT INCOME!**

Important enterprise needs: **Promotion area personnel**

Requirements:
* Self-starter
* Degree (non important)
* Age: 21 to 37 years old
* Good presentation
* Male
* Hourly Availability
* With own car

We Offer:
* Attractive Incentives
* Fix Salary
* Transportation Expenses
* Meals
* Opportunities to grow
* Training

---

IMPORTANT ACCOUNTING FIRM NEEDS

**ASSISTANT OF AUDITORY**

REQUIREMENTS:
- Public Auditor Accountant
- Good Presentation
- Maximum age, 24 years old
- English 80%

INTERESTED COME TO ROBLE 701, 10TH FLOOR, VALBURMEX BUILDING, VALLE DEL CAMPESTRE, FROM 8:30 TO 1:30 AND 3:00 TO 6:00."

## CERTIFICATE OF TRANSLATOR

I, Lisa S. Brodyaga, certify that I am competent in the English and Spanish languages, and that the foregoing is a true and accurate translation of the Spanish original, to the best of my knowledge and belief.



December 18, 1995

**EMPRESA IMPORTANTE** LIDER A NIVEL LOCAL Y NACIONAL

SOLICITA RESPONSABLE DE COMERCIALIZACION Y VENTAS DE SUPERMERCADO

### REQUISITOS:
- Edad 25 años
- **Experiencia:** 5 años en puesto similar
- **Disponibilidad inmediata**

DESEABLES:
- Profesionista
- Casado
- Manejo de paquetes computacionales y equipos de tienda
- Manejo de conceptos de calidad total
- Inglés

### OFRECEMOS:
- Atractivo sueldo
- Paquete de prestaciones especiales • Amplio campo de desarrollo profesional

Llevar personalmente Curriculum Vitae a:

**SIC PSICOLOGIA**

Loma Panorámica Nº 301 Depto. 2, Las Magueyes Loma Larga C.P. 64710
Tel. 347 64 17 De lunes a viernes de 8.30 a 13.00 y de 15.00 a 18.00 horas

**EMPRESA IMPORTANTE LIDER EN EL RAMO DE REFRIGERACION**

solicita

# INGENIERO INDUSTRIAL Y DE HERRAMIENTAS

- Ing. Industrial, Ing. Ind. Admor., I.M.A.
- Inglés 70%
- Sexo masculino edad 28 a 35 años
- Experiencia mínima 3 años y fabricación de herramientas (mantenimiento de troqueles y datos formadores), estudios de tiempos y movimientos, balanceo de líneas de producción, optimización de procesos
- Manejo de Micro (Auto Cad) y paquetes básicos
- Conocimiento preferentemente de Sistema MAPICS

**Interesados presentarse con curriculum vitae y foto en carretera México-Laredo Km. 1009 adelante del Aeropuerto del Norte o comunicarse al 318-6431 Fax 318-6496 o 318-6493**

# ¡EXCELENTES INGRESOS!

Empresa importante solicita:

## Personal para el área de promoción

### Requisitos
- Ser emprendedor
- Profesionista (no indispensable)
- Edad de 21 años en adelante
- Buena presentación
- Sexo masculino
- Disponibilidad de horario
- Automóvil propio

### Ofrecemos
- Atractivos incentivos
- Sueldo fijo
- Gasto de transporte
- Comida
- Oportunidad de superación
- Capacitación

EMPRESA IMPORTANTE
Solicita

## AUDITOR INTERNO

REQUISITOS

Contador Público

Amplia experiencia en el Departamento de Auditoría Interna

presentación

**INTERESADOS ENVIAR CURRICULUM CON FOTOGRAFIA AL APARTADO POSTAL 35 SUCURSAL C.C.P. 66271 COL. DEL VALLE, SAN PEDRO**

EMPRESA LIDER EN EL RAMO
SOLICITA

## ASISTENTE
ADMINISTRATIVO

REQUISITOS

L.A.E., Contador Privado o carrera afín

Experiencia mínima de 2 años en: Computación Excel Windows, Works Control Almacenes (Inventarios) Manejo de procedimientos contables y administrativos Control de Cobranza (Facturación) Trámites ante S.H.C.P., I.M.S.S., S.T.P.S., bancos, etc. Ambos sexos, excelente presentación OFRECEMOS: Sueldo según aptitudes, prestaciones de ley

Interesados presentar curriculum vitae a solicitud de empleo con fotografía reciente en LIBERTAD 506 OTE. COL. INDEPENDENCIA

solicitud, fotografía

CONTADOR PUBLICO o Privado empresa en contabilidad e impuestos. Presentarse con curriculum y/o solicitud en Río Magallanes 410 Col. Mitras Norte 371 27

DECORADORAS
(ARQUITECTO)
PERSONAL

IMPORTANTE FIRMA DE CONTADORES
SOLICITA

## ASISTENTE DE AUDITORIA

REQUISITOS
CONTADOR PUBLICO AUDITOR
BUENA PRESENTACION
INGLES 60%

**INTERESADOS ACUDIR A ROBLE 701, PISO 10, EDIFICIO VALBURMEX, VALLE DEL CAMPESTRE, DE 8:30 A 1:30 Y 3.00 A 6.00**

Case 1:01-cv-00128    Document 12    Filed in TXSD on 12/03/2001    Page 20 of 51

12 F - EL NORTE - Saturday December 2, 1995

**INDUSTRIAL GROUP**
 **B I M B O**

 **Because it is constantly expanding**
 **due to its permanent**
 **desire to serve its clients**

 **We invite you to work as a**
 **SALESPERSON**
 * With a minimum monthly income of N$1,600.00
   with possible benefits according to sales
 * Potential to grow within the company, according to its different
   trademarks
 * This is for people of:
   - 21 to 35 years old
   - With driver's license
   - With enthusiasm and spirit of service
 **INTERESTED PARTIES PLEASE COME TO: FELIX U. GOMEZ 4203, Mondays,**
**Tuesdays, and Wednesdays from 8:30 to 13:00 HOURS."**

---

CUSTOMS AGENCY
 REQUESTS PERSONNEL

**TO FILL THE FOLLOWING JOBS IN LAREDO, TEXAS**

**TRAFFIC COORDINATORS**

REQUIREMENTS:
- Bilingual 100& English-Spanish.
- Industrial Engineer, or Mechanical Engineer.
- Experience in handling Human Resources and Supervision.
- Experience handling the self-propelled industry or maquiladora
  (customs traffic).
- Experience in Mexican customs legislation (not required).
- Age 26 to 35 years old.
- Male
- With documents to live in the U.S.A.

## ACCOUNT EXECUTIVES

REQUIREMENTS:
- Bilingual 100% English-Spanish.
- Industrial Engineer, Degree in Business Administration, Foreign
  Trade, or Systems.
- Two years of minimum experience in handling customs operations.
- Age 24 to 32 years old.
- With documents to live in the U.S.A.

IF INTERESTED SEND CURRICULUM VITAE WITH RECENT PHOTO TO: P. O. Box
083-B, EN COLONIA SAN AGUSTIN, GARZA GARCIA, NUEVO LEON."

CERTIFICATE OF TRANSLATOR

I, Lisa S. Brodyaga, certify that I am competent in the English and
Spanish languages, and that the foregoing is a true and accurate
translation of the Spanish original, to the best of my knowledge
and belief.



December 18, 1995

12 F  EL NORTE  Saturday December 2, 1995

APASCO GROUP
WANTS
MANAGER OF LOGISTICS AND DISTRIBUTION

**We Need:**
Age: 28 to 35 years old.
Schooling: IME, IMA, IIS
Marital status: Married (Preferred)
English
Will handle personnel
Five years of minimum experience in distribution, logistic,
industrial processes, optimization of costs and budgets.
**Interested parties come with curriculum and recent photograph next
Monday 4th from 8:00 to 13:00 and from 15:00 to 17:30 in Kalos
Building, Floor C2, or call 318-32-00, Ext. 3129, Department of
Selection.**

**ESSENTIAL REQUIREMENTS**


ENTERPRISE LEADER IN ITS FIELD
DUE TO EXPANSION NEEDS

**IME** (With experience in pneumatic and hydraulic circuits)
**IME** (With experience in PLC, CNC controls, and all type of
      electronic equipment)
**IME** (With experience in assembly lines of motors of internal
      combustion or similar)
**TECHNICIANS IN MAINTENANCE** (with experience in CNC, PLC,
equipments of electronic control, hydraulic circuits, pneumatics).
**PRODUCT APPLICATION ENGINEERS**
With experience in: Refrigeration circuits (domestic refrigerators
and commercial refrigeration)

**REQUIREMENTS:**
  * Age: 28-40 years old
  * English 80% minimum (conversation)
  * 5 years experience (in similar work)
  * Can travel
  * Degree or equivalent

**WE OFFER:**
* Great salary
* Fringe benefits above those required by law
* Savings
* Food stamps
* Excellent work environment
* Professional upgrading

**TECHNICAL TRANSLATOR** (English-Spanish)

**TEACHER OF ENGLISH** (With classroom experience)

**Interested parties call: 329-20-19 Miguel Aleman Highway, Km. 16.5, in Apodaca, N.L., talk with Lic. Cesar Villarreal from 9:00 to 13:00 and from 14:30 to 17:00, December 4,5,and 6. Curriculum and Photo.   PLEASE DO NOT APPLY IF YOU DO NOT FILL THESE REQUIREMENTS**

CERTIFICATE OF TRANSLATOR

I, Lisa S. Brodyaga, certify that I am competent in the English and Spanish languages, and that the foregoing is a true and accurate translation of the Spanish original, to the best of my knowledge and belief.



_____

December 18, 1995

Case 1:01-cv-00128   Document 12   Filed in TXSD on 12/03/2001   Page 24 of 51

## ESTETICAS

## PROFESIONISTAS

---

**SU SEGURO DE VENTA**

•MARINELA •BIMBO •BARCEL •SUANDY

RICOLINO •TIA ROSA •MILPA REAL •SUNBEAM •PAT

GRUPO INDUSTRIAL



# BIMBO

## Por su constante expansión debida a su permanente inquietud de servir al cliente

### te invita a trabajar como

# VENDEDOR

* Con un ingreso mensual mínimo de N$1,600.00 con posibles incrementos de acuerdo a ventas.

* Con potencial de crecimiento dentro de la empresa, atendiendo sus diferentes marcas.

* A personas de...

Con licencia de manejo
Con entusiasmo y espíritu de servicio

### INTERESADOS FAVOR DE PRESENTARSE:

**EN FELIX U. GOMEZ  4203, LOS DIAS LUNES, MARTES Y MIERCOLES DE 8:30 A 13:00 HRS.**

•CLARA •WONDER •MARINELA •BIMBO •B

Lunes, 4 de Diciembre de 1995 - MIERO  13

---

AGENCIA ADUANAL
SOLICITA PERSONAL

**PARA OCUPAR LOS SIGUIENTES PUESTOS EN LAREDO TEXAS**

## COORDINADORES DE TRAFICO

### REQUISITOS

Bilingües 100 por ciento Inglés Español

Ing. Industrial ó Ing. Mecánico

Experiencia en manejo de Recursos Humanos y Supervisión

Experiencia en manejo de la industria automotriz ó maquiladora (tráfico aduanal)

Experiencia en legislación aduanera Mexicana (no indispensable).

Sexo masculino

Documentación en regla para vivir en EE.UU.

## EJECUTIVOS DE CUENTA

### REQUISITOS

Bilingües 100 por ciento Inglés Español

· Ing. Industrial, Lic. en Administración de Empresas, Lic. en Comercio Exterior ó Lic. en Sistemas

· Experiencia en manejo de operaciones aduaneras mínimo 2 años.

· Documentación en regla para vivir en EE.UU.

**INTERESADOS ENVIAR CURRICULUM VITAE CON FOTOGRAFIA RECIENTE AL APARTADO POSTAL No. 063 B EN COL SAN AGUSTIN EN GARZA GARCIA N.L.**



SOLICITA

## GERENTE DE LOGISTICA Y DISTRIBUCION

**Requerimos:**

Escolaridad IME, IMA, IIS
Edo. Civil Casado (preferente)
Inglés
Manejo de personal
Experiencia mínima de 5 años en distribución,
logística, procesos industriales, optimización de
costos y presupuestos

**Interesados acudir con curriculum y fotografía
reciente el próximo lunes 4 de 8:00 a 13:00 y de 15:00
a 17:30 en Edificio Kalos, Piso C2 o comunicarse al
318-32-00 Ext. 3129 al Departamento de Selección.
REQUISITOS INDISPENSABLES**



**IME** (Con experiencia en circuitos neumáticos, hidráulicos)
**IME** (Con experiencia en controles PLC, CNC y toda clase de equipo
electrónico)
**IME** (Con experiencia en líneas de ensamble de motores de combustión
interna o similares)
**TECNICOS EN MANTENIMIENTO** (con experiencia en CNC, PLC,
equipos de control electrónico, circuitos hidráulicos, neumáticos)
**INGENIEROS DE APLICACION DEL PRODUCTO**
Con experiencia en  Circuitos de refrigeración (refrigeradores
domésticos y refrigeración comercial)

**REQUISITOS:**
·Edad 28-40 años
·Inglés 80% mínimo (conversación)
·Experiencia 5 años (en puestos similares)
·Disponibilidad para viajar
·Título profesional o equivalente

**OFRECEMOS:**
·Magnifico sueldo
·Prestaciones superiores a las de ley
·F. ahorro
·Bono de alimentos
·Excelente ambiente de trabajo
·Desarrollo profesional

**TRADUCTOR TECNICO** (Inglés-Español)
**MAESTRO DE INGLES** (Con experiencia en inpartición de clases)

**Interesados comunicarse al 329-20-19 Carretera Miguel Alemán Km. 16.5 en Apodaca, N.L. con el Lic.
César Villarreal de 9:00 a 13:00 y 14:30 a 17:00 Hrs. los días 4, 5 y 6 Dic. curriculum con fotografía.
INUTIL PRESENTARSE SIN LLENAR ESTOS REQUISITOS**

**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**BEFORE THE BOARD OF IMMIGRATION APPEALS**


In re

JORGE LUIS ECHAVARRIA
A38 103 392


**EXHIBIT "F" IN SUPPORT OF**
**RESPONDENT'S MOTION TO RECONSIDER AND REOPEN,**
**IN LIGHT OF 8 CFR SECTION 3.2(c)(1)**

# 1040 U.S. Individual Income Tax Return 1995

Form 1040 U.S. Individual Income Tax Return 1995 (99) IRS Use Only--Do not write or staple in this space

For the year Jan. 1-Dec. 31, 1995, or other tax year beginning , 1995, ending , 19 | OMB No. 1545-

**Label**

Use the IRS label. Otherwise, please print or type.

| | | |
|---|---|---|
| Your first name and initial | Last name | Your social security number |
| JORGE | ECHAVARRIA | 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 |
| If a joint return, spouse's first name and initial | Last name | Spouse's social security number |
| ADRIANA | ECHAVARRIA | 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 |

Home address (number and street). If you have a P.O. box, see page 11 — 1033 WASHINGTON — Apt. no.

**For Privacy Act and Paperwork Reduction Act Notice, see page 7**

City, town or post office, state, and ZIP code. If you have a foreign address, see page 11.
MISSION  TX  78572-3423

| | Yes | No | Note: Checking "Yes" will not change your tax or reduce your refund. |
|---|---|---|---|

**Presidential Election Campaign**
- Do you want $3 to go to this fund? . . . . . . . . . . . . . . . [X] [ ]
- If a joint return, does your spouse want $3 to go to this fund? . . . . . . . [ ] [X]

**Filing Status**

Check only one box.

1. [ ] Single
2. [X] Married filing joint return (even if only one had income)
3. [ ] Married filing separate return. Enter spouse's SSN above and full name here _____
4. [ ] Head of household (with qualifying person). If the qualifying person is a child but not your dependent, enter this child's name here _____
5. [ ] Qualifying widow(er) with dependent child (year spouse died ▸ 19 ).

**Exemptions**

- 6a [X] Yourself. If your parent (or someone else) can claim you as a dependent on his or her tax return, do not check box 6a. But be sure to check the box on line 33b on page 2 . . . . .
- b [X] Spouse
- c Dependents:

| (1) First name    Last name | (2) Dependent's social security number. If born in 1995, see page 13 | (3) Dependent's relationship to you | (4) No. of months lived in your home in 1995 |
|---|---|---|---|
| ZINTHIA M ECHAVARRIA | 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 | DAUGHTER | 12 |
| LISETTE N ECHAVARRIA | 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 | DAUGHTER | 12 |
| SAMANTHA ECHAVARRIA | 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 | DAUGHTER | 12 |
| | | | |
| | | | |
| | | | |

If more than six dependents, see page 13

| No. of boxes checked on 6a and 6b | |
|---|---|
| No. of your children on 6c who | |
| lived w/ you | |
| didn't live with you due to divorce or separation (see page 14) | |
| Dependents on 6c not entered above | |

- d If your child didn't live with you but is claimed as your dependent under a pre-1985 agreement, ck here ▸ [ ]
- e Total number of exemptions claimed . . . . . . . . . . . . . . . . . . . .

Add numbers entered on lines above ▸ | 5 |

**Income**

Attach Copy B of your Forms W-2, W-2G, and 1099-R here.

If you did not get a W-2, see page 14.

Enclose, but do not attach, your payment and payment voucher.

| 7 | Wages, salaries, tips, etc. Attach Form(s) W-2 . . . . . . . . . | 7 | 3480 |
|---|---|---|---|
| 8a | Taxable interest income. Attach Schedule B if over $400 . . . . . . | 8a | |
| b | Tax-exempt interest. DON'T include on line 8a . . . . | 8b | |
| 9 | Dividend income. Attach Schedule B if over $400 . . . . . . | 9 | |
| 10 | Taxable refunds, credits, or offsets of state and local income taxes . . . | 10 | |
| 11 | Alimony received . . . . . . . . . . . . . . . . . . . . | 11 | |
| 12 | Business income or (loss). Attach Schedule C or C-EZ . . . . . | 12 | 5234 |
| 13 | Capital gain or (loss). If required, attach Schedule D . . . . . . | 13 | |
| 14 | Other gains or (losses). Attach Form 4797 . . . . . . . . . | 14 | |
| 15a | Total IRA distributions . . . . | 15a | | b Taxable amount . . . . | 15b | |
| 16a | Total pensions and annuities | 16a | | b Taxable amount . . . . | 16b | |
| 17 | Rental real estate, royalties, partnerships, S corporations, trusts, etc. Attach Schedule E | 17 | |
| 18 | Farm income or (loss). Attach Schedule F . . . . . . . . . | 18 | |
| 19 | Unemployment compensation . . . . . . . . . . . . . . | 19 | 1440 |
| 20a | Social security benefits . . . | 20a | | b Taxable amount . . . . | 20b | |
| 21 | Other income. List type and amount | 21 | |
| 22 | Add the amounts in the far right column for lines 7 through 21. This is your total income ▸ | 22 | 10154 |

**Adjustments to Income**

| 23a | Your IRA deduction . . . . . . . . . . . . | 23a | |
|---|---|---|---|
| b | Spouse's IRA deduction . . . . . . . . . . | 23b | |
| 24 | Moving expenses. Attach Form 3903 or 3903-F . . . | 24 | |
| 25 | One-half of self-employment tax . . . . . . . | 25 | 370 |
| 26 | Self-employed health insurance deduction . . . . | 26 | |
| 27 | Keogh & self-employed SEP plans. If SEP, check ▸ [ ] | 27 | |
| 28 | Penalty on early withdrawal of savings . . . . . | 28 | |
| 29 | Alimony paid. Recipient's SSN ▸ | 29 | |
| 30 | Add lines 23a through 29. These are your total adjustments . . . . . . ▸ | 30 | 370 |

**Adjusted Gross Income**

31 Subtract line 30 from line 22. This is your **adjusted gross income.** If less than $26,673 and a child lived with you (less than $9,230 if a child didn't live with you), see "Earned Income Credit" on page 27 . . . . ▸ | 31 | 9784 |

JTA

Form 1040 (1995)

| a Control number 525 | | Void | OMB No. 1545-0008 | Copy C For **EMPLOYEE'S RECORDS** (see Notice on | |
|---|---|---|---|---|---|

| b Employer's identification number 74-1188548 | 1 Wages, tips, other compensation 2,779.05 | 2 Federal income tax 173.6 |
|---|---|---|
| c Employer's name, address, and ZIP code MISSION SHIPPERS, INC. P. O. DRAWER 471 MISSION, TX 78572 | 3 Social security wages 2,779.05 | 4 Social security tax wi 172.31 |
| | 5 Medicare wages and tips 2,779.05 | 6 Medicare tax withheld 40.30 |
| | 7 Social security tips .00 | 8 Allocated tips 0.00 |
| d Employee's social security number 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 | 9 Advance EIC payment .00 | 10 Dependent care ben .00 |
| e Employee's name, address, and ZIP code ADRIANA ECHAVARRIA 1033 WASHINGTON MISSION, TEXAS 78572 | 11 Nonqualified plans .00 | 12 Benefits included in box .00 |
| | 13 See instrs. for box 13 | 14 Other |

| 15 Statutory employee | Deceased | Pension plan | Legal rep | 942 emp | Subtotal | Deferred compensation |
|---|---|---|---|---|---|---|

| 16 State TX | Employer's state I.D. No 00-138901-7 | 17 State wages, tips, etc | 18 State income tax | 19 Locality name | 20 Local wages, tips, etc. | 21 Local income tax |
|---|---|---|---|---|---|---|

Department of the Treasury – Internal Revenue Serv

Form **W-2** **Wage and Tax Statement** **1994**

This information is being furnished to the Internal Revenue Service. If you are required file a tax return, a negligence penalty or other sanction may be imposed on you if this income is taxable and you fail to report it.

---

**United States Treasury** 15-51/000 A 325,723,781

Check No.

05 07 93 20 AUSTIN, TEXAS 2217 73598893
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 I30 012921874ECHA AUSTIN TAX REFUND

Pay to the order of
JORGE & ADRIANA ECHAVARRIA 12/92
408 N 16TH 93
MCALLEN TX 78501-4716 $****253*00

**VOID AFTER ONE YEAR**

253.00 EARNED INCOME CREDIT



⑾'22176⑾' ⑈:000000518⑈: 735988935⑾' 040593

U.S. Individual Income Tax Declaration
for Electronic Filing

**Return Information (Whole dollars only)**

| | | |
|---|---|---|
| 1. Total income (Form 1040, line 22; Form 1040A, line 14; Form 1040EZ, line 4 | 1 | 6,244 |
| 2. Total tax (Form 1040, line 53; Form 1040A, line 27; Form 1040EZ, line 9) | 2 | 557 |
| 3. Federal income tax withheld (Form 1040, line 54; Form 1040A, line 28; Form 1040EZ, line 7) | 3 | 177 |
| 4. Refund (Form 1040, line 62; Form 1040A, line 30; Form 1040EZ, line 10) | 4 | 1,513 |
| 5. Amount you owe (Form 1040, line 68; Form 1040A, line 37; Form 1040EZ, line 11) | 5 | |

**Direct Deposit of Refund**

6. Name of financial institution DALLAS TELCO FED CREDIT

7. Routing transit number

8. Depositor account number

**Declaration of Taxpayer**

Sign Here

**Declaration of Electronic Return Originator (ERO) and Paid Preparer**

OLIVIA H BALLESTEROS
1700 SYCAMORE, McALLEN, TX 78501

THE STATE OF TEXAS

COUNTY OF HIDALGO

Re:  Jorge Luis Echavarria
     DOB    02-28-58

My name is Armando Lopez and I reside at 967 Washington,
Mission, Texas.

I have known the above mentioned individual, Jorge Luis
for over 15 years.

I know that for a fact he is currently working hard and
just trying to support his family.  He is truely a good
person.  I highly recommend him.  Seperation from his
family would really be a hardship.

Your consideration to let him reside in the U.S. is greatly
appreciated.

_____
Armando Lopez

Susbcribed  and sworn to and before me this 20th day
of July  1996.

THE STATE OF TEXAS

COUNTY OF HIDALGO

TO WHOM IT MAY CONCERN:


Re:  Jorge Luis Echavarria
     DOB   02-28-58


My name is Trinidad Torres and I reside at 215 Castillos
Y Diamantes, Mission, Texas.
I have known, Jorge Luis for about eight years.
I know for a fact that Jorge is now working as a mechanic
with Echavarria's Auto Service.  He has his wife, Adraina,
and three children.  ] I know that he has been keeping out
of trouble for about the last three years and is back on
track in getting his life strait.  He is now a responsible
person.  I highly recommend him as a worker and a person.


_____
Trinidad   Torres




Subscribed and sworn to and before me this 18th day
of July  1996.

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION


JORGE LUIS ECHAVARRIA-CHAPA,           )
                                       )
v.                                     )        C.A. No.   B-01-128
                                       )
E.M. TROMINSKI, INS DISTRICT           )
     DIRECTOR, ET AL.                  )
_____)


EXHIBIT "H" IN SUPPORT OF PETITION
FOR WRIT OF HABEAS CORPUS

*Reg. Katags*
*11/17/98*

**U.S. Department of Justice**
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

MO

Falls Church, Virginia 22041

File.    A24 836 088    Harlingen

Date.    NOV 16 1998

In re:   LAURA RAMONA SANDOVAL-CRUZ a.k.a. Laura Ramona Cruz De Sandoval

IN DEPORTATION PROCEEDINGS

MOTION

ON BEHALF OF RESPONDENT:   Robert H. Crane, Esquire
                           Jones and Crane
                           901 East Sixth Street
                           P.O. Drawer 1045
                           Weslaco, Texas   78596

ON BEHALF OF SERVICE:   Eleazar Tovar
                        General Attorney

CHARGE

      Order:   Sec.   241(a)(11), I&N Act [8 U.S.C. § 1251(a)(11)] –
               Convicted of controlled substance violation

APPLICATION    Reopening

98 NOV 13  PM 3:49
HARLINGEN, TX
RECEIVED
DISTRICT COUNSEL


      The respondent filed a motion to reopen with the Board on April 9, 1992.   We have jurisdiction over this matter pursuant to 8 C.F.R. § 3.2.  The motion will be denied.

      A motion to reopen must, among other things, state the new facts to be considered at the reopened hearing and must be supported by affidavits or other evidence.  8 C.F.R. §§ 103.5, 3.8(a), 242.22.  An alien must establish prima facie eligibility for the relief sought before a motion to reopen will be granted.  See, e.g., INS v. Abudu, 485 U.S. 94 (1988); INS v. Jong Ha Wang, 450 U.S. 139 (1981) (per curiam); Matter of Coelho, 20 I&N Dec. 464 (BIA 1992). Finally, an alien who seeks to remand or to reopen proceedings to pursue relief bears a "heavy burden" of proving that if proceedings were reopened, with all the attendant delays, the new evidence would likely change the result in the case.  Matter of Coelho, supra.

      The respondent has requested reopening to apply for a waiver of inadmissibility under section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c).  See Matter of Silva, 16 I&N Dec. 26 (BIA 1976)   The respondent is not eligible for this form of relief from deportation.

XC8 Binder

A24 836 088

An applicant for relief under section 212(c) of the Act must be a lawful permanent resident of the United States and must have a lawful unrelinquished domicile of 7 consecutive years. However, an alien's status as a lawful permanent alien ends upon the entry of an administratively final order of deportation. See Matter of Cerna, 20 I&N Dec 399 (BIA 1991). An alien subject to an administratively final order of deportation cannot successfully move to reopen deportation proceedings to apply for relief under section 212(c) of the Act because the alien is no longer a lawful permanent resident of this country. Id.

In the instant case, the record reflects that on December 12, 1990, this Board dismissed the respondent's appeal of the decision of an Immigration Judge which found her deportable from the United States pursuant to section 241(a)(11) of the Act, 8 U.S.C. § 1254(a)(11), and denied her applications for relief from deportation. Her status as a lawful permanent resident of the United States ended upon the entry of that final order. Accordingly, she cannot now move to reopen deportation proceedings to apply for relief under section 212(c) of the Act, and the respondent's motion is denied. See Matter of Cerna, supra.

ORDER: The respondent's motion to reopen is denied.

FOR THE BOARD

2

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION


JORGE LUIS ECHAVARRIA-CHAPA,          )
                                      )
v.                                    )          C.A. No.   B-01-128
                                      )
E.M. TROMINSKI, INS DISTRICT          )
      DIRECTOR, ET AL.                )
_____)


EXHIBIT "I" IN SUPPORT OF PETITION
FOR WRIT OF HABEAS CORPUS

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

LAURA RAMONA CRUZ DE SANDOVAL,       )
     Petitioner,                                      )
                                                      )
v.                                                           )     Civil Action No. B-98-194
                                                      )
E.M. TROMINSKI, INS                          )
DISTRICT DIRECTOR, et al.                  )
     Respondents.                                  )
_____)

## RESPONDENTS' UNOPPOSED MOTION TO
## REMAND TO THE BOARD OF IMMIGRATION APPEALS

     COME NOW, the Respondents, by and through Gregory A. Serres, United States

Attorney for the Southern District of Texas, and file this unopposed motion to remand

this case to the Board of Immigration Appeals ("Board") for re-examination of the

Petitioner's motion to reopen her deportation case, filed in April 1992, in light of 8 C.F.R.

§3.2(c)(1).

     The undersigned has consulted with Lisa Brodyaga, attorney for the Petitioner,

who has expressed no opposition to this motion.

WHEREFORE, it is respectfully requested that this motion be granted and this

matter be remanded to the Board for consideration of the Petitioner's eligibility for

reopening her deportation case in light of 8 C.F.R. §3.2(c)(1).

Respectfully submitted,

GREGORY A. SERRES
United States Attorney
Southern District of Texas

LISA M. PUTNAM
Special Assistant U.S. Attorney
Attorney in Charge
Georgia Bar No. 590315
Federal Bar No. 23937
P.O Box 1711
Harlingen, Texas 78551
Tel: (956) 389-7051/Fax: (956) 389-7057

Date: November 29, 2001

2

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served on counsel at the following address,

by depositing a copy of it in the United States mail, first class postage prepaid, to:

Lisa S. Brodyaga, Esquire
Refugio Del Rio Grande
17891 Landrum Park Rd.
San Benito, TX 78586

on this the _____29ᵗʰ_____ day of November, 2001.

Lisa M. Putnam
Special Assistant U.S. Attorney

3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

LAURA RAMONA CRUZ DE SANDOVAL,    )
     Petitioner,    )
         )
v.    )     Civil Action No. B-98-194
         )
E.M. TROMINSKI, INS    )
DISTRICT DIRECTOR, et al.    )
     Respondents.    )
———————————————————————)

## ORDER

Upon consideration of the applicable law and the agreement between the Petitioner and the Respondents, the Court grants the unopposed motion to remand this matter to the Board of Immigration Appeals.

It is therefore ORDERED, ADJUDGED AND DECREED that this matter is remanded to the Board of Immigration Appeals for consideration of the Petitioner's eligibility for reopening in light of 8 C.F.R. §3.2(c)(1)

It is further ORDERED, ADJUDGED AND DECREED that the petition for habeas corpus is dismissed as moot.

This is a final Order.

Done this _____ day of _____, 2001, in Brownsville, Texas.

_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION


JORGE LUIS ECHAVARRIA-CHAPA,          )
                                      )
v.                                    )     C.A. No.  B-01-128
                                      )
E.M. TROMINSKI, INS DISTRICT          )
     DIRECTOR, ET AL.                 )
_____)


ADMINISTRATIVE CASES CITED IN PETITIONER'S
MOTION FOR SUMMARY JUDGMENT

1.  *Matter of Arreguin,* 21 I&N Dec. 38 (BIA 3247) and

2.  *Matter of Edwards*, 20 I&N Dec. 191 (BIA 1990).

**Matter of Catalina ARREGUIN De Rodriguez, Applicant**
A55 507 157 - Dublin
Board of Immigration Appeals
14 Immig. Rptr. B1-72; 21 I. & N. Dec. 38 (I.D. 3247; BIA 1995)
Decided May 11, 1995

**Editorial information: index**

Index: Waiver of Deportability (Favorable and unfavorable equities)

**Editorial information: summary**

### SUMMARY OF ISSUES

<u>WAIVER OF DEPORTABILITY</u> : INA § 212(c); 20 years of lawful residence was an outstanding equity entitled to great weight.

**Editorial information: syllabus**

### BIA SYLLABUS

(1) An alien who has committed a serious drug offense faces a difficult task in establishing that she merits discretionary relief; nevertheless, the applicant met her burden of demonstrating that relief under section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c) (Supp. V 1993), was warranted where this was her only conviction, the sentencing court noted her acceptance of responsibility and ``minor role'' in the offense, there was substantial evidence of efforts toward rehabilitation, and the applicant presented unusual or outstanding equities, including nearly 20 years of lawful residence and two minor dependent United States citizen children.

(2) In considering the factors to be weighed in the exercise of discretion with regard to an application for relief under section 212(c) of the Act, evidence such as community ties, property and business holdings, or special service to the community are to be considered in the applicant's favor; however, the absence of those additional ties in themselves does not negate the weight to be accorded an applicant's long residence in this country.

**Editorial information: cross-ref**

[c].

**Counsel**

ON BEHALF OF RESPONDENT:
Pro se
ON BEHALF OF SERVICE:
Thomas L. Day
General Attorney, for the Immigration and Naturalization Service

---

Immigration Precedent Decisions                                                          1

Copyright (c) 2001 Matthew Bender & Company, Inc., a member of the LexisNexis Group   All rights reserved

**Judges**

Before: Board En Banc: SCHMIDT, Chairman; DUNNE, Vice- Chairman; VACCA, Board Member; HOLMES, Alternate Board Member. Dissenting Opinion: HEILMAN, Board Member.

**Opinion**

**Opinion by**

VACCA, Board Member:

**Opinion**

This is an appeal by the applicant from the decision of an Immigration Judge denying her application for a waiver of inadmissibility under section 212(6) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c) (Supp. V 1993). The appeal will be sustained.

The applicant is a 41-year-old native and citizen of Mexico. She began residing in the United States in 1970, when she was 17 years old, and was admitted into the United States as an immigrant on December 12, 1975. On September 29, 1993, the applicant was convicted in a United States District Court of importing marijuana in violation of 21 U.S.C. § § 952(a) and 960(a)(1) (1988). The 78.45 kilograms of marijuana were found in a camper shell of a pickup truck the applicant was driving across the border. The applicant was arrested upon her attempted entry and, because of the marijuana found in the truck and her subsequent conviction, was placed in exclusion proceedings under sections 212(a)(2)(A)(i)(II) and (C) of the Act, 8 U.S.C. § § 1182(a)(2)(A)(i)(II) and (C) (Supp. V 1993). [1.] In these proceedings, the applicant has not contested her excludability, but has applied for a waiver under section 212(c) of the Act.

At the conclusion of the hearing on the merits of the applicant's request for relief from exclusion, the Immigration Judge issued an oral decision finding that relief under section 212(c) of the Act was not warranted in the exercise of discretion, and ordering her exclusion and deportation to Mexico. On appeal, the applicant asserts that the Immigration Judge erred in his evaluation of the equities in her case. She is thus requesting that the decision of the Immigration Judge be vacated and that she be granted relief from exclusion under section 212(c) of the Act.

Section 212(c) of the Act provides:

Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General without regard to the provisions of subsection (a) ....

In adjudicating an application under section 212(c) of the Act, we balance the adverse factors evidencing the applicant's undesirability as a permanent resident with the social and humane considerations presented in her behalf to determine whether the granting of section 212(c) relief appears to be in the best interests of this country. See Matter of Edwards ; Interim Decision 3134 (BIA 1990); Matter of Buscemi , 19 I &N Dec. 628 (BIA 1988); Matter of Marin , 16 I &N Dec. 581 (BIA 1978). Accordingly, the issue in this case is whether, considering the particular facts presented, relief is warranted in the exercise of discretion. Upon our independent review of the record, we find that relief should be granted. See Matter of Burbano ; Interim Decision 3229 (BIA 1994).

We first address the question of the applicant's rehabilitation. In his oral decision, the Immigration Judge states that the applicant ``must also convince the court that she has rehabilitated.'' This statement

---

Copyright (c) 2001 Matthew Bender & Company, Inc , a member of the LexisNexis Group  All rights reserved

leaves the erroneous impression that an applicant may be barred from relief simply by a failure to demonstrate that she is rehabilitated. A clear showing of reformation is not an absolute prerequisite to a favorable exercise of discretion in every section 212(c) application involving an alien with a criminal record. *See Matter of Edwards, supra* . Section 212(c) applications involving convicted aliens must be evaluated on a case-by-case basis, with rehabilitation a factor to be considered in the exercise of discretion. *Matter of Roberts* ; Interim Decision 3148 (BIA 1991); *Matter of Edwards, supra* . Here, the applicant is currently serving her sentence for the conviction underlying these proceedings. We recognize the difficulties an incarcerated alien faces in demonstrating convincing efforts towards rehabilitation. However, any efforts will be considered, and the applicant is not barred automatically from discretionary relief by her incarceration. Accordingly, in our review of this matter, we have taken into account the following indicators of the applicant's efforts at rehabilitation.

Evidence of the applicant's efforts towards rehabilitation include her apparent acceptance of responsibility for her crime. In this regard, we note that the criminal court reduced the applicant's sentence because of her acceptance of responsibility. This was based on the presentence investigation report prepared for the applicant's sentencing, which states:

> The Defendant made a voluntary post-arrest statement in which she admitted her involvement in the instant offense. On August 2, 1993, she pled guilty and during the subsequent presentence interview, she again admitted responsibility for smuggling the camper shell containing the marijuana into the United States for remuneration.

Likewise, at the hearing the applicant did not disclaim responsibility for the crime and did express remorse for her participation, stating that she was thankful she was caught so that she was unable to carry out the importation.

Despite her current incarceration, the record reflects that the applicant has apparently used her time in prison well in that she has advanced her otherwise meager education by voluntarily pursuing GED studies, for which she received a letter of commendation, has pursued other courses, has had no prison infractions, and has been involved in a church ministry.

In sum, the applicant's acceptance of responsibility for her crime and her achievements while in prison are favorable indicators of efforts at rehabilitation which we take into account in weighing the equities of her application.

The other two major equities to be considered in the applicant's favor are her long residence and her five United States citizen children. The Immigration Judge seems to have found that these did not constitute unusual or outstanding equities. We disagree. Of the applicant's five United States citizen children, two are minors, Fernando, 11 years old, and Myra, 3 years old. The other three are emancipated adults. Due to the applicant's incarceration, the minor children are presently in the custody of the applicant's sister, who is receiving Aid to Families with Dependent Children on their behalf, since she is unable to support them on her salary while also raising her own children. However, the record reflects that they lived with the applicant prior to her arrest. The letters of support submitted by the applicant assert that she is a responsible and caring mother and that her exclusion and deportation would bring great hardship upon the children. Accordingly, we find that the minor children do constitute an outstanding equity, and that the three adult children are additional family ties to the United States to be considered in her favor.

Likewise, we find that the applicant's nearly 20 years of lawful permanent residence in this country constitutes an unusual or outstanding equity. The immigration judge found this not to be so because she ``has little to show for her residence in the United States." There is no doubt that additional community ties, property and business holdings, or special service to the community would be equities in her favor. *See Matter of Marin, supra* . However, the absence of those additional ties in themselves does not negate the weight to be accorded the applicant's long residence in this country, which is otherwise without a criminal record, and during most of which she was employed. We note that the applicant testified that she has paid income taxes and she submitted copies of returns for 1982 to 1986. Accordingly, we consider the

---

Immigration Precedent Decisions                                                                                      3

Copyright (c) 2001 Matthew Bender & Company, Inc., a member of the LexisNexis Group   All rights reserved.

applicant's long residence to be an unusual and outstanding equity in her favor.

We additionally take into account that a letter submitted on behalf of the applicant states that she will be offered full-time employment upon her release. In this regard, we note that the applicant is apparently undecided as to whether the two minor children would accompany her or remain if she were deported; thus, they might remain in the United States if she were deported. We accordingly take into consideration that if the applicant remains in the United States and reenters the work force the children would be able to stop receiving welfare, as they would no longer be dependent on her sister.

The record reflects that during most of her 25 years of residence in this country the applicant has supported herself and her children and, according to the presentence report, has paid rent when living with her sisters. During two periods she resorted to welfare - after she was divorced, from 1977 to 1979, and after her youngest child was born, from 1991 until 1993, when she was arrested. In balance, we consider the applicant's long history of employment to be a favorable equity.

In sum, upon consideration of the applicant's efforts at rehabilitation and the other factors outlined above, we given greater weight to the favorable facts of record than did the immigration judge.

As well as differing with the immigration judge regarding the favorable facts presented by the applicant, we make the following observations regarding the negative facts of record. First, as noted above, the court that convicted the applicant reduced her sentence on account of her acceptance of responsibility, as recommended in the presentence report. In addition, the sentencing court itself further reduced the sentence ``because the defendant played a minor role in the offense." The applicant has had no other convictions or arrests, except for the incident discussed below. Thus, while we do not discount the gravity of the applicant's conviction, we take into account the mitigating factors relied upon by the sentencing court, as well as the fact that this is the applicant's only criminal conviction.

With regard to the applicant's immigration history, the Immigration and Naturalization Service presented documentation regarding the applicant's arrest in 1980 on suspicion of smuggling aliens. The applicant was alleged to have picked up a number of undocumented aliens near the border in an attempt to transport them further into the country for gain. The apprehension report states that prosecution was declined, and we note that deportation proceedings were never instituted on the basis of this incident. At the hearing, the applicant admitted that she gave a ride to a family, but denied that she was paid for it or that she was engaged in any wrongdoing. She also testified that the three birth certificates and social security cards mentioned in the report belonged to her three children, and that she always carried them with her.

The Immigration Judge concluded that this incident was a negative factor to be considered in exercising discretion. Just as we will not go behind a record of conviction to determine the guilt or innocence of an alien, so we are hesitant to give substantial weight to an arrest report, absent a conviction or corroborating evidence of the allegations contained therein. Here, the applicant conceded that the arrest took place but admitted to no wrongdoing. Considering that prosecution was declined and that there is no corroboration, from the applicant or otherwise, we give the apprehension report little weight.

An alien who has committed a serious drug offense faces a difficult task in establishing that she merits discretionary relief. Nevertheless, relief under section 212(c) of the Act may be merited based upon the totality of circumstances presented in a particular case. *Matter of Burbano, supra* . Here, we have weighed the negative fact of the applicant's only conviction, the mitigating facts of her minor role and efforts toward rehabilitation, and the favorable facts of record, which include nearly 20 years of lawful residence and two minor dependent children, and we find that relief under section 212(c) of the Act is warranted in this instance.

In granting this waiver we particularly advise the applicant that if she commits another offense leading to exclusion or deportation proceedings, she is not likely to be the beneficiary of such relief again.

---

Immigration Precedent Decisions      4
Copyright (c) 2001 Matthew Bender & Company, Inc , a member of the LexisNexis Group   All rights reserved

ORDER: The appeal is sustained.

FURTHER ORDER: The applicant is granted a waiver of inadmissibility under section 212(c) of the Act and is hereby admitted to the United States as a returning lawful permanent resident.

**Dissent by**

HEILMAN, Board Member, dissenting:

**Dissent**

I respectfully dissent.

The respondent's appeal did not specifically identify any errors in the Immigration Judge's decision, and I therefore find no ground on which to exercise our appellate authority to reverse the decision.

This is not an easy or simple case to adjudicate, as we are presented with a serious conviction involving a large quantity of marijuana on the one hand, and substantial equities on the other. Presented with this difficult decision, the Immigration Judge took into consideration the requisite factors set forth in our precedent decisions. The favorable factors the Immigration Judge took into consideration included the respondent's long residence in the United States, her family ties (especially giving weight to her two minor children), evidence of her rehabilitative efforts, and her employment history, although he found the latter diminished by her receipt of public assistance during two periods. By way of adverse factors, the Immigration Judge took into consideration the serious conviction underlying these proceedings, as well as the arrest in 1980 on alien smuggling grounds. Upon weighing these competing factors, the Immigration Judge decided, in the exercise of discretion, that relief was not warranted.

Reasonable minds can easily reach conflicting decisions in a case as close as this one. Nevertheless, it is my opinion that the respondent here did not adequately raise specific objections to the Immigration Judge's decision so as to warrant the re-weighing of the equities engaged in by the majority here. Accordingly, I would not have reversed the decision of the Immigration Judge in this instance.

———

Copyright (c) 2001 Matthew Bender & Company, Inc., a member of the LexisNexis Group   All rights reserved.

**Matter of EDWARDS**

A-162 471v
Board of Immigration Appeals
3 Immig Rptr B1-1 20 I & N Dec 191 (I.D. 3134; BIA 1990
May 2 1990

**Editorial information: Annotation**

ORDER: The appeal is dismissed.


**Editorial information: charges**

<u>WAIVER OF INADMISSIBILITY</u>: INA § 212(c).

<u>DISCRETIONARY RELIEF</u>: Showing of unusual or outstanding equities needed to outweigh criminal record.

<u>REHABILITATION</u>: Demonstrating rehabilitation is not absolute prerequisite to favorable exercise of discretion.


**Editorial information: cross-ref**

Immigration Law and Procedure §§ 71.01; 72.04; 74.02.

**syllabus**

**BIA SYLLABUS**

(1) A clear showing of reformation is not an absolute prerequisite to a favorable exercise of discretion in every section 212(c) application involving an alien with a criminal record; therefore, section 212(c) applications involving convicted aliens must be evaluated on a case-by-case basis, with rehabilitation a factor to be considered in the exercise of discretion.  <u>Matter of Buscemi</u>; Interim Decision 3058 (BIA 1988); and <u>Matter of Marin</u>, 16 I&N Dec. 581 (BIA 1978), clarified.

(2) A proper determination as to whether an alien has demonstrated unusual or outstanding equities in a section 212(c) application can only be made after a complete review of the favorable factors in his case, and, therefore, the use of the term ``threshold test'' is deemed to be inappropriate in this context, as it might be interpreted to imply that a full examination of an alien's equities can somehow be pretermitted.  <u>Matter of Buscemi</u>, <u>supra</u>, clarified.

**Counsel**

ON BEHALF OF RESPONDENT: Fernando Colon-Navarro, Esquire
Harvard Law Clinic
264 Third Street
Cambridge, Massachusetts 02142
ON BEHALF OF SERVICE: Patricia B. Feeney, General Attorney

Copyright (c) 2001 Matthew Bender & Company, Inc , a member of the LexisNexis Group  All rights reserved.

**Judges**

    BY: Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members

**Opinion**

**Opinion by**

**Opinion**

In a decision rendered on August 17, 1989, the immigration judge found the respondent deportable, based upon his admissions, on the charge set forth above, denied his application for a waiver of inadmissibility under section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c) (1988), and ordered him deported from the United States to Barbados. The respondent, through counsel, has appealed from that decision only with respect to the denial of relief from deportation. The appeal will be dismissed.

    The respondent is a 44-year-old native and citizen of Barbados, who was admitted to this country as a lawful permanent resident in 1968. The record reflects that he is married to a United States citizen and that he has four United States citizen children. It further shows that he incurred the following criminal convictions while in this country: attempted burglary (1977); third degree burglary, larceny, possession of burglary tools, and possession of stolen property (1979); attempted burglary (1981); possession of a controlled substance (1985); possession with intent to distribute a controlled substance (two counts), intentional distribution of a controlled substance (three counts), and conspiracy to distribute a controlled substance (one count) (1987). [1.] In total, the respondent served some 2 and 1/2 years as a result of his criminal convictions, including a 1-year period stemming from his 1987 convictions, for which he was actually sentenced to concurrent terms of 3 to 5 years. [2.]

    At the deportation hearing, the respondent testified that he began abusing controlled substances in 1977, and he intimated that this vice formed the basis of his criminal record. He indicated that while incarcerated during the 1979 to 1981 period, he attended weekly drug rehabilitation sessions. He related that after his release from prison, he managed to remain free from drugs for 3 and 1/2 years, but that he eventually began to use them again due to family, financial, and legal difficulties. The respondent advised that he sold heroin during 1986 solely to support his own drug habit. He stated that he participated in weekly drug counselling sessions while in prison as a result of his 1987 convictions. He further testified that subsequent to his release from prison, he continued to attend a treatment program on a weekly basis. The respondent conceded that he used heroin in approximately August 1988, and that he tested positive for morphine in November 1988. He indicated that before he was able to begin tri-weekly counselling sessions, as suggested by his parole officer, the Immigration and Naturalization Service issued a warrant for his arrest. He advised that he planned to return to a treatment program after his release from Service detention. The respondent said that he would not abuse controlled substances again because he did not want to hurt his family. In this regard, he also cited a fear of Acquired Immune Deficiency Syndrome and noted that, due to his high blood pressure, continued abuse of controlled substances would be fatal to him.

    With respect to his history of employment, the respondent advised that when he first came to this country, he worked in a nursing home for 10 years until 1977. He testified that his next job was as a taxicab driver, an occupation in which he remained for less than a year following his release from prison in 1981. He noted that he subsequently worked at a die casting company for 2 and 1/2 years until 1985, when he was injured in a job-related accident. He related that he received workmen's compensation for approximately 1 year. The respondent said that he was unemployed during the period leading up to his

Copyright (c) 2001 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved.

1987 convictions, that he sold drugs during this time, and that his spouse supported him. He stated that upon his release from prison to a halfway house, he worked as a kiln operator until he was laid off, i.e., from December 1987 until August 1988. He declared that he then earned money as a self-employed worker in the demolition and cleaning industry. He observed that he planned to return to this occupation upon his release from Service detention.

The respondent implored that he be allowed to remain in the United States because of his family. He insisted that he would work hard to change his ways. He related that his wife and children, as well as his mother and siblings, resided here and that he knew no one in Barbados. He asserted that it would be very difficult for him to find employment in Barbados because of his age. He recounted that he had discussed the possibility of returning to Barbados with his wife, but that his family would be unable to accompany him because his children were in school and Barbados lacked special educational facilities for his autistic son.

In addition, the respondent offered the testimony of his wife on his behalf. She stated that she worked as a part-time aide at the school of her autistic son. She advised that she would not accompany her husband to Barbados as that country lacked the special educational facilities required for her autistic son. She related that the respondent was a good father and that he had changed for the better since his release from prison. She declared that she and her children had received public assistance since 1982, although her husband also had provided some support.

Besides testimony, a number of documents were entered into evidence. These documents include the case notes of the respondent's Massachusetts parole officer, covering the period from February 8, 1988, to January 26, 1989. There also is a letter from the Massachusetts Public Welfare Department, dated March 16, 1989, which describes the assistance given to the respondent's wife and children, and which opines that if the respondent is allowed to remain in this country, there would be numerous benefits to his family, including providing his children with two parents, and giving the family an opportunity to become independent of the public welfare system. Finally, the documentary evidence also comprises a medical report, dated January 21, 1988, confirming that the respondent's son has an autistic disorder.

In his decision, the immigration judge determined that the respondent was statutorily eligible for a section 212(c) waiver. However, he denied that relief in the exercise of discretion. He reasoned that the serious negative factor of the respondent's criminal convictions could only be overcome by a showing of unusual or outstanding equities, together with a demonstration of rehabilitation. He concluded that the respondent had failed to establish either of these requirements.

On appeal, the respondent argues that the immigration judge erred by failing to consider all of the favorable factors presented in his case. He asserts that he demonstrated unusual and outstanding equities. He further contends that the immigration judge should have allowed him to submit evidence regarding the nature and circumstances of his criminal convictions. He points out that his criminal record resulted from his need to support his drug habit rather than a desire to make profits. Moreover, he argues that the immigration judge placed undue weight on the factor of rehabilitation. He explains that, as a practical matter, the immigration judge based the denial of relief solely on the issue of whether he had been rehabilitated with respect to his controlled substance dependency. He indicates that it was improper to preclude relief on this basis because he was in Service detention and therefore was unable to enter a treatment facility, as had been previously arranged. Finally, the respondent contends that the immigration judge improperly relied on the parole officer's report.

For its part, the Service argues that the decision of the immigration judge is correct. It asserts, inter alia, that the respondent failed to make the requisite showing of unusual or outstanding equities.

Section 212(c) of the Act provides, in pertinent part, that aliens lawfully admitted for permanent residence who temporarily proceed abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of 7 consecutive years, may be admitted in the discretion of the Attorney General without regard to certain specified grounds of exclusion. In light of our decision in

---

Immigration Precedent Decisions                                                                3

Copyright (c) 2001 Matthew Bender & Company, Inc., a member of the LexisNexis Group.  All rights reserved.

Matter of Silva, 16 I&N Dec. 26 (BIA 1976), a lawful permanent resident is prima facie eligible for relief from deportation under section 212(c), even though he has not proceeded abroad subsequent to the acts which rendered him deportable. See Francis v. INS, 532 F.2d 268 (2d Cir. 1976).

Section 212(c) of the Act, however, does not provide an indiscriminate waiver for all who demonstrate statutory eligibility for such relief. Instead, the Attorney General or his delegate is required to determine as a matter of discretion whether an alien merits the relief sought, and the alien bears the burden of demonstrating that his application warrants favorable consideration. Matter of Marin, 16 I&N Dec. 581, 582-83 (BIA 1978).

The exercise of discretion in a particular case necessarily requires consideration of all the facts and circumstances involved. There must be a balancing of the social and humane considerations presented in an alien's favor against the adverse factors evidencing his undesirability as a permanent resident. Id. at 584. The Board has enunciated numerous factors to be considered in determining whether or not to grant section 212(c) relief. Favorable considerations have been found to include such factors as family ties within the United States, residence of long duration in this country (particularly when the inception of residence occurred at a young age), evidence of hardship to the respondent and his family if deportation occurs, service in this country's armed forces, a history of employment, the existence of property or business ties, evidence of value and service to the community, proof of genuine rehabilitation if a criminal record exists, and other evidence attesting to a respondent's good character. Id. at 584-85. Among the factors deemed adverse to an alien are the nature and underlying circumstances of the exclusion or deportation ground at issue, the presence of additional significant violations of this country's immigration laws, the existence of a criminal record and, if so, its nature, recency, and seriousness, and the presence of other evidence indicative of a respondent's bad character or undesirability as a permanent resident of this country. Id. at 584. Moreover, one or more of these adverse considerations may ultimately be determinative of whether section 212(c) relief is in fact granted in an individual case. Id.

We also have pointed out that as the negative factors grow more serious, it becomes incumbent upon the alien to introduce additional offsetting favorable evidence, which in some cases may have to involve unusual or outstanding equities. Id. at 585. Such a heightened showing is required when an alien has been convicted of a serious drug offense, particularly one relating to the trafficking or sale of drugs. Id. at 586 n. 4. The necessity of demonstrating unusual or outstanding equities is not exclusively triggered by serious crimes involving controlled substances, however. Rather, one must examine the gravity of the offense per se. Matter of Buscemi; Interim Decision 3058, at 8 (BIA 1988); see also Matter of Marin, supra. In addition, such a showing may be mandated because of a single serious crime, or because of a succession of criminal acts which together establish a pattern of serious criminal misconduct. Matter of Buscemi, supra, at 8. We observe that an alien who demonstrates unusual or outstanding equities, as required, does not compel a favorable exercise of discretion; rather, absent such equities, relief will not be granted in the exercise of discretion. [3.] Id.; see also Matter of Marin, supra. There are cases in which the adverse considerations are so serious that a favorable exercise of discretion is not warranted even in the face of unusual or outstanding equities. Such was the situation in Matter of Buscemi, supra.

With respect to the issue of rehabilitation, the Board noted in Matter of Marin, supra, at 588, and reiterated in Matter of Buscemi, supra, at 10, that a section 212(c) waiver applicant who has a criminal record ``ordinarily" will be required to make a showing of rehabilitation before relief will be granted as a matter of discretion. This language has been interpreted in some cases as though a clear showing of reformation is an absolute prerequisite to a favorable exercise of discretion in every case involving an alien with a criminal record. To the extent that this language may be read as creating an absolute prerequisite to a favorable exercise of discretion, we withdraw from it. Rather, section 212(c) applications involving convicted aliens must be evaluated on a case-by-case basis, with rehabilitation a factor to be considered in the exercise of discretion.

In regard to the matter before us, we point out that we have reviewed the record on a de novo basis. Accordingly, the respondent has not suffered any prejudice due to the immigration judge's alleged

Copyright (c) 2001 Matthew Bender & Company, Inc., a member of the LexisNexis Group.  All rights reserved.

errors in failing to consider all of the favorable evidence on his behalf or by placing an undue burden upon him regarding rehabilitation. Moreover, we observe that, for purposes of expediency, we have not relied on the report of the respondent's parole officer in rendering our decision. Consequently, we make no ruling as to the proper evidential weight which should have been accorded to the document or whether, in fact, it should have been accepted into evidence in the first instance. [4.]

Additionally, while it is true that the immigration judge initially noted that he would not hear testimony as to the respondent's motivation for his crimes, the respondent ultimately was able to indicate for the record that he engaged in criminal conduct in order to support his drug habit. See Matter of M-, 3 I&N Dec. 804, 805 (BIA 1949) (matter involving the seventh proviso to section 3 of the Immigration Act of 1917) (while the Board will not go behind a record of conviction to reassess an alien's ultimate guilt or innocence, inquiry may be had into the circumstances surrounding the commission of the crime in order to determine whether a favorable exercise of discretion is warranted). Therefore, the respondent did not suffer prejudice. We also point out that, at the time the immigration judge rendered his interlocutory ruling, the respondent's counsel expressed agreement with it.

In analyzing the respondent's application for a section 212(c) waiver, we note that his statutory eligibility for that relief has not been contested. In regard to the exercise of discretion, we consider that the respondent possesses an extensive criminal record covering the period from 1977 until 1987, including convictions for burglary and attempted burglary, possession of a controlled substance, possession with intent to distribute a controlled substance, and intentional distribution of a controlled substance. The respondent's overall 10-year pattern of criminal misconduct, as well as his controlled substance distribution offenses, each independently require that he demonstrate unusual or outstanding equities if he is to have the possibility of receiving a favorable exercise of discretion.

In the respondent's favor we take into account the fact that he has resided in this country for approximately 22 years. We note that he is married to a United States citizen, that he has four United States citizen children, that his mother and siblings reside in this country, and that he apparently has no family remaining in Barbados. We observe that the respondent's wife declared that he is a good father. We acknowledge that his family will suffer emotional hardship if he is deported to Barbados. We are aware of the special hardship that the respondent's autistic child may suffer from a separation. In sum, we conclude that these equities cumulatively rise to the level of the unusual or outstanding.

In regard to other alleged favorable equities forwarded by the respondent, however, we note that he has neglected to submit any evidence to support his conclusory allegation that he will be unable to find work in Barbados because of his age. In terms of the financial hardship that his family may face due to his deportation, we consider that they received support from the public welfare system before the respondent encountered any difficulties with our immigration laws. He has not shown that their financial situation will be materially exacerbated if he is forced to depart from this country.

Turning to the issue of rehabilitation, we find it to be a significant factor in view of the nature and extent of the respondent's criminal history. Specifically, he has a record of offenses extending from 1977 until 1987, including convictions for controlled substance distribution. He attributed these crimes to his need to support his drug habit. While such a claim may tend to show that the respondent is not an inherently evil person, we still must consider the safety of our society. Regardless of the respondent's motivation, the community still will suffer the consequences of any future criminal behavior on his part.

At the hearing, the respondent promised that he would try to mend his ways. He renounced further controlled substance abuse because of the adverse effect on his family and because of the dangers to his own health. He participated in a number of treatment programs, including one at the time of his detention by the Service. Although the respondent appears to have been able to free himself from drugs for various periods of time, we note that he ultimately was unsuccessful in his quest. For example, we consider that while on parole and participating in a treatment program after his most recent period of incarceration, the respondent used controlled substances on at least two occasions, in August and November 1988.

Copyright (c) 2001 Matthew Bender & Company, Inc , a member of the LexisNexis Group. All rights reserved.

Consequently, on the record before us, we determine that he failed in his attempt to rehabilitate himself.

While it is unfortunate that the respondent apparently has not been able to participate in a controlled substance treatment program while in Service detention, we reject the respondent's suggestion that this fact bars a finding that he has not rehabilitated himself.  See Matter of Marin, supra, at 588-89 (while it is more difficult for confined aliens to establish rehabilitation than those who are at liberty, this does not result in a violation of their constitutional rights).  Further, we observe that the respondent was able to participate in a treatment program directly prior to his detention by the Service.  However, he wasted this opportunity by continuing his use of controlled substances on at least two occasions during this period.

In balancing the various factors in the respondent's case, we take note of his favorable equities, which we found to be unusual or outstanding.  However, when we weigh these equities against the adverse factors of his extensive criminal record, which includes controlled substance distribution offenses, and our lack of confidence as to his rehabilitation, we determine that a favorable exercise of discretion is not warranted.

Accordingly, the appeal will be dismissed.

---

Immigration Precedent Decisions                                                                                   6

Copyright (c) 2001 Matthew Bender & Company, Inc , a member of the LexisNexis Group   All rights reserved