

```
                                          United States District Court
                                           Southern District of Texas
                                                    FILED
        UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF TEXAS        DEC 0 6 2001
              BROWNSVILLE DIVISION
                                                Michael N. Milby
                                                 Clerk of Court
```

JORGE LUIS ECHAVARRIA-CHAPA    )
                               )
v.                             )     C.A. No. B-01-128
                               )
E.M. TROMINSKI, INS DISTRICT   )
     DIRECTOR, and             )
     JOHN ASHCROFT, UNITED STATES )
     ATTORNEY GENERAL.         )
_____)

PETITIONER'S EXHIBIT "J" IN SUPPORT OF
HIS PENDING OPPOSITION TO RESPONDENT'S MOTION TO DISMISS

Jorge Luis Echavarria, by and through the undersigned, herewith files Exhibit "J" in Support of his Opposition to Respondent's Motion To Dismiss his Petition for Writ of Habeas Corpus.

The case at bar challenges the BIA's denial of Mr. Echavarria's motion to reopen under 8 C.F.R. §3.2(c)(1), which permits reopening of otherwise final deportation proceedings for the presentation of additional evidence in support of a previously denied application for §212(c) relief, regardless of whether the applicant is still a permanent resident, so long as he was eligible for such relief at the time of the original deportation order. Mr. Echavarria qualified for, and specifically requested reopening under its provisions. In accordance with the plain language thereof, he attempted to bring to the attention of the BIA the changed circumstances since his initial hearing, and to tender further evidence in support of his application.

However, on February 27, 2001, the Board denied Mr. Echavarria's motion his motion to reopen, overlooking the explicit language of 8 C.F.R. §3.2(c)(1), and denying the motion solely on the basis of an erroneous interpretation of the law, to wit, that Mr. Echavarria

was ineligible for reopening, because he no longer maintained his status as a lawful permanent resident, and that, as a result, his "motion to reopen will necessarily fail for failure to meet the most basic requirements." (Exhibit A, at page 2).

Exhibit "J" consists of two decisions of the Board of Immigration Appeals, both issued November 26, 2001, where the Board remanded the records to the Immigration Judge for further hearings on the immigrants' applications for §212(c) relief. In each case, the BIA had denied a motion to reopen to further consider the immigrant's application for §212(c) relief, which motions were filed pursuant to 8 C.F.R. §3.2(c)(1), and which had been denied solely on the basis of *Matter of Soriano*, 21 I&N Dec. 516 (BIA 1996; AG 1997), concluding that AEDPA §440(d) rendered them retroactively ineligible for such relief. In each, this Court vacated that order, and remanded the case to the BIA. And in each case, the BIA thereafter remanded the record to the Immigration Judge, for *further* consideration of the §212(c) application

Respectfully Submitted,

*[signature: Lisa S. Brodyaga]*

Lisa S. Brodyaga, Attorney at Law
17891 Landrum Park Road
San Benito, TX 78586
(956) 421-3226                      Federal I.D. No. 1178
(956) 421-3423 (fax)                Texas Bar No. 03052800

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing, with Exhibit J, was mailed, first-class postage prepaid, to Lisa Putnam, SAUSA, P.O. Box 1711, Harlingen, Texas 78551 on this 4th day of December, 2001.

*[signature]*

2



# U.S. Department of Justice

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5201 Leesburg Pike Suite 1300*
*Falls Church Virginia 22041*

| | |
|---|---|
| **Brodyaga, Lisa S.**<br>**17891 Landrum Park Road,**<br>**San Benito, TX 78586-0000** | **Office of the District Counsel/HL**<br>**P.O. Box 1711**<br>**Harlingen, TX 78551** |

Name: REYES-GARZA, ORLANDO*                    A19-216-552

<u>D</u>ate of this notice: 11/27/2001

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Very Truly Yours,

*Lori Scialabba*

Lori Scialabba
Acting Chairman

Enclosure

Panel Members:
    HOLMES, DAVID B.
    MILLER, NEIL P.
    MILLER, NEIL P.

**U.S. Department of Justice**  
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

---

File: A19 216 552 - Harlingen

Date: NOV 27 2001

In re: ORLANDO REYES-GARZA

IN DEPORTATION PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT: Robert H. Crane, Esquire

ON BEHALF OF SERVICE: Kenneth M. Muir  
Assistant District Counsel

CHARGE:

   Order: Sec. 241(a)(11), I&N Act [8 U.S.C. § 1251(a)(11)] -  
   Convicted of controlled substance violation

APPLICATION: Section 212(c) waiver

ORDER:

   PER CURIAM. This case was previously before us on March 24, 1997, when we dismissed the respondent's appeal from an Immigration Judge's decision denying his application for a waiver of deportation under former section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c), in the exercise of discretion. Our ruling was based on the Attorney General's decision in *Matter of Soriano*, 21 I&N Dec. 516 (BIA 1996; A.G. 1997). Under that decision, the respondent was statutorily ineligible for a section 212(c) waiver due to section 440(d) of the Antiterrorism and Effective Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, 1277 ("AEDPA").

   On August 4, 1997, we granted reopening to enable the respondent to contest deportability. Following the reopened hearing, at which he was found deportable, the respondent again appealed, and we dismissed that appeal on February 8, 1999.

   On July 23, 2001, the United States District Court for the Southern District of Texas vacated our February 8, 1999, decision in this matter and remanded the case to us, to afford the respondent an opportunity to pursue an application for section 212(c) relief. Further, the Attorney General has now

A19 216 552

established by regulation, codified at 8 C.F.R. § 212.3(g), that section 440(d) of AEDPA shall not apply to any applicant for section 212(c) relief whose deportation proceedings were commenced before the Immigration Court prior to April 24, 1996. The proceedings in this case were commenced before that date.

As indicated above, the Immigration Judge did hold a hearing on the merits of the respondent's application for section 212(c) relief, and he denied relief in the exercise of discretion, finding that the seriousness and recency of the respondent's criminal conduct outweighed his substantial equities. It has now been over 10 years since the last hearing in this case. In light of the passage of time, and the importance of rehabilitation in this case, a remand to update the record regarding the respondent's more recent activities is appropriate. Accordingly, the record is remanded to the Immigration Judge for a further hearing on the respondent's application for a section 212(c) waiver.

_____
FOR THE BOARD



**U.S. Department of Justice**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

_____

5201 Leesburg Pike, Suite 1300
Falls Church, Virginia 22041

| | |
|---|---|
| **Brodyaga, Lisa S., Esquire**<br>**17891 Landrum Park Road,**<br>**San Benito, TX 78586-0000** | **Office of the District Counsel/HL**<br>**P.O. Box 1711**<br>**Harlingen, TX 78551** |

**Name: VARGAS-LAZARIT, RODOLFO**                A34-239-222

**D**ate of this notice: 11/26/2001

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Very Truly Yours,

*Lori Scialabba*

Lori Scialabba
Acting Chairman

Enclosure

Panel Members:
   HURWITZ, GERALD S.

U.S. Department of Justice

Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

File:   A34 239 222 - Harlingen

Date:  **NOV 26 2001**

In re: RODOLFO VARGAS-LAZARIT

IN DEPORTATION PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:   Lisa S. Brodyaga, Esquire

ON BEHALF OF SERVICE:   Tammy L. Fitting
Assistant District Counsel

CHARGE:

Order:   Sec.   241(a)(11), I&N Act [8 U.S.C. § 1251(a)(11)] -
Convicted of controlled substance violation

APPLICATION:   Section 212(c) waiver

ORDER:

PER CURIAM. This case was last before us on June 21, 2000, when we denied the respondent's motion to reopen to further consider his application for relief under former section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c), and to pursue an application for suspension of deportation. Our decision on the section 212(c) application was based on the Attorney General's decision in *Matter of Soriano*, 21 I&N Dec. 516 (BIA 1996; A.G. 1997). Under that decision, the respondent was statutorily ineligible for a section 212(c) waiver due to section 440(d) of the Antiterrorism and Effective Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, 1277 ("AEDPA"). We had previously, on November 21, 1994, upheld an Immigration Judge's decision denying the respondent's 212(c) application in the exercise of discretion.

On July 23, 2001, the United States District Court for the Southern District of Texas vacated our two decisions in this matter and remanded the case to us, to give the respondent an opportunity to further pursue his application for section 212(c) relief. The court noted that the Attorney General has now established by regulation, codified at 8 C.F.R. § 212.3(g), that section 440(d) of AEDPA shall not apply to any applicant for section 212(c) relief whose deportation proceedings were

A34 239 222

commenced before the Immigration Court prior to April 24, 1996. The proceedings in this case were commenced before that date.

      We note that it has now been over 11 years since the last hearing in this case. In light of the passage of time, and the importance of rehabilitation in this case, a remand is appropriate to update the record on the respondent's more recent activities. Accordingly, the record is remanded to the Immigration Judge for a hearing on the respondent's application for section 212(c) relief.

_____
FOR THE BOARD

A34 239 222