UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

MAY 0 8 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| JORGE LUIS ECHAVARRIA-CHAPA, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-01-128 |
| | § | |
| E.M. TROMINSKI, | § | |
| INS DISTRICT DIRECTOR, | § | |
| Respondent. | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### BACKGROUND

Jorge Luis Echavarria-Chapa is a citizen and national of Mexico who has a final order of deportation pending against him. Petitioner entered the United States on June 29, 1983 as an immigrant. Approximately ten years later, on May 28, 1993, Petitioner was convicted in the United States District Court for the Southern District of Ohio, Western Division, of Interstate Travel with Intent to Promote a Drug Conspiracy. Echavarria-Chapa was sentenced to ten months incarceration followed by two years of supervised release.

Deportation proceedings were initiated against the Petitioner with the issuance of an Order to Show Cause and Notice of Hearing dated July 20, 1993. The Order to Show Cause charged Mr. Echavarria-Chapa as being deportable pursuant to 8 U.S.C. § 1251(a)(2)(B)(i) (or § 241(a)(2)(B)(i) of the Immigration and Nationality Act) for having been convicted of a violation of any law relating to a controlled substance. Petitioner applied for relief pursuant to § 212(c) of the INA.

Petitioner was afforded a hearing on the merits of his application for relief from

deportation. On August 12, 1994, the immigration judge denied Petitioner's application for relief pursuant to § 212(c) of the Act, and ordered his deportation to Mexico. Petitioner reserved his right to appeal and filed an appeal with the Board of Immigration Appeals ("BIA"). In a decision dated May 4, 1995, the Board affirmed the decision of the immigration judge and dismissed Petitioner's appeal. Petitioner appealed the BIA's decision to the Fifth Circuit Court of Appeals. In a decision dated February 6, 1996, the Fifth Circuit affirmed the Board's decision.

Petitioner then filed a Motion to Reconsider *and* Reopen his deportation proceedings with the Board on July 18, 1995. In a decision dated February 27, 2001, the Board denied the Petitioner's motion. Importantly, the Board found that the motion was more appropriately considered a Motion to Reconsider instead of a Motion to Reopen. In addressing the Motion to Reopen, the Board found that the motion failed because it could not meet the basic requirement of establishing prima facie eligibility for relief since the Petitioner was no longer a lawful permanent resident ("LPR"). Mr. Echavarria-Chapa lost his LPR status when the Board dismissed his original appeal on May 4, 1995. Thereafter, the Board found that it had given "due consideration to the totality of the circumstances" in its prior review of the immigration judge's decision and that the motion to *reconsider* should be denied [Emphasis added]. A petition for review of the Board's denial of the Petitioner's Motion to Reconsider and Reopen was not filed. Instead, Mr. Echavarria-Chapa filed the instant Petition for Writ of Habeas Corpus seeking a remand to the Board to allow the Petitioner the opportunity to submit further evidence of his eligibility for relief pursuant to § 212(c) of the Act.

In July of 1996, based on a new regulation which permits the reopening of applications

for § 212(c) relief for the presentation of additional evidence in support of an application,[1] Mr. Echavarria-Chapa filed a document entitled "Supplemental Points and Authorities In Support of Respondent's Motion to Reconsider and Reopen, In Light of 8 C.F.R. § 3.2(c)(1)." Said pleading addressed certain circumstances that had changed since Petitioner's initial hearing, and tendered further evidence thereof.

Petitioner argues that the Board's decision to deny his Motion to Reopen on February 27, 2001, was based on an erroneous interpretation of the law. More specifically, Petitioner claims that the Board erred in concluding that Mr. Echavarria-Chapa was no longer eligible for reopening because he no longer maintained his status as a lawful permanent resident.

## JURISDICTION

In *INS v. St. Cyr*,[2] the Supreme Court made two rulings which are directly applicable to this case. First, the Court held that the provisions of the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA") limiting judicial review of a final order of removal did not deprive the federal district court of habeas jurisdiction under 28 U.S.C. § 2241 over a challenge to the Board of Immigration Appeals' ("BIA") conclusion that the petitioner was statutorily ineligible for discretionary relief from removal.[3] Secondly, the Court held that the provisions of AEDPA and IIRIRA, which preclude aliens who are removable because of a conviction for an aggravated felony from applying for discretionary relief, did not apply

---

[1] See 8 C.F.R. § 3.2(c)(1). This regulation was published on June 26, 1996.

[2] INS v. St. Cyr, 533 U.S. 289 (2001).

[3] See id. at 314.

retroactively to those who pled guilty to the underlying offenses prior to the statutes' enactment.[4]

Therefore, the Federal District Court has the authority to hear this case.

## ANALYSIS

The crucial analysis in this case revolves around 8 C.F.R. 3.2(c)(1) and its relevance to this particular Petitioner. The essential language from 3.2(c)(1) reads as follows:

> Subject to the other requirements and restrictions of this section, and notwithstanding the provisions in § 1.1(p) of this chapter, a motion to reopen proceedings for consideration or further consideration of an application for relief under § 212(c) of the Act (8 U.S.C. § 1182(c)) may be granted if the alien demonstrates that he or she was statutorily eligible for such relief prior to the entry of the administratively final order of deportation.[5]

The provisions in § 1.1(p) of chapter eight define the term "lawfully admitted permanent residence, and specify that such status "terminates upon entry of a final administrative order of exclusion or deportation." "Statutorily eligible for relief" necessitates any potential claimant be a legal permanent resident for at least seven years.

Mr. Echavarria-Chapa was statutorily eligible for § 212(c) relief under the new 1996 regulation because he became a legal permanent resident in 1983 and was convicted in Ohio in 1993. The administrative final order of deportation was entered some time after the criminal conviction. Therefore, the Petitioner was a legal permanent resident for over ten years. Additionally, the Immigration Judge and the BIA both found that Mr. Echavarria-Chapa had been a legal permanent resident for enough time to be eligible for § 212(c) relief.

However, the BIA ruled that Mr. Echavarria-Chapa was not eligible to have his case

---

[4] See id. at 315.

[5] 8 C.F.R. 3.2(c)(1).

reopened because he was no longer a legal permanent resident. The decision on the "Motion to Reconsider and Reopen" was reached solely as if it were only a Motion to Reconsider. This determination can be reached by analyzing the Board's language in its decision:

> In the matter before us, the Board's dismissal of the respondent's (Echavarria-Chapa's) appeal rendered it administratively final, and as the respondent is no longer a lawful permanent resident of the United States, he cannot establish a *prima facie* eligibility for a waiver of inadmissibility under Section 212(c) of the Act. As such, the respondent's motion to reopen will necessarily fail for failure to meet the most basic of requirements.[6]

Therefore, the Board explicitly disregards 8 C.F.R. § 3.2(c)(1). INS argues that § 3.2(c)(1) was promulgated after the Petitioner had filed his original Motion to Reconsider and Reopen. However, the Board ruled on the motion in 2001, but in 1996, the Petitioner filed a supplemental brief in light of 8 C.F.R. § 3.2(c)(1). The Board still reached its conclusion based on a reconsideration framing of the motion, explicitly ruling out Echavarria-Chapa's eligibility to have his case reopened. The Board's legal error is important because theoretically, Petitioner could have introduced new evidence including his family status, new economic restraints in his country of origin, etc. These factors could have swayed the Board to use its discretion and grant the Petitioner relief.

## RECOMMENDATION

Due to the fact that the Board misapplied the law in denying the Petitioner's Motion to Reopen, the order of deportation must be vacated and this case should be remanded to the BIA with instructions to grant Petitioner's Motion to Reopen, and then remand the case to the Immigration Judge for further proceedings on his application for relief under § 212(c) of the Act.

---

[6]

This measure should be done pursuant to 8 C.F.R. § 3.2(c)(1).

A party's failure to file written objections to the proposed findings, conclusion, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[7]

DONE at Brownsville, Texas this ____ day of May, 2002.

Felix Recio
United States Magistrate Judge

---

[7] See Douglass v. United States Automobile Association, 79 F.3d 1415, 1417 (5th Cir. 1996).