IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 2 0 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| JORGE LUIS ECHAVARRIA-CHAPA )<br>    Petitioner,              )<br>                              )<br>v.                            )<br>                              )<br>E.M. TROMINSKI, DISTRICT      )<br>DIRECTOR, et al.              )<br>    Respondents              )<br>_____) | CIVIL ACTION NO.<br>B-01-128 |

**RESPONDENTS' OBJECTION TO THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

COME NOW, Respondents, by and through Michael T. Shelby, United States Attorney for the Southern District of Texas, and hereby respectfully files this objection to the Magistrate Judge's Report and Recommendation.

The Magistrate Judge found that the Board of Immigration Appeals ("Board) decision dated February 27, 2001, failed to appropriately consider the Petitioner's motion to reopen in light of a regulation promulgated in 1996. See 8 C.F.R. §3.2(c)(1). Based on this finding, the Magistrate Judge recommended that "[d]ue to the fact that the Board misapplied the law in denying the Petitioner's Motion to Reopen, the order of deportation must be vacated and this case should be remanded to the BIA with instructions to grant the Petitioner's Motion to Reopen, and then

remand the case to the Immigration Judge for further proceedings on his application for relief under §212(c) of the Act."

Respondents object to this recommendation as it dictates the ultimate finding by the Board. The recommendation should be limited to a remand to the Board with instructions to apply 8 C.F.R. §3.2(c)(1) in the Board's consideration of the Petitioner's motion to reopen.

The Court is reviewing a decision of the Board. The regulations set forth the Board's appellate jurisdiction over decisions of immigration judges in deportation or removal proceedings. 8 C.F.R. §3.1(b). The Board acts with the discretion and authority of the Attorney General. 8 C.F.R. §3.1(d)(1). Board decisions bind all immigration judges in the administration of the Act. 8 C.F.R. §3.1(g). Since it is the Board's decision that this Court is reviewing, the Court should return the matter to the Board, as the Attorney General's designee, for a decision. The Magistrate Judge's recommendation goes too far by deciding the merits of the motion to reopen instead of instructing the Board to exercise its authority in accordance with all applicable laws and regulations.

Further, the language of 8 C.F.R. §3.2(c)(1) states that "**[s]ubject to other requirements and restrictions of this section,** and notwithstanding the provisions of §1.1(p) of this chapter, a motion to reopen proceedings for consideration or

2

further consideration of an application for relief under §212(c) of the Act (8 U.S.C. §1182(c)) **may be granted** if the alien demonstrates that he or she was statutorily eligible for such relief prior to the date of entry of the administratively final order of deportation." 8 C.F.R. §3.2(c)(1) (emphasis added). The Board failed to consider this regulation and denied the motion to reopen, stating that the Petitioner was no longer a lawful permanent resident of the United States and, therefore, could not demonstrate *prima facie* eligibility for the relief sought.

The District Court should not deny the Board the opportunity to consider all the facts and circumstances of this case, in light of applicable laws and regulations, and decide for itself if the motion should be granted or denied.1  If the District Court remands this case to the Board with specific instructions to grant the motion to reopen and remand the matter to the immigration judge for further proceedings, the Board would be denied the opportunity to consider if any of the other regulatory restrictions and requirements apply before granting or denying the motion to reopen.  These "other requirements and restrictions of this section" were not considered by the Magistrate Judge in

---

1 Ultimately, the Board may decide that there is no need to remand the case to the immigration judge and grant relief as part of the motion to reconsider.

3

his review of the case, nor were they addressed in any of the pleadings in this case.

Therefore, the District Court should remand this matter to the Board for consideration of the Petitioner's motion to reconsider and reopen in light of 8 C.F.R. §3.2(c)(1).

Date: May 20, 2002

Respectfully submitted,

MICHAEL T. SHELBY
United States Attorney
Southern District of Texas

LISA M. PUTNAM
Special Assistant U.S. Attorney
Attorney in Charge
Georgia Bar No. 590315
Federal Bar No. 23937
P.O. Box 1711
Harlingen, Texas 78551
Tel:   (956) 389-7051
Fax:   (956) 389-7057

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served on counsel by depositing a copy of it in the United States mail, first class postage prepaid, to:

> Lisa S. Brodyaga, Esquire
> Refugio Del Rio Grande
> 17891 Landrum Park Rd.
> San Benito, TX  78586

on this the ___20th___ day of ___May___, 2002.

*[signature]*
Lisa M. Putnam
Special Assistant U.S. Attorney